SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
  A Limited Liability Partnership
  Including Professional Corporations
POLLY TOWILL, Cal. Bar No. 120420
ptowill@sheppardmullin.com
ANDRE J. CRONTHALL, Cal. Bar No. 117088
acronthall@sheppardmullin.com
333 South Hope Street, 43rd Floor
Los Angeles, California 90071-1422
Telephone:  213.620.1780
Facsimile:   213.620.1398

Attorneys for Defendant
BofI Holdings, Inc,

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHARLES MATTHEW ERHART, an individual,<br><br>  Plaintiff,<br><br>  v.<br><br>BOFI HOLDING INC., an entity d/b/a BOFI FEDERAL BANK and BANK OF THE INTERNET,<br><br>  Defendants. | Case No. 15-cv-2287-BAS-NLS<br><br>**NOTICE OF WITHDRAWAL OF ONE OF SEVERAL ARGUMENTS IN SUPPORT OF DEFENDANT BOFI HOLDING, INC.'S MOTION TO DISMISS AND MOTION TO STRIKE**<br><br>Date:   January 19, 2016<br>Dept.:  Courtroom 4B<br><br>The Hon. Cynthia Bashant<br>(Schwartz Courthouse) |

**TO THE HONORABLE CYNTHIA BASHANT, UNITED STATES DISTRICT COURT JUDGE, AND ALL INTERESTED PARTIES:**

In BofI Federal Bank's ("BofI") Motion to Dismiss Plaintiff's First, Second, Fourth, Seventh, Eighth, and Ninth Causes of Action ("Motion to Dismiss"), BofI set forth several arguments demonstrating why Plaintiff's first and second causes of action should be dismissed. One of BofI's arguments included a non-dispositive assertion that whistleblower protection under Dodd-Frank is afforded to only those individuals who first report securities violations directly to the SEC. (ECF No. 3, pp. 11:19-12:8.) In making this argument, BofI noted that there is a split of authority among the district courts in the Ninth Circuit concerning this issue, with certain district courts agreeing that individuals must report alleged securities violations directly to the SEC, while other district courts have declined to so hold. (*Id.*) The more well-reasoned decisions on this point, however, have ruled in favor of BofI's position. Only two other circuits have decided this issue to date, each coming to a different conclusion. The Fifth Circuit has agreed with the argument asserted by BofI in its Motion to Dismiss. *Asadi v. G.E. Energy (USA), L.L.C.*, 720 F.3d 620 (5th Cir. 2013). In contrast, the Second Circuit has ruled that whistleblower protection may be afforded even to those who did not report their alleged violations to the SEC. *Berman v. Neo@Ogilvy LLC*, 801 F.3d 145 (2d Cir. 2015).

BofI recently learned that this issue will be reviewed by the Ninth Circuit in the coming year in the matter entitled *Somers v. Digital Realty Trust, Inc.*, Ninth Circuit Court of Appeals Case No. 15-17352. While BofI mentioned this issue in support of its Motion to Dismiss, the grounds upon which BofI argues for dismissal of the first and second causes of action do not, in fact, require resolution of this particular issue. BofI desires that the decisive and expeditious resolution of this case not be delayed because the law with respect to this issue remains unsettled within the Ninth Circuit and across other circuits as well. As set forth in BofI's

Motion to Dismiss, there are multiple grounds upon which the Court must dismiss Plaintiff's first and second causes of action.  The Court need not address this particular issue in ruling on BofI's motion.

For these reasons, BofI hereby withdraws the limited argument in its Motion to Dismiss that Plaintiff's complaint asserting that Dodd-Frank requires that alleged securities violations be reported directly to the SEC.  BofI does not intend to assert this argument further while the law surrounding it remains unresolved.  Because it is not necessary to reaching a decision granting BofI's Motion to Dismiss, Plaintiff need not respond to this issue in his Opposition, if any, and BofI requests that the Court not rule on this issue.

Dated: January 4, 2016         SHEPPARD, MULLIN, RICHTER & HAMPTON LLP

By     *s/Polly Towill*
                POLLY TOWILL

Attorneys for Plaintiff
BofI FEDERAL BANK
Email:  ptowill@sheppardmullin.com

*Charles Matthew Erhart v. BofI Federal Bank*
U.S.D.C., Southern District of California, Case No. 15-cv-2287-BAS-NLS

PROOF OF SERVICE

STATE OF CALIFORNIA, COUNTY OF SAN DIEGO

At the time of service, I was over 18 years of age and **not a party to this action**.  I am employed in the County of Los Angeles; My business address is 501 West Broadway, 19th Floor, San Diego, California 92101.

On January 4, 2016, I served true copies of the following document(s) described as

**NOTICE OF WITHDRAWAL OF ONE OF SEVERAL ARGUMENTS IN SUPPORT OF DEFENDANT BOFI HOLDING, INC.'S MOTION TO DISMISS AND MOTION TO STRIKE**

on the interested parties in this action as follows:

| | |
|---|---|
| Carol Gillam, Esq.<br>The Gillam Law Firm<br>10866 Wilshire Blvd., Suite 400<br>Los Angeles, CA  90024-4338<br>Tel (310) 203-9977 or (424) 901-8372<br>Fax (310) 203-9922<br>Email: carol@gillamlaw.com | Attorneys for Plaintiff<br>Charles Matthew Erhart |

**BY CM/ECF NOTICE OF ELECTRONIC FILING:**  I electronically filed the document(s) with the Clerk of the Court by using the CM/ECF system.  Participants in the case who are registered CM/ECF users will be served by the CM/ECF system.  Participants in the case who are not registered CM/ECF users will be served by mail or by other means permitted by the court rules.

Executed on January 4, 2016, at San Diego, California.

*s/Polly Towill*
Polly Towill
ptowill@sheppardmullin.com