THE GILLAM LAW FIRM
*A Professional Law Corporation*
Carol L. Gillam, SBN 102354
10866 Wilshire Blvd Suite 400
Los Angeles, California 90025-4338
Telephone:   424.901.8372
Facsimile:    310.203.9922

Attorneys for Plaintiff
CHARLES MATTHEW ERHART

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHARLES MATTHEW ERHART, an individual,<br><br>Plaintiff,<br><br>v.<br><br>BofI FEDERAL BANK, a federal savings bank, and DOES 1-25, inclusive,<br><br>Defendants. | Case No. 15CV2287-BAS-NLS<br><br>MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFF CHARLES MATTHEW ERHART'S OPPOSITION TO DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S FIRST, SECOND, FOURTH, SEVENTH, EIGHTH AND NINTH CAUSES OF ACTION UNDER FED. R. CIV. P. 12(B)(6) AND MOTION TO STRIKE UNDER FED. R. CIV. P 12(F)<br><br>Date: January 19, 2016<br>NO ORAL ARGUMENT UNLESS REQUESTED BY THE COURT<br>Courtroom 4B<br>The Hon. Cynthia Bashant |

# TABLE OF CONTENTS

TABLE OF AUTHORITIES ........................................................iii

I.   INTRODUCTION AND SUMMARY OF ARGUMENT ........................ 1

II.   ARGUMENT ........................................................ 1

A.  *Plaintiff Alleges Sufficient facts Showing He is a Whistleblower under SOX and Dodd-Frank* ........................................................ 1

1. The SOX Elements of a Whistleblower Claim. ................................. 1

2. Plaintiff Meets the Elements of a Dodd-Frank

Whistleblower Claim ........................................................ 3

3. Plaintiff's Allegations Meet SOX and Dodd-Frank

Requirements……………………………………………………….4

B.  *The Confidentiality of Medical Information Act Claim Is Pled Adequately.* …………………………………………………………….5

C.  *Plaintiff Properly Pleads a Claim for Breach of Implied Covenant*…………………………………………………………7

D.  *Plaintiff Pleads a Claim for Intentional Infliction of Emotional Distress.* ……………………………………………………………8

E.  *The Defamation Claim is Sufficiently Detailed to Survive a Motion*....10

F.  *The Motion To Strike Should Be Denied in its Entirety*………………11

1. The Allegations Are Properly Part of this Complaint……………11

2. Plaintiff Properly Exhausted His Administrative Remedies……….12

3. Plaintiff Included Appropriate Allegations.………………….........13

III.   CONCLUSION ........................................................ 13

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFF CHARLES
MATTHEW ERHART'S OPPOSITION TO DEFENDANT'S MOTION TO DISMISS COMPLAINT

# TABLE OF AUTHORITIES

**Cases**

*Accardi v. Superior Court*, 17 Cal.App.4th 341 (1993) ................................9

*Ahmad v. Morgan Stanley & Co.,* 2 F.Supp.3d 491 (S.D.N.Y 2014) .......................4

*Asadi v. G.E. Energy (ISA), L.L.C.*, 720 F.3d 620 (5th Cir. 2013)...........................3, 4

*Azim v. Tortoise Capital Advisors, LLC*, No. 13–2267–KHV, 2014 WL 707235 (D.Kan. Feb. 24, 2014) ................................4

*Banko v. Apple Inc.*, 20 F.Supp.3d 749 (N.D.Cal. 2013) .............................4

*Benach v. County of Los Angeles*, 149 Cal.App.4th 836, 855 n. 12 (2007)...............7

*Berman v. Neo@Ogilvy LLC*, 801 F.3d 145 (2d Cir. 2015)...................................3, 4

*Bohnert v. Roman Catholic Archdiocese of San Francisco*, 67 F.Supp.3d 1091 (N.D. Cal. 2014)................................9

*Carma Developers (Cal.), Inc. v. Marathon Development Cal., Inc.*, 2 Cal.4th 342 (1992) ................................7

*Charles J. Vacanti, M.D., Inc. v. State Comp. Ins. Fund*, 24 Cal.4th 800 (2011).....10

*Chevron, U.S.A., Inc. v. Natural Res. Def. Council,* 467 U.S. 837, 104 S.Ct. 2778 1984) ................................2

*City of Moorpark v. Sup.Ct.,* 18 Cal.4th 1143(1998) ................................8

*Cole v. Fair Oaks Fire Prot. Dist.,* 43 Cal.3d 148 ................................9

*Davies v. Broadcom Corp.*, 2015 WL 5545513 *4 (C.D. Cal. Sept. 8, 2015)............4

