SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
  A Limited Liability Partnership
  Including Professional Corporations
POLLY TOWILL, Cal. Bar No. 120420
ptowill@sheppardmullin.com
ANDRE J. CRONTHALL, Cal. Bar No. 117088
acronthall@sheppardmullin.com
333 South Hope Street, 43rd Floor
Los Angeles, California 90071-1422
Telephone: 213.620.1780
Facsimile: 213.620.1398

Attorneys for Defendant
BofI Holding, Inc.,

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHARLES MATTHEW ERHART, an individual,<br><br>    Plaintiff,<br><br>v.<br><br>BOFI HOLDING INC., an entity d/b/a BOFI FEDERAL BANK and BANK OF THE INTERNET,<br><br>    Defendants. | Case No. 15-cv-2287-BAS-NLS<br><br>**REPLY IN SUPPORT OF DEFENDANT BOFI HOLDING, INC.'S MOTION TO DISMISS PLAINTIFF'S FIRST, SECOND, FOURTH, SEVENTH, EIGHTH, AND NINTH CAUSES OF ACTION UNDER FED. R. CIV. P. 12(B)(6) AND MOTION TO STRIKE UNDER FED. R. CIV. P. 12(F)**<br><br>Date: January 19, 2016<br>Dept.: Courtroom 4B<br><br>The Hon. Cynthia Bashant<br>(Schwartz Courthouse) |

# **TABLE OF CONTENTS**

**Page**

I. INTRODUCTION ........................................................................................... 1

II. ERHART'S FIRST, SECOND, FOURTH, SEVENTH, EIGHTH AND NINTH CAUSES OF ACTION SHOULD BE DISMISSED ........................... 2

    A. Erhart's SOX and Dodd-Frank Claims Should be Dismissed Because They Fail to Allege He was Engaged in Protected Activity. ................... 2

    B. Erhart's Cause of Action for Violation of the Confidentiality of Medical Information Act Fails Because There is no Allegation BofI Disclosed "Medical Information" as Defined in the Act. ........................ 5

    C. Erhart's Claim for Breach of the Implied Covenant of Good Faith and Fair Dealing Fails Because Erhart Cannot Allege A Cognizable Contract. ................................................................................................ 6

    D. Erhart's Intentional Infliction of Emotional Distress Cause of Action Fails Because the WCA is Erhart's Exclusive Remedy and the Alleged Conduct Fails To Support a Claim. ........................................................ 6

    E. Erhart's Defamation Claim Fails To Identify Any Defamatory Statements. ........................................................................................... 8

III. THE IRRELEVANT AND IMPERTINENT ALLEGATIONS IN ERHART'S COMPLAINT SHOULD BE STRICKEN ................................... 9

    A. Erhart Did Not Engage in Protected Activity Because He Failed to Report the Alleged Wrongdoing to Anyone. ........................................ 9

    B. Erhart's Failure to Exhaust Administrative Remedies Requires that Certain Allegations be Stricken from the Complaint ............................. 9

    C. Immaterial and Impertinent Confidential Information Should be Stricken. ............................................................................................... 10

IV. CONCLUSION ............................................................................................ 10

# TABLE OF AUTHORITIES

**Page(s)**

Cases

*Allen v. Admin. Review Bd.*
   514 F.3d 468 (5th Cir. 2008) ................................................................................ 4

*Asadi v. G.E. Energy (USA), L.L.C.*
   720 F.3d 620 (5th Cir. 2015) ................................................................................ 3

*Berman v. Neo@Ogilvy LLC*
   801 F.3d 145 (2d Cir. 2015) ................................................................................. 5

*Buscemi v. McDonnell Douglas Corp.*
   736 F.2d 1348 (9th Cir. 1984) .............................................................................. 8

*Day v. Staples, Inc.*
   555 F.3d 42 (1st Cir. 2009) .................................................................................. 4

*Fraser v. Fiduciary Trust Co., Int'l*
   417 F. Supp. 2d 310 (S.D.N.Y. 2006) .................................................................. 4

*Golden Eagle Distrib. Corp. v. Burroughs Corp.*
   801 F.2d 1531 (9th Cir. 1986) .............................................................................. 3

*Guz v. Bechtel Nat. Inc.*
   24 Cal. 4th 317 (2000) ......................................................................................... 6

*Jacobson v. Schwarzenegger*
   357 F. Supp. 2d 1198 (C.D. Cal. 2004) ............................................................... 8

*Jones v. Home Fed. Bank*
   2010 U.S. Dist. LEXIS 3579 (D. Idaho Jan. 14, 2010) ....................................... 9

*Langevin v. Fed. Exp. Corp.*
   2015 WL 1006367 (C.D. Cal. March 6, 2015) .................................................... 7

*Miklosy v. Regents of the Univ. of California*
   44 Cal.4th 876 (2008) ...................................................................................... 6, 7

*Nazif v. Computer Sciences Corp.*
   2015 WL 3776892 (N.D. Cal. June 17, 2015) .................................................... 3

*Nielsen v. AECOM Tech. Corp.*
    762 F.3d 214 (2d Cir. 2013) ................................................................................. 4

*Smith v. Lowe's Hiw, Inc.*
    2014 WL 1419655 (E.D. Cal. Apr. 14, 2014) ....................................................... 7

*Sprewell v. Golden State Warriors*
    266 F.3d 979 (9th Cir. 2001), amended by 275 F.3d 1189 (9th Cir. 2001) ......... 4

*Sylvester v. Parexel Int'l LLC*
    ARB 07-123, 2011 WL 2165854 ........................................................................ 2

*Thibeaux v. GEO Group, Inc.*
    2014 WL 6693782 (S.D. Cal. Nov. 25, 2014)...................................................... 7

*United States v. Stringfellow*
    911 F.2d 225 (9th Cir. 1990) ............................................................................... 3

*Van Asdale v. Int'l Game Tech.*
    577 F.3d 989 (9th Cir. 2009) ........................................................................... 2, 4

*Welch v. Chao*
    536 F.3d 269 (4th Cir. 2008) ............................................................................... 4

Statutes

18 U.S.C. § 1514A(a)(1).............................................................................................. 2

18 U.S.C. § 1514A(b)(2)(D)........................................................................................ 9

Cal. Civ. Code § 56.05(j)............................................................................................. 5

Cal. Civ. Code § 56.20(c) ............................................................................................ 5

# I. INTRODUCTION

Erhart's Opposition fails to address the substantive deficiencies in his Complaint raised in BofI's Motion to Dismiss. Erhart does not and cannot explain to the Court, as he must to survive dismissal, how the conduct alleged in his Complaint amounts to the requisite fraud or SEC violations necessary to state a whistleblower claim under SOX or Dodd-Frank. Further, Erhart fails to show how and to whom he "blew the whistle," which is an essential element of a SOX or Dodd-Frank whistleblower claim. Moreover, he fails to describe how the nonexistent or unexplained reporting could have contributed in any way to his termination. Instead, Erhart argues incorrectly that the Motion cited the wrong legal standard concerning two points that are unnecessary to grant the Motion to Dismiss.

Even if Erhart reported all of the alleged conduct, which he did not, the conduct does not provide the basis for "protected" reporting. For example, Erhart does not attempt to explain how allegedly failing to tell callers their calls are being recorded amounts to an SEC violation or fraud on BofI shareholders. The same is true concerning his allegation that unspecified deposits to 401(k) accounts were not timely made. Nor is he able to equate the alleged downgrading of his performance evaluation with some type of fraud. Erhart provides no explanation whatsoever concerning how any of the alleged actions rise to the level of *fraud*.

Under current and unchanged Ninth Circuit authority, Erhart is required to plead how the alleged conduct "definitively and specifically" relates to the categories of fraud or securities violations required under SOX and Dodd-Frank. Even under the more lenient standard being adopted in *other* circuits that Erhart argues the Court must adopt, Erhart's claims cannot survive.

Erhart's arguments in support of his other four deficient claims are superficial and unpersuasive. Indeed, the Opposition highlights that Erhart does not have the law or the facts needed to assert claims for violation of the Confidentiality of

Medical Information Act ("CMIA"), breach of the implied covenant of good faith and fair dealing, intentional infliction of emotional distress and defamation.

Concerning BofI's Motion to Strike, Erhart does not deny that his OSHA complaint fails to allege most of the conduct included in the present one.  Also, he does not even try to justify his use of attorney-client communications, personal financial information of BofI's CEO and his brother, private information regarding other former employees, and purloined OCC supervisory communications (the disclosure of which itself constitutes a violation of applicable law) to prop up his claims.  The lack of substantive arguments within Erhart's Opposition confirms that BofI's Motion to Dismiss and to Strike improper allegations is well founded and should be granted in full.

## II.  ERHART'S FIRST, SECOND, FOURTH, SEVENTH, EIGHTH AND NINTH CAUSES OF ACTION SHOULD BE DISMISSED

### A.  Erhart's SOX and Dodd-Frank Claims Should be Dismissed Because They Fail to Allege He was Engaged in Protected Activity.

Erhart does not dispute that in order to engage in protected activity under SOX or Dodd-Frank, an employee must provide information or assistance concerning: (i) mail fraud, (ii) wire fraud, (iii) bank fraud, (iv) securities fraud, (v) any SEC violation or (vi) fraud against shareholders.  18 U.S.C. § 1514A(a)(1).  Erhart's Opposition, like his Complaint, fails to show that the alleged wrongful acts constitute one of these types of fraud.

Instead, Erhart spends time trying to discredit *Van Asdale v. Int'l Game Tech.*, 577 F.3d 989 (9th Cir. 2009).  Erhart contends that BofI should not have cited *Van Asdale* because the Administrative Review Board ("ARB") subsequently decided to modify the "definitively and specifically" standard in *Sylvester v. Parexel Int'l LLC*, ARB 07-123, 2011 WL 2165854 (Dep't of Labor May 25, 2011).  However, as Erhart concedes (Opp. p. 3:4-5), the Ninth Circuit has not revisited *Van Asdale*, despite having nearly five years to do so.  Erhart cannot cite one decision in this circuit stating that *Van Asdale* is not good law, and BofI has found none.  As

1  recently as June 2015, the Northern District of California noted that "the
2  'definitively and specifically' test still applies in this Circuit."[1]  *Nazif v. Computer*
3  *Sciences Corp.*, 2015 WL 3776892, at *5, n. 5 (N.D. Cal. June 17, 2015).  Erhart's
4  assertion that BofI's citation to a valid Ninth Circuit decision is a potential Rule 11
5  violation, is merely an attempt to distract the Court from the fact that his first and
6  second causes of action fail to state valid claims.[2]

7      Even if Erhart were correct that *Van Asdale* is somehow undermined by an
8  administrative board's change in how it interprets SOX, the facts as pled
9  nonetheless fail to state a valid claim.  Under the more relaxed standard Erhart
10 advocates, Erhart fails to show how the alleged wrongdoing violates any of the
11 listed categories of SOX or Dodd-Frank.  Erhart's Opposition merely repeats his
12 allegations and concludes without any support that he has alleged a violation of
13 SOX or Dodd-Frank.  For example, Erhart alleges that BofI made untimely deposits
14 to 401(k) accounts, but fails to explain how this constitutes any of the required types

---

[1]   BofI was under no obligation to reference the *Sylvester* case in its moving papers.  As the Ninth Circuit has recognized, "[n]either Rule 11 nor any other rule imposes a requirement that the lawyer, in addition to advocating the cause of his client, step first into the shoes of opposing counsel to find all potentially contrary authority, and finally into the robes of the judge to decide whether the authority is indeed contrary or whether it is distinguishable."  *Golden Eagle Distrib. Corp. v. Burroughs Corp.*, 801 F.2d 1531, 1542 (9th Cir. 1986); *United States v. Stringfellow*, 911 F.2d 225, 226 (9th Cir. 1990) (quoting *Burroughs* in reversing sanctions against attorney who did not cite an Illinois case in his brief).

[2]   Plaintiff similarly takes issue with BofI's citation to *Asadi v. G.E. Energy (USA), L.L.C.*, 720 F.3d 620 (5th Cir. 2015), noting that the Second Circuit has disagreed with *Asadi*'s ruling.  As stated in the Notice of Withdrawal of One of Several Arguments in Support of BofI's Motion to Dismiss (ECF. No. 6), BofI withdrew this argument before receiving Erhart's Opposition due to the recently discovered unsettled nature of the law on this issue, which ultimately is unnecessary to the Court's decision here.  However, BofI properly advised the Court in its moving papers of the split of authority within the Ninth Circuit on this issue.  BofI was under no obligation to discuss Second Circuit authority, which is not binding on this Court.  *Burroughs*, 801 F.2d at 1542.

1  of fraud.  Similarly, Erhart alleges that alterations were made to Bank Secrecy Act
2  QC reports, but fails to explain the nature of the alterations or even whether they
3  were material, much less that they violated securities or banking laws.  The court is
4  not required to accept such conclusory allegations as true.  *Sprewell v. Golden State*
5  *Warriors*, 266 F.3d 979, 988 (9th Cir. 2001), amended by 275 F.3d 1189 (9th Cir.
6  2001).  In fact, courts across the country have routinely dismissed similar allegations
7  because the reporting of a violation of *some* policy, practice, guideline, rule, or law
8  does not constitute protected activity unless it is a violation listed in § 1514A.  *See,*
9  *e.g., Nielsen v. AECOM Tech. Corp.*, 762 F.3d 214, 222-223 (2d Cir. 2013) (even
10 under the more liberal pleading standard, failure to review fire safety designs
11 insufficient, especially since there was no scheme to steal money or property).[3]

12        Erhart's Opposition also fails to address why any belief he harbored that BofI
13 was engaging in such wrongdoing was objectively reasonable.  *See Van Asdale*, 577
14 F.3d at 1000.  For example, it is simply not reasonable for any person, much less an
15 internal auditor, to believe that the CFO is falsifying the company's financials solely
16 because the Chief Credit Officer allegedly stated that he is not responsible for the
17 Bank's numbers once they are given to the CFO.  (Complaint, ¶ 17.)

18        Furthermore, many of the purported violations are not alleged to have been
19 reported to anyone, either internally or externally.  (*See, e.g.,* Complaint, ¶ 17, 18,
20 19, 24, 25, 32, 33, 34, 35, 36, 43, 45.)  Erhart does not dispute that a whistleblower
21 must report the alleged wrongdoing to *someone*, even if it is only a supervisor

---

[3]   *See, also, Day v. Staples, Inc.*, 555 F.3d 42, 54, 56 (1st Cir. 2009) (billing discrepancies and general accounting violations insufficient); *Allen v. Admin. Review Bd.*, 514 F.3d 468 (5th Cir. 2008) (company's failure to follow accounting guidelines, even those issued by the SEC, was not protected activity); *Welch v. Chao*, 536 F.3d 269, 278 (4th Cir. 2008) (GAAP violations are not violations of the relevant laws); *Fraser v. Fiduciary Trust Co., Int'l*, 417 F. Supp. 2d 310 (S.D.N.Y. 2006) (company's failure to follow an employee's advice resulting in alleged financial losses was not fraud on shareholders and could not be the basis for a SOX claim).

within the company itself.  *See Berman v. Neo@Ogilvy LLC*, 801 F.3d 145, 154-55 (2d Cir. 2015).  Erhart's allegations lack even this basic, but required, information.  Erhart's Opposition does not address this deficiency beyond a conclusory comment in the introduction that he made "timely disclosures" to regulators.  He does not comment at all about how the alleged conduct (and reporting of such conduct to regulators) was reported to BofI.  This deficiency alone requires dismissal.

Lastly, Erhart fails to allege how the reporting of the alleged wrongdoing, if any, played a role in his termination.  Nor could he because he failed to even report the bulk of the alleged conduct to *anyone* as required by law.  The matters he allegedly did report do not involve SOX or Dodd-Frank violations.  (Motion, p. 13:1-19).

**B.  Erhart's Cause of Action for Violation of the Confidentiality of Medical Information Act Fails Because There is no Allegation BofI Disclosed "Medical Information" as Defined in the Act.**

Erhart claims that BofI's alleged oral disclosure that he was on "psychiatric leave" would be a violation of the CMIA if medical leave paperwork had been handed out to others.  Erhart is wrong because he ignores that "medical information" is specifically defined under the statute.  Not every statement that in some way mentions or references an employee's medical condition is a violation of the CMIA.  Rather, the statute prohibits any employer's use or disclosure of "any individually identifiable information, in electronic or physical form, in possession of or derived from a provider of health care, health care service plan, pharmaceutical company, or contractor regarding a patient's medical history, mental or physical condition, or treatment."  Cal. Civ. Code § 56.05(j), 56.20(c).  Erhart has not alleged that BofI disclosed "medical information" under the CMIA.  Calling in sick or stating that he would visit the doctor does not constitute "medical information" under the statute.

**C.    Erhart's Claim for Breach of the Implied Covenant of Good Faith and Fair Dealing Fails Because Erhart Cannot Allege A Cognizable Contract.**

Erhart does not dispute that he must allege the existence of a valid contract to succeed on his claim. Erhart claims he has done so and cites several paragraphs of the Complaint as proof. (Opp., p. 7:5-9.) None of those paragraphs show that BofI and Erhart had a contract. Thus, no implied covenant of good faith and fair dealing arose because Erhart has not alleged sufficient contract terms.

Further, Erhart does not refute the fact that allegations of a general code of fair treatment in the employment context do not constitute a cognizable contract under California law. *Guz v. Bechtel Nat. Inc.*, 24 Cal. 4th 317, 348 (2000).

**D.    Erhart's Intentional Infliction of Emotional Distress Cause of Action Fails  Because the WCA is Erhart's Exclusive Remedy and the Alleged Conduct Fails To Support a Claim.**

Erhart admits that the California Workers' Compensation Act ("WCA") is the exclusive remedy available to employees who are injured in the workplace, but claims that an exception should be made in this case because BofI's alleged conduct implicates fundamental public policies. However, Erhart fails to explain precisely what those fundamental public policies are or how they apply in this case. Moreover, none of the cases Erhart cites involves a claim of whistleblower retaliation.

In 2008, the California Supreme Court addressed the scope of the exceptions to WCA exclusivity. *Miklosy v. Regents of the Univ. of California*, 44 Cal.4th 876 (2008). In *Miklosy*, the plaintiffs claimed that they had been wrongfully terminated in retaliation for lodging safety complaints. *Id.* at 884. The plaintiffs claimed they had a valid cause of action for IIED against their supervisors based on their employer's and supervisors' "outrageous conduct" at the worksite. *Id.* at 902. The court declined to apply the "fundamental public policy" exception to the plaintiffs' claims arising from whistleblower retaliation because "[t]he exception for conduct that 'contravenes fundamental public policy' is aimed at permitting a *Tameny* action

1  to proceed despite the workers' compensation exclusive remedy rule." *Id.* at 902–
2  03.  The court further concluded that whistleblower retaliation did not fall within the
3  exception because it did not "exceed[ ] the risks inherent in the employment
4  relationship." *Id.* at 903.

5  Following the California Supreme Court's holding in *Miklosy*, California
6  courts have held that IIED claims are barred by the WCA's exclusivity provisions,
7  even if they are based on conduct that allegedly violates a fundamental public
8  policy.  *See Langevin v. Fed. Exp. Corp.*, 2015 WL 1006367, Case No. CV 14–
9  08105 MMM FFMX, at *10 (C.D. Cal. March 6, 2015) ("[The 'fundamental public
10 policy' exception] operates only to permit assertion of a Tameny wrongful discharge
11 in violation of public policy claim, not an IIED claim."); *see, e.g., Thibeaux v. GEO
12 Group, Inc.*, 2014 WL 6693782, Case No. 13–CV–291–BEN (MDD), at *3 (S.D.
13 Cal. Nov. 25, 2014) (same); *Smith v. Lowe's Hiw, Inc.*, 2014 WL 1419655, Case
14 No. 2:13–CV–1713 WBS (AC), at *6 (E.D. Cal. Apr. 14, 2014), report and
15 recommendation adopted, No. 2:13–CV–1713 WBS (AC), 2014 WL 1910804 (E.D.
16 Cal. May 13, 2014) ("[T]he exception for conduct that 'contravenes fundamental
17 public policy' simply means that a wrongful termination claim is not preempted by
18 the worker's compensation exclusive remedy rule (but the intentional infliction of
19 emotional distress claim is)" (citations omitted)).  Because Erhart's factual
20 allegations fall within the normal risks inherent in the employment relationship, the
21 WCA exclusivity provisions bar a claim of IIED.

22 Erhart also fails to address, much less refute, the overwhelming authority
23 demonstrating that the alleged conduct, even if true, does not rise to the level of
24 "extreme or outrageous" conduct required to support an IIED claim.  Erhart claims
25 that "[n]othing about the actions complained of in this case can be described as
26 merely 'personnel practices,'" however, the weight of authority proves otherwise.

27 All of the alleged acts that Erhart contends caused him emotional distress
28 involved the circumstances of his alleged termination, which is, as a matter of law,

1  not outrageous conduct.  *Buscemi v. McDonnell Douglas Corp.*, 736 F.2d 1348,
2  1352 (9th Cir. 1984).  Furthermore, only one alleged comment (about taking care in
3  turning over rocks because he might find a snake) was made in his presence and,
4  even if it were to have been made, cannot be construed as extreme or outrageous
5  under any standard.  The remaining alleged statements are vague and unspecified,
6  made outside of Erhart's presence and heard only second or third-hand through
7  unnamed co-workers.  Erhart cannot state a valid claim based on these facts.

### E.     Erhart's Defamation Claim Fails To Identify Any Defamatory Statements.

Erhart does not dispute that under California law a plaintiff must specifically identify the alleged defamatory statements, including the substance thereof.  General statements are insufficient. *Jacobson v. Schwarzenegger*, 357 F. Supp. 2d 1198, 1216 (C.D. Cal. 2004) (superseded by statute on other grounds).  Erhart contends that he has, in fact, adequately identified the defamatory statements and points to various statements referenced elsewhere in his Complaint.  However, Erhart admits that he does not know the identity of those making the statements, the substance of those statements, to whom they were made, or when.  (Complaint, ¶ 140-142, 144-145.)  There is nothing in Erhart's defamation cause of action that identifies any defamatory statements with the required specificity.  (*See id.*)

Further, the statements that Erhart now identifies for the first time in his Opposition as the alleged defamatory statements, are clearly not defamatory.  For example, Erhart alleges that "SVP Tolla and CEO Greg Garrabrants spoke negatively about Plaintiff at an all-hands meeting."  (Complaint, ¶ 60.)  Simply speaking negatively about another person is not defamation.  Nor does Erhart make any attempt to explain how stating that someone is responsible for an article or calling them "Seeking Alpha" is defamatory. (Complaint, ¶ 72.)  Likewise, stating that Erhart acted maliciously is not a defamatory statement. (Complaint, ¶ 74.)  To hold otherwise would stifle free speech and violate the Constitution.

## III.  THE IRRELEVANT AND IMPERTINENT ALLEGATIONS IN ERHART'S COMPLAINT SHOULD BE STRICKEN

### A.  Erhart Did Not Engage in Protected Activity Because He Failed to Report the Alleged Wrongdoing to Anyone.

BofI seeks to strike several allegations of Erhart's Complaint because any alleged wrongdoing he failed to report is irrelevant.  Erhart claims that his allegations are sufficient because he reported the alleged wrongdoing internally.  Erhart is wrong.  Erhart does not allege that he reported the wrongful acts alleged in paragraphs 17, 19-21, 32, 33, 34, 35, 26, and 45 to anyone, either internally or externally.  Therefore, these allegations are irrelevant and should be stricken.

### B.  Erhart's Failure to Exhaust Administrative Remedies Requires that Certain Allegations be Stricken from the Complaint.

BofI also seeks to strike allegations that Erhart did not report to OSHA but included in his Complaint.  Erhart does not dispute that he failed to report the allegations in paragraphs 9-21 and 31-43 to OSHA.  Instead, Erhart claims that "OSHA is ill-equipped to investigate complaints of the sort Mr. Erhart brought within 180 days, and encourages whistleblowers to 'kick out' their cases to federal district court."  (Opp., p. 13:3-5.)  However, Erhart offers absolutely no authority to support this claim.  To be actionable, a plaintiff must first file a complaint with the Secretary of Labor within 180 days of the date the alleged violation occurred.  18 U.S.C. § 1514A(b)(2)(D).  A plaintiff must include *all* claims he wishes to later pursue with the court, not just some.  *Jones v. Home Fed. Bank*, 2010 U.S. Dist. LEXIS 3579, *9 (D. Idaho Jan. 14, 2010).  Erhart's claim that he is doing OSHA a favor by not overburdening it with his numerous allegations of wrongdoing is meritless.[4]

---

[4]  Erhart also apparently takes issue with BofI's request for judicial notice (Opp., p. 12, lines 23-13:2), however, he failed to file an actual objection to the request.

**C.     Immaterial and Impertinent Confidential Information Should be Stricken.**

Erhart's Complaint is rife with additional immaterial and impertinent allegations that serve no legitimate purpose and are simply designed to embarrass and harass BofI.  (*See* Complaint, ¶ 9-21, 26-45, 49-52, and 70.)  In opposition, Erhart claims simply that the various laws requiring confidentiality that BofI cited in its moving papers are irrelevant because they relate to BofI's obligation to keep such information confidential.  (Opp., p. 13:8-10.)  Erhart ignores that he is a former internal auditor of BofI and thus has an obligation to protect confidential information obtained during his employment.  These obligations did not cease the moment he became a former employee.

Erhart also claims that he was entitled to disregard any obligations to maintain confidentiality, attorney-client privilege, and privacy rights because doing so served "an important public purpose."  (Opp., p. 13:10-11.)  However, Erhart fails to identify any authority to support such a position because there is none.  Therefore, these allegations must also be stricken from the Complaint.

## IV.  CONCLUSION

BofI submits the Court should grant BofI's motion to dismiss without leave to amend and strike Paragraphs 9-21, 26-45, 49-52, and 70 of the Complaint.

Dated: January 12, 2016         SHEPPARD, MULLIN, RICHTER & HAMPTON LLP

                                By        *s/Polly Towill*
                                          POLLY TOWILL

                                   Attorneys for Defendant
                                   BofI FEDERAL BANK
                                Email:  ptowill@sheppardmullin.com

*Charles Matthew Erhart v. BofI Federal Bank*
U.S.D.C., Southern District of California, Case No. 15-cv-2287-BAS-NLS

## PROOF OF SERVICE

### STATE OF CALIFORNIA, COUNTY OF SAN DIEGO

At the time of service, I was over 18 years of age and **not a party to this action**.  I am employed in the County of Los Angeles; My business address is 501 West Broadway, 19th Floor, San Diego, California 92101.

On January 12, 2016, I served true copies of the following document(s) described as

**REPLY IN SUPPORT OF DEFENDANT BOFI HOLDING, INC.'S MOTION TO DISMISS AND MOTION TO STRIKE**

on the interested parties in this action as follows:

| | |
|---|---|
| Carol Gillam, Esq.<br>The Gillam Law Firm<br>10866 Wilshire Blvd., Suite 400<br>Los Angeles, CA  90024-4338<br>Tel (310) 203-9977 or (424) 901-8372<br>Fax (310) 203-9922<br>Email: carol@gillamlaw.com | Attorneys for Plaintiff<br>Charles Matthew Erhart |

**BY CM/ECF NOTICE OF ELECTRONIC FILING:**  I electronically filed the document(s) with the Clerk of the Court by using the CM/ECF system.  Participants in the case who are registered CM/ECF users will be served by the CM/ECF system.  Participants in the case who are not registered CM/ECF users will be served by mail or by other means permitted by the court rules.

Executed on January 12, 2016, at San Diego, California.


*s/Polly Towill*
Polly Towill
ptowill@sheppardmullin.com