1
2
3
4
5
6
7
8
9

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| CHARLES MATTHEW ERHART,<br><br>                                Plaintiff,<br><br>v.<br><br>BOFI HOLDING, INC.,<br><br>                                Defendant.<br><br>BOFI FEDERAL BANK,<br><br>                                Plaintiff,<br><br>v.<br><br>CHARLES MATTHEW ERHART,<br><br>                                Defendant. | Case No. 15-cv-02287-BAS(NLS)<br>*consolidated with*<br>15-cv-02353-BAS(NLS)<br><br>**ORDER:**<br><br>**(1) DENYING MOTION FOR CLARIFICATION OR RECONSIDERATION OF ORDER DENYING BOFI'S AMENDED MOTION FOR PRELIMINARY INJUNCTION (ECF No. 26);**<br><br>**AND**<br><br>**(2) SETTING ORAL ARGUMENT ON MOTION FOR SUMMARY ADJUDICATION (ECF No. 45 (in 15-cv-02353))** |

26
27
28

On September 7, 2016, the Court issued an order denying BofI Federal Bank ("BofI")'s amended motion for a preliminary injunction ("Order"). (ECF No. 70 in Case No. 15-cv-02353.) In short, the Court concluded BofI failed to demonstrate that irreparable harm was likely to occur if its request for preliminary relief was denied. (*Id.* at 20:11–12.) Thus, BofI did not meet its burden of demonstrating it was entitled to an extraordinary remedy. (*Id.* at 21:2–3.)

On October 5, 2016, BofI filed a motion for clarification or, alternatively, reconsideration of the Order. (ECF No. 26.) BofI argues the Order is erroneous because it was based on the incorrect assumption that Erhart has returned all of BofI's information and documents in his possession. (ECF No. 26-1 at 1:2–9.) Because BofI believes Erhart still has access to BofI's information and documents, it argues this Court should reconsider its ruling and also order Erhart "to permanently delete the BofI documents and information on his desktop computer, the Lexar USB drive, and in his Gmail account and . . . Erhart's counsel, Carol Gillam . . . [to] delete any copies of the Confidential Information that Erhart provided to her." (*Id.* at 1:24–2:3.) Erhart opposes. (ECF No. 34.)

District courts have the authority to entertain motions for reconsideration of interlocutory orders at any time before the entry of final judgment. *See* Fed. R. Civ. P. 59(e); *Amarel v. Connell*, 102 F.3d 1494, 1515 (9th Cir. 1996); *Balla v. Idaho State Bd. of Corr.*, 869 F.2d 461, 465 (9th Cir. 1989). To determine the merits of a request to reconsider an interlocutory order, courts apply the standard required under a Rule 59(e) reconsideration motion. *See Hydranautics v. FilmTec Corp.*, 306 F. Supp. 2d 958, 968 (S.D. Cal. 2003). Reconsideration is appropriate under Federal Rule of Civil Procedure 59(e) if: (1) the district court "is presented with newly discovered evidence," (2) the district court "committed clear error or the initial decision was manifestly unjust," or (3) "there is an intervening change in controlling law." *Sch. Dist. No. 1J, Multnomah Cty. v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993); *see also Allstate Ins. Co. v. Herron*, 634 F.3d 1101, 1111 (9th Cir. 2011).

1    Here, BofI fails to demonstrate reconsideration is warranted. The Court has
2 not been presented with newly discovered evidence, and there has not been an
3 intervening change in controlling law. Thus, the remaining basis for reconsideration
4 is if this Court "committed clear error or the [Order] was manifestly unjust." *See*
5 *ACandS, Inc.*, 5 F.3d at 1263. BofI argues the "clear error" ground for reconsideration
6 applies. (ECF No. 26-1.)

7    The Court did not commit clear error. Even if the Court were to assume, for
8 the sake of argument, that Erhart still has access to some of BofI's confidential
9 information, the Court would still conclude BofI has not demonstrated a likelihood
10 of irreparable harm in the absence of preliminary relief. As discussed in the Order,
11 BofI must show it is likely that Erhart will disclose confidential information—
12 causing irreparable injury—absent preliminary relief. *See, e.g.*, *Winter v. Nat. Res.*
13 *Def. Council, Inc.*, 555 U.S. 7, 20, 22–23 (2008). The Order was not predicated on
14 only whether Erhart has returned BofI's information. Rather, the Court reasoned the
15 record as a whole indicated BofI has not demonstrated Erhart is likely to disclose
16 confidential information. (Order 18–21.) This record included the fact that Erhart
17 submitted to a deposition and provided the requested declaration to BofI regarding
18 his use of BofI's information. (*Id.* 18:19–21.) It also included a lack of evidence that
19 Erhart had "progressively disclosed more and more of BofI's confidential
20 information." (*Id.* 19:18.) The Court further reasoned:

> At best, BofI has demonstrated Erhart repeatedly disclosed largely the same allegations of perceived wrongdoing to the OCC, members of his family, his girlfriend, and colleagues. These same allegations then appeared in his whistleblower retaliation complaint. The Court finds this course of conduct does not demonstrate a likelihood that, moving forward, Erhart will suddenly disclose other information to the public, such as a trove of personal-identifying information of BofI's customers, if the Court does not issue an injunction.

27 (*Id.* 20:1–7.) This conclusion would not be changed by only the fact that Erhart may
28 still have access to some of BofI's information. BofI must still demonstrate a

likelihood that Erhart would disclose the information he purportedly has access to absent preliminary relief. BofI did not satisfy this burden in moving for a preliminary injunction, and BofI has not satisfied it now.

As for the modified relief BofI seeks in its present motion, this relief appears simple: an order requiring Erhart and his counsel to delete any copies of BofI's information and documents. BofI is even willing to offer the services of its forensic consultant to assist Erhart and his counsel. But this order would still be an injunction—a mandatory one. *See Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co.*, 571 F.3d 873, 879 (9th Cir. 2009) ("A mandatory injunction 'orders a responsible party to 'take action.''' (quoting *Meghrig v. KFC W., Inc.*, 516 U.S. 479, 484 (1996))). Consequently, BofI must satisfy the requirements for obtaining this preliminary, extraordinary relief. For the same reasons discussed above and in this Court's prior ruling, this modified, mandatory injunction is not warranted.

In light of the foregoing, the Court **DENIES** BofI's motion to clarify or reconsider the Court's order denying BofI's amended motion for a preliminary injunction (ECF No. 26).

In addition, the Court **ORDERS** the parties to appear on **January 30, 2017**, at **10:30 a.m.** in Courtroom 4B for oral argument. *See* Civ. L.R. 7.1(d)(1). The parties should be prepared to discuss BofI's motion for summary adjudication of Erhart's twelfth through twenty-fourth affirmative defenses (ECF No. 45 in Case No. 15-cv-02353).

**IT IS SO ORDERED.**

DATED:  December 8, 2016

Hon. Cynthia Bashant
United States District Judge