*Egan v. TradingScreen, Inc.,* No. 10 Civ. 8202, 2011 WL 1672066 (S.D.N.Y. May 4, 2011) ................................4

*Ellington v. Giacoumakis,* 977 F.Supp.2d 42 (D.Mass.2013)................................4

*Evans v. Hard Rock Cafe Intern. (USA), Inc.*, 2007 WL 2782775 *3 (E.D. Cal. 2007) ................................9

*Fretland v. County of Humboldt*, 69 Cal.App.4th 1478 (1999) ................................9

*Genberg v. Porter,* 935 F.Supp.2d 1094 (D.Colo.2013) ................................4

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFF CHARLES
MATTHEW ERHART'S OPPOSITION TO DEFENDANT'S MOTION TO DISMISS COMPLAINT

1  *Johns-Manville Products Corp. v. Superior Court*, 27 Cal.3d 465, 473 (1980) ....... 10

2  *Khazin v. TD Ameritrade Holding Corp.* No. 13–4149 (SDWQ)(MCA), 2014 WL

3    940703 (D.N.J. Mar. 11, 2014) ................................................................ 4

4  *Kramer v. Trans–Lux Corp.,* No. 3:11CV1424 SRU, 2012 WL 4444820 (D.Conn.

5    Sept. 25, 2012) .................................................................................... 4

6  *Kransco v. American Empire Surplus Lines Ins. Co.*, 23 Cal.4th 390 (2000) ........... 7

7  *Livitsanos v. Superior Court*, 2 Cal.4th 744 (1992) ...................................... 9

8  *Marsu, B.V. v. Walt Disney Co.*, 185 F.3d 932 (9th Cir.1999) ................................. 7

9  *Maynard v. City of San Jose*, 37 F.3d 1396 (9th Cir. 1994) .................................... 8

10 *McEuen v. Riverview Bancorp.*, 2013 WL 6729632 (W.D. Wash. 2013) ................. 3

11 *Merced Irr. Dist. v. County of Mariposa*, 941 F.Supp.2d 1237 (E.D. Cal. 2013) ...... 7

12 *Miklosy v. Regents of the University of* California, 44 Cal.4th 876 (2008) .................. 9

13 *Murray v. UBS Securities, LLC*, No. 12–5914, 2013 WL 2190084 (S.D.N.Y. May

14   21, 2013) ............................................................................................ 4

15 *Nazif v. Computer Sciences Corp.*, 2015 WL 3776892 (N.D. Cal. June 17, 2015) .... 4

16 *Nielsen v. AECOM Technology Corp.*, 762 F.3d 214 (2d Cir. 2014) ........................ 2

17 *Nollner v. Southern Baptist Convention, Inc.,* 852 F.Supp.2d 986 (M.D.Tenn.2012) 4

18 *Platone v. FLYi, Inc.,* 25 IER Cases 278 (Sept. 29, 2006) ........................................ 2

19 *Reinhardt v. Gemini Motor Transport*, 879 F.Supp. 2d 1138 (E.D. Cal. 2012) ......... 7

20 *Rhinheimer v. U.S. Bancorp. Investments, Inc.*, 787 F.3d 797 (6th Cir. 2015)............ 3

21 *Rosenblum v. Thomson Reuters (Mkts.) LLC,* 984 F.Supp.2d 141 (S.D.N.Y.2013)... 4

22 *Rosenfeld v. JPMorgan Chase Bank, N.A.*, 732 F.Supp.2d 952 (N.D.Cal.2010) ....... 8

23 *Shoemaker v. Myers*, 52 Cal.3d 1 (1990) ...................................................... 9

24 *Skidmore v. Swift & Co.*, *323 U.S. 134, 65 S.Ct. 161 (1984)* ...................................... 2

25 *Somers v. Digital Realty Trust*, 2015 WL 2354807 (N.D. Cal. May 15, 2015).......... 4

26 *Tameny v. Atlantic Richfield Co.*, 27 Cal.3d 167 (1980).......................................... 9

27

28

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFF CHARLES
MATTHEW ERHART'S OPPOSITION TO DEFENDANT'S MOTION TO DISMISS COMPLAINT

*United States v. Mead Corp.,* 533 U.S. 218, 121 S.Ct. 2164,

　150 L.Ed.2d 292 (2001)..................................................................................2

*Van Asdale v. Int'l Game Tech.*, 577 F.3d 989, 996 (9th Cir. 2009)............................2

*Vierria v. California Highway Patrol*, 644 F.Supp.2d 1219 (E.D. CA. 2009) ...........8

*Wadler v. Bio-Rad Laboratories, Inc.,* 2015 WL 6438670 *4 (N.D. Cal. Oct. 23,

　2015) ..................................................................................................................4

*Wiest v. Lynch*, 710 F.3d 121 (3d Cir. 2012)............................................................2

*Yang v. Navigators Group, Inc.*, 18 F.Supp.3d 519 (S.D.N.Y. 2014)........................4

**Statutes**

Cal. Civil Code §§ 56.20-56.36 ...............................................................................6

California Labor Code § 1102.5 .................................................................1, 11, 12

Dodd-Frank Act (15 U.S.C. § 78u-6) .......................................................................1

Energy Reorganization Act.......................................................................................2

Sarbanes-Oxley Act (18 U.S.C. § 1514A)................................................................1

**Other Authorities**

Judicial Council of California, Civil Jury Instructions ("CACI") § 325....................8

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFF CHARLES
MATTHEW ERHART'S OPPOSITION TO DEFENDANT'S MOTION TO DISMISS COMPLAINT

## I.     INTRODUCTION AND SUMMARY OF ARGUMENT

Plaintiff Charles Matthew Erhart is a whistleblower under the Sarbanes-Oxley Act (18 U.S.C. § 1514A) ("SOX") and the Dodd-Frank Act (15 U.S.C. § 78u-6 ) ("Dodd-Frank") as well as under California Labor Code § 1102.5. He lost his job working for Defendants because of his important whistleblowing activities.

In bringing its motion to dismiss, Defendant BofI Federal Bank inexplicably ignores important authority on not one but *two* critical issues.[1] It is inconceivable that Defendant is not aware of these authorities. See Section II(A) *infra*.

Mr. Erhart made timely and detailed disclosures to federal regulators, including the Office of the Controller of the Currency, the Securities and Exchange Commission and the Department of Labor, all based on his reasonable belief that the conduct he reported was a violation of law. Defendant simultaneously attempts to argue his disclosures were insufficient, while asserting that many of them should be stricken from the complaint. Plaintiff's complaint is extremely detailed, comprising 163 paragraphs and 37 pages. But if the Court finds Mr. Erhart's allegations insufficient, leave should be granted to amend the complaint to correct any deficiencies the Court perceives.

## II. ARGUMENT

### A. *Plaintiff Alleges Sufficient Facts Showing He is a Whistleblower under SOX and Dodd-Frank.*

#### 1. The SOX Elements of a Whistleblower Claim.

Defendant claims that Plaintiff fails to meet one of the elements of his SOX claim, namely, that he engaged in a protected activity or conduct. (Def.Mem. 10). They correctly assert that the SOX complaint may be made one of several ways: to (1) a federal regulator or law enforcement agency, (2) Congress, or (3) a supervisor or other individual who has authority to investigate the misconduct. *Id.*

---

[1] This appears to be a violation of Rule 11(b), Federal Rules of Civil Procedure.

Where Defendant errs, and omits key authority, is in its repeated assertions that the whistleblower's communications must "definitively and specifically" relate to one of six listed categories of fraud or securities violations. (Def.Mem. 11). Defendant cites *Van Asdale v. Int'l Game Tech.*, 577 F.3d 989, 996 (9th Cir. 2009) for this proposition. But as Defendant is surely aware, the *Van Asdale* language came from a now-disavowed position of the U.S. Department of Labor's Administrative Review Board ("ARB"). In fact, the ARB disavowed this language back in 2011, finding that it "has evolved into an inappropriate test and is often applied too strictly." *Sylvester v. Parexel Int'l LLC,* ARB 07–123, 2011 WL 2165854, at *11 (Dep't of Labor May 25, 2011) (en banc)[2].*Id.* at 15. "[T]he critical focus is on whether the employee reported conduct that he or she *reasonably believes* constituted a violation of federal law." *Id.* The ARB found it was improper to import language used in cases under the Energy Reorganization Act ("ERA"), since the SOX whistleblower language has no similar provision to that in the ERA. *Id.* Instead, the "reasonable belief" standard is the one clearly intended for SOX, given its legislative history. *Id.*

Since *Sylvester*, most courts recognize that they should give deference to the ARB's current position. The Third Circuit led the way in *Wiest v. Lynch*, 710 F.3d 121, 131 (3d Cir. 2012), finding that *Chevron* deference should be given to the ARB's rejection of its former standard. *Id.* at 131.[3] Other leading courts have followed. *See, e.g., Nielsen v. AECOM Technology Corp.*, 762 F.3d 214, 221 (2d Cir. 2014); *Rhinheimer v. U.S. Bancorp. Investments, Inc.*, 787 F.3d 797, 806-808

---

[2] The ARB repudiated its prior decision, *Platone v. FLYi, Inc.,* 25 IER Cases 278 (Sept. 29, 2006).

[3] *Chevron, U.S.A., Inc. v. Natural Res. Def. Council,* 467 U.S. 837, 842–43, 104 S.Ct. 2778 1984) (the leading case instructing courts to defer to agency interpretations). Regarding deference to administrative interpretations, see also *Skidmore v. Swift & Co.,* 323 U.S. 134, 65 S.Ct. 161 (1984) and *United States v. Mead Corp.,* 533 U.S. 218, 221, 121 S.Ct. 2164, 150 L.Ed.2d 292 (2001).

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFF CHARLES
MATTHEW ERHART'S OPPOSITION TO DEFENDANT'S MOTION TO DISMISS COMPLAINT

(6th Cir. 2015) (noting it had not found a single case nationwide rejecting this position). *See also McEuen v. Riverview Bancorp.*, 2013 WL 6729632 (W.D. Wash. 2013) (citing *Wiest* but ruling for plaintiff without a determination of whether the Ninth Circuit would follow the *Sylvester* rule). Even though the Ninth Circuit has not yet had the opportunity to decide the issue, Defendant should have alerted the Court to the substantial authority repudiating *Van Asdale* and following *Sylvester*.

Yet Plaintiff meets even the *Van Asdale* standard. See Section A(3) below.

### 2. **Plaintiff Meets the Elements of a Dodd-Frank Whistleblower Claim.**

Once again, Defendant fails to alert the Court to the substantial authority rejecting the case upon which it relies, *Asadi v. G.E. Energy (ISA), L.L.C.,* 720 F.3d 620 (5th Cir. 2013). *Asadi* held that an employee must provide the required information regarding a securities violation or other SOX-specified fraud directly to the SEC. *Id*. at 625.

Not so, says the Second Circuit and a majority of the courts that have ruled on the issue. Defendant fails to cite the now-leading case of *Berman v. Neo@Ogilvy LLC*, 801 F.3d 145 (2d Cir. 2015). *Berman* recognized that the SEC itself rejects *Asadi*, and held that its regulation extending Dodd–Frank Act's anti-retaliation protection to employees who reported violations to persons or governmental authorities other than the SEC was entitled to *Chevron* deference. *Id.* at 154-55. The Second Circuit in *Berman* extensively analyzed the legislative history, something the *Asadi* court declined to do. It concluded that, while it could construe the statute broadly in accord with its purpose, it need not do so, simply deferring to the SEC under *Chevron* instead. *Id.*

In making its ruling in September 2015, the Second Circuit noted with approval a dozen lower court cases, leading off with Judge Edward Chen's

masterful analysis in *Somers v. Digital Realty Trust*, 2015 WL 2354807, at *4–12 (N.D. Cal. May 15, 2015).[4]

The weight of reasoned authority now holds that a whistleblower need not report directly to the SEC to pursue anti-retaliation clams under Dodd-Frank. No court in the Ninth Circuit has followed *Asadi* since *Berman*. *See, e.g., Wadler v. Bio-Rad Laboratories, Inc.,* 2015 WL 6438670 *4 (N.D. Cal. Oct. 23, 2015). And other courts followed *Somers* even before *Berman* came out. *See, e.g., Nazif v. Computer Sciences Corp.*, 2015 WL 3776892 (N.D. Cal. June 17, 2015). *Davies*, cited by Defendant, disagreed with *Somers* but predated *Berman.* 2015 WL 5545513 *4 (C.D. Cal. Sept. 8, 2015).[5] *Banko v. Apple Inc.*, the other case cited by Defendant, came out in 2013. 20 F.Supp.3d 749, 755-57 (N.D.Cal. 2013).

### 3. <u>Plaintiff's Allegations Meet SOX and Dodd-Frank Requirements.</u>

Defendant argues that none of Plaintiff's detailed allegations constitutes the

---

[4] *Somers* is the only contrary authority Defendant bothered to acknowledge, doing so only parenthetically. (Def.Mem. 11, line 24). The other cases *Berman* cites are: *Yang v. Navigators Group, Inc.*, 18 F.Supp.3d 519, 533–34 (S.D.N.Y. 2014); *Khazin v. TD Ameritrade Holding Corp.* No. 13–4149 (SDWQ)(MCA), 2014 WL 940703, at *3–6 (D.N.J. Mar. 11, 2014); *Azim v. Tortoise Capital Advisors, LLC*, No. 13–2267–KHV, 2014 WL 707235, at *2–3 (D.Kan. Feb. 24, 2014); *Ahmad v. Morgan Stanley & Co.,* 2 F.Supp.3d 491, 495–97 n. 5 (S.D.N.Y 2014); *Rosenblum v. Thomson Reuters (Mkts.) LLC,* 984 F.Supp.2d 141, 146–49 (S.D.N.Y.2013); *Murray v. UBS Securities, LLC*, No. 12–5914, 2013 WL 2190084, at *4 (S.D.N.Y. May 21, 2013); *Ellington v. Giacoumakis,* 977 F.Supp.2d 42, 44–46 (D.Mass.2013); *Genberg v. Porter,* 935 F.Supp.2d 1094, 1106–07 (D.Colo.2013); *Nollner v. Southern Baptist Convention, Inc.,* 852 F.Supp.2d 986, 995 (M.D.Tenn.2012); *Kramer v. Trans–Lux Corp.,* No. 3:11CV1424 SRU, 2012 WL 4444820, at *4 (D.Conn. Sept. 25, 2012); *Egan v. TradingScreen, Inc.,* No. 10 Civ. 8202, 2011 WL 1672066, at *4–7 (S.D.N.Y. May 4, 2011).

[5] Apparently the market found these to be material, as Bofi's stock price dropped $1 billion, over 30%, the day the complaint was filed (as Defendant itself alleges in its countersuit).

requisite fraud or a violation of an SEC rule or regulation, or fraud against shareholders. (Def.Mem. 12). If altering company financials does not suffice, then what possibly could? Among other things, Plaintiff charges, among many things, that the Chief Legal Officer instructed him to mark an entire audit report "Attorney Client Privileged" to prevent regulators from seeing it (Comp., ¶ 16); that the Chief Credit Officer stated that he could not vouch for the accuracy of the Bank's numbers after they were turned over to the CFO (Comp., ¶ 17); that Plaintiff was repeatedly instructed not to put certain audit findings and concerns in writing (Comp., ¶ 25); that the Bank failed to disclose it had records responsive to SEC subpoenas (Comp., ¶ 27); that Plaintiff was instructed not to interview employees in the course of performing his audit duties (Comp., ¶ 28); that the Bank misled the OCC regulators by claiming it had no accounts that lacked Tan Identification Numbers, when in fact it had 150-200 such accounts (Comp., ¶ 32); that the Bank misled the OCC regulators about the existence of numerous subpoenas from federal and state banking agencies and law enforcement (Comp., ¶ 33); that the Bank failed to disclose loans to criminals and politically exposed persons, in violation of Bank Secrecy Act ("BSA") rules (Comp., ¶ 34); that a senior vice president repeatedly changed findings on BSA-mandated reports (Comp., ¶ 35); that the Bank's failure to include unfunded commitments may have materially impacted its reported earnings (Comp., ¶ 36); and that the Bank sanitized BSA-mandated records of high risk customers (Comp., ¶ 41).

These allegations meet even the strictest standard for pleading SOX and Dodd-Frank claims. Judging the actual severity of these violations is for another day.

### B. The Confidentiality of Medical Information Act Claim Is Pled Adequately.

Mr. Erhart's Fourth Cause of Action alleges that disclosing his private medical information was improper and actionable. (Comp., ¶¶ 73, 106-111). California has strong privacy laws, including Article 1 of the California

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFF CHARLES MATTHEW ERHART'S OPPOSITION TO DEFENDANT'S MOTION TO DISMISS COMPLAINT

Constitution. The Confidentiality of Medical Information Act ("CMIA") provides specific remedies if an employer violates the privacy of an employee's medical information. Cal. Civil Code §§ 56.20-56.36. Although there is no reported case law under the CMIA, its provisions are straightforward.

Subpart C of § 56.20 provides:

> No employer shall use or disclose medical information which the employer possesses pertaining to its employees without the patient having first signed an authorization under Section 56.11 or Section 56.21 permitting such use or disclosure.

For a breach of the above, Section § 56.35 provides in pertinent part:

> In addition to any other remedies available at law, a patient whose medical information has been used or disclosed in violation of . . . 56.20 . . . . and who has sustained economic loss or personal injury therefrom may recover compensatory damages, punitive damages not to exceed three thousand dollars ($3,000), attorneys' fees not to exceed one thousand dollars ($1,000), and the costs of litigation.

Defendant twists the language of portions of the statute to argue that somehow, having a senior vice president disclose Plaintiff's private medical information to multiple employees is not actionable, whereas if he had simply handed out a copy of the leave paperwork, there would be a claim. (Def.Mem. 14).

The allegations incorporated by reference into this cause of action include that Plaintiff was unwell and called off sick (Comp., ¶ 53), that he reminded the Bank he was sick and would see his physician about a medical leave of absence (Comp., ¶ 63), that he submitted paperwork to Defendant for a medical leave of absence (Comp., ¶ 72), and that SVP John Tolla told employees at an all-hands meeting that Plaintiff's whistleblowing allegations were not credible because of his "psychiatric medical leave" (Comp., ¶ 73). The paperwork supporting his medical leave is certainly covered by the statute's definition of "medical information."

These allegations are more than sufficient to make out a claim for violation of the CMIA.

### C. Plaintiff Properly Pleads a Claim for Breach of Implied Covenant.

Plaintiff alleges terms of a contract between the parties regarding the manner and means of his doing his work for Defendant as an internal auditor, as well as the extraordinary lengths to which Defendant went to thwart, threaten and frighten Plaintiff from doing the important work required by regulators (Complaint, ¶¶ 3, 14-16, 24, 28, 30, 42-43, 47-48, 52, 54, 56, 58-60, 61-63, 66, 69, 70, 71-74, 131). These detailed allegations suffice to meet the elements of a claim for breach of the implied covenant of good faith and fair dealing.

In California, there is "an implied covenant of good faith and fair dealing in every contract that neither party will do anything which will injure the right of the other to receive the benefits of the agreement." *Kransco v. American Empire Surplus Lines Ins. Co.,* 23 Cal.4th 390, 400 (2000); *Reinhardt v. Gemini Motor Transport*, 879 F.Supp. 2d 1138, 1144 (E.D. Cal. 2012). The covenant is implied "to prevent a contracting party from engaging in conduct which (while not technically transgressing the express covenant) frustrates the other party's rights to the benefits of the contract." *Marsu, B.V. v. Walt Disney Co.,* 185 F.3d 932, 937 (9th Cir.1999); *Benach v. County of Los Angeles,* 149 Cal.App.4th 836, 855 n. 12 (2007).

Thus, a "breach of a specific provision of the contract is not a necessary prerequisite" to a claim for breach of the implied covenant. *Marsu,* 185 F.3d at 937; *Carma Developers (Cal.), Inc. v. Marathon Development Cal., Inc.,* 2 Cal.4th 342, 373, (1992); *Reinhardt, supra,* 879 F.Supp.2d at 1145. "A party violates the covenant if it subjectively lacks belief in the validity of its act or if its conduct is objectively unreasonable, regardless of the party's motive." *Id.; Merced Irr. Dist. v. County of Mariposa*, 941 F.Supp.2d 1237, 1280 (E.D. Cal. 2013).

The elements necessary to establish a breach of the covenant of good faith and fair dealing are: "(1) the parties entered into a contract; (2) the plaintiff fulfilled his obligations under the contract; (3) any conditions precedent to the defendant's performance occurred; (4) the defendant unfairly interfered with the plaintiff's rights to receive the benefits of the contract; and (5) the plaintiff was harmed by the defendant's conduct." *Rosenfeld v. JPMorgan Chase Bank, N.A.,* 732 F.Supp.2d 952, 968 (N.D.Cal.2010); Judicial Council of California, Civil Jury Instructions ("CACI") § 325.

As in *Reinhardt*, the allegations taken together prevent dismissal of the claim, as Defendant's alleged conduct effectively prevented and interfered with Plaintiff's ability to perform his work in the manner required by federal regulators, and thus to receive the benefits of his position.

### D. Plaintiff Pleads a Claim for Intentional Infliction of Emotional Distress.

Federal and state courts have long recognized that there are exceptions to the exclusive remedy of the California Workers' Compensation Act ("WCA"). This includes, in appropriate cases, claims for intentional infliction of emotional distress. The basic principle is that conduct outside the normal workers' compensation bargain is not preempted, including discrimination. *City of Moorpark v. Sup.Ct.,* 18 Cal.4th 1143, 1154-55 (1998).

For example, in *Maynard v. City of San Jose*, 37 F.3d 1396 (9th Cir. 1994), the Ninth Circuit held that claims for both intentional and negligent infliction of emotional distress are not preempted where they arise out of conduct that implicates fundamental public policies. *Id.* at 1405-06. This is manifestly such a case.

Similarly, in *Vierria v. California Highway Patrol*, 644 F.Supp.2d 1219 (E.D. CA. 2009), the court held that neither abuse of process nor intentional infliction of emotional distress ("IIED") claims were preempted by the WCA. It relied on the California Supreme Court's decisions in *Miklosy v. Regents of the University of*

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFF CHARLES MATTHEW ERHART'S OPPOSITION TO DEFENDANT'S MOTION TO DISMISS COMPLAINT

California, 44 Cal.4th 876, 902 (2008) and *Tameny v. Atlantic Richfield Co.*, 27 Cal.3d 167, 178 (1980), finding that the alleged conduct contravened fundamental public policy (this included a demand that the employee commit a criminal act to further the employer's interests, or discharging an employee who refused to follow such an order). 644 F.Supp.2d at 1248-49. *See also Bohnert v. Roman Catholic Archdiocese of San Francisco*, 67 F.Supp.3d 1091, 1099-2000 (N.D. Cal. 2014) (IIED claim not preempted because of alleged inadequate investigation including failure to investigate past claims of wrongdoing), relying on *Accardi v. Superior Court*, 17 Cal.App.4th 341, 352–53 (1993) ("claim for emotional distress arising out of sexual harassment is not barred by the exclusivity provisions of workers' compensation laws"); *Evans v. Hard Rock Cafe Intern. (USA), Inc.*, 2007 WL 2782775 *3 (E.D. Cal. 2007) (where plaintiff's emotional distress claim results from a defendant's misconduct [inappropriate remarks, unwanted advances] which exceeds the normal risks of the employment relationship, claim not preempted by the WCA); and *Fretland v. County of Humboldt*, 69 Cal.App.4th 1478, 1492 (1999) (in disability discrimination and IIED case, claims not preempted).

Defendants rely on *Miklosy*, *supra*, and *Cole v. Fair Oaks Fire Prot. Dist.,* 43 Cal.3d 148 (Def.Mem. 16). In *Fretland*, *supra*, the court noted that *Cole* does not prohibit all emotional distress causes of action against an employer, but only those based on conduct that is a normal risk of the employment relationship. 69 Cal.App.4th at 1492. *Accord*, *Livitsanos v. Superior Court*, 2 Cal.4th 744 (1992), where the Supreme Court expressly found that a plaintiff's emotional distress claims against his employer would not be preempted if the "defendants' misconduct exceeded the normal risks of the employment relationship." *Id.* at 756. Another case Defendant cites likewise supports Plaintiff's position. In *Shoemaker v. Myers*, 52 Cal.3d 1, 20 (1990), the Supreme Court affirmed that conduct, whether a discharge or otherwise, is not seen as reasonably coming within the compensation bargain, there is no preemption and a civil action will lie.

Likewise, Defendant's reliance on *Charles J. Vacanti, M.D., Inc. v. State Comp. Ins. Fund*, 24 Cal.4th 800 (2011) is misplaced. (Def.Mem. 16) Once again the California Supreme Court affirmed the longstanding principle that "[I]n some exceptional circumstances the employer is not free from liability at law for his intentional acts even if the resulting injuries to his employees are compensable under workers' compensation, if some of the alleged acts and motives do not fall within the exclusive remedy, quoting *Johns-Manville Products Corp. v. Superior Court*, 27 Cal.3d 465, 473 (1980).

Nothing about the actions complained of in this case can be described as merely "personnel practices." Suggesting that Plaintiff is feeding information to short sellers, is not credible because of a psychiatric illness, and the Bank's threatening to have Plaintiff arrested. The Bank's CEO saying "terrible" things about him and threatening to "bury him" in all-hands meetings go far beyond the bounds of decency. This claim is not merely a complaint for wrongful termination. It is for attempting to destroy a young man who is a righteous whistleblower.

### E. The Defamation Claim is Sufficiently Detailed to Survive a Motion.

Plaintiff has alleged specific defamatory statements, listing the speakers and the dates of the defamatory statements, including the following:

SVP John Tolla and CEO Greg Garrabrants spoke negatively about Plaintiff at an all-hands meetings, described by someone present as, "It was terrible." (Complaint, ¶ 60);

SVP Tolla falsely telling employees Plaintiff was responsible for a negative article about Defendant published on the Seeking Alpha website (Complaint, ¶ 72);

SVP calling Plaintiff "Seeking Alpha" to his face (*Id.*)

Case No. 15CV2287-BAS-NLS

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFF CHARLES MATTHEW ERHART'S OPPOSITION TO DEFENDANT'S MOTION TO DISMISS COMPLAINT

1  SVP Tolla stating at an all-hands meeting that anything Plaintiff told
2  regulators would not be credible because of his "psychiatric medical leave"
3  (Complaint, ¶ 73); and

4  SVP Tolla and CEO Greg Garrabrants stating at an all-hands meeting that
5  Plaintiff's whistleblowing activities were "malicious." (Complaint, ¶ 74)

6

7

8  While Plaintiff believes more defamatory statements will come to light, and
9  alleges that he does not know the full scope of such defamatory statements, these
10  more than suffice to make out a claim for defamation at this stage of the
11  proceedings.

12  **F. *The Motion To Strike Should Be Denied in its Entirety.***
13  **1. <u>The Allegations Are Properly Part of this Complaint.</u>**
14  Defendant argues that a number of the allegations are not alleged to have been
15  made to a SOX Complaint Recipient, the SEC or a government or law enforcement
16  agency. (Def.Mem. 20). Once again Defendant misstates the law as to SOX and
17  Dodd-Frank requirements, and now compounds its misleading statements with a
18  gross misstatement of California Labor Code § 1102.5. As Defendant is
19  undoubtedly well aware, the Labor Code was amended to make explicit the fact that
20  an employee may blow the whistle *internally* to management, and need not do so to
21  an outside agency:

22  Subparts (b) and (C) provide in pertinent part as follows:

23

24  (b) An employer, or any person acting on behalf of the employer,
   shall not retaliate against an employee *for disclosing information,*
25  *or because the employer believes that the employee disclosed or*
   *may disclose information, to a government or law enforcement*
26  *agency, to a person with authority over the employee or another*
27  *employee who has the authority to investigate, discover, or correct*

28

Case No. 15CV2287-BAS-NLS
MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFF CHARLES
MATTHEW ERHART'S OPPOSITION TO DEFENDANT'S MOTION TO DISMISS COMPLAINT

*the violation or noncompliance,* or for providing information to, or testifying before, any public body conducting an investigation, hearing, or inquiry, if the employee has reasonable cause to believe that the information discloses a violation of state or federal statute, or a violation of or noncompliance with a local, state, or federal rule or regulation, regardless of whether disclosing the information is part of the employee's job duties.

(c) An employer, or any person acting on behalf of the employer, *shall not retaliate against an employee for refusing to participate in an activity* that would result in a violation of state or federal statute, or a violation of or noncompliance with a local, state, or federal rule or regulation.

Cal.Lab.Code § 1102.5.

The complaint is replete with allegations of Mr. Erhart's reporting activities both internally and externally, and of the Bank's efforts to hide information from regulators, and of the Bank's intention to punish Plaintiff for his attempts to disclose information to regulators including the OCC and the SEC, of which the Bank was well aware.

## 2. **Plaintiff Properly Exhausted His Administrative Remedies.**

Defendant acknowledges that Plaintiff filed a complaint with the United States Secretary of Labor within 180 days of the date the alleged violations occurred. It argues that Plaintiff did not make as many allegations to OSHA as he does in this complaint, and that somehow implicates the exhaustion requirement. (Def.Mem. 22).

The Bank seeks to use judicial notice to introduce Plaintiff's OSHA charge. This is improper. And even if it were proper, Defendant failed to include its own 25 page, single-spaced, position statement, as well as the 722 pages of exhibits that it submitted to OSHA in response. Nor does it reference the voluminous

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFF CHARLES MATTHEW ERHART'S OPPOSITION TO DEFENDANT'S MOTION TO DISMISS COMPLAINT

documentation Plaintiff provided to OSHA in addition to the complaint itself. The court is certainly not required to parse out all this material at this stage of the case.

As Defendant well knows, OSHA is ill-equipped to investigate complaints of the sort Mr. Erhart brought within 180 days, and encourages whistleblowers to "kick out" their cases to federal district court. That was done here.

### 3.  Plaintiff Included Appropriate Allegations.

Defendant seeks to hide behind its claims of confidential information to keep the court and the public from learning the full extent of its wrongdoing. It cites a variety of statutes that reference its own obligations to keep certain information confidential. (Def.Mem. 23-24). Nevertheless, the allegations in this Complaint serve an important public purpose in bringing the Bank's wrongdoing to light. The Bank should not be able to suppress that information through use of a motion to strike.

### III. CONCLUSION

Because the complaint meets all the appropriate pleading standards, the motions to dismiss and to strike should be denied in their entirety.

Dated:  January 5, 2016

THE GILLAM LAW FIRM
*A Professional Law Corporation*

By _____/s/Carol Gillam_____
CAROL GILLAM

Attorneys for Plaintiff
CHARLES MATTHEW ERHART
Email:  carol@gillamlaw.com

Case No. 15CV2287-BAS-NLS
MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFF CHARLES
MATTHEW ERHART'S OPPOSITION TO DEFENDANT'S MOTION TO DISMISS COMPLAINT