1
2
3
4
5
6
7

# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHARLES MATTHEW ERHART,<br><br>                       Plaintiff,<br><br>   v.<br><br>BOFI HOLDING, INC.,<br><br>                     Defendant. | Case No. 15-cv-02287-BAS-NLS<br>*Consolidated with*<br>15-cv-02353-BAS-NLS<br><br>**ORDER DENYING MOTION FOR RECONSIDERATION**<br><br>**[ECF No. 49]** |
| BOFI FEDERAL BANK,<br><br>                     Plaintiff,<br><br>   v.<br><br>CHARLES MATTHEW ERHART,<br><br>                     Defendant. | |

The Court granted in part and denied in part BofI's motion to dismiss Erhart's First Amended Complaint. (ECF No. 44.) Erhart opted not to file a Second Amended Complaint, and BofI answered his pleading. (ECF No. 46.) However, BofI also moves for reconsideration of the Court's order on its motion to dismiss ("Order"). (ECF No. 49.) Erhart opposes. (ECF No. 53.) The Court finds this motion suitable for determination on the papers submitted and without oral argument. *See* Fed. R. Civ. P. 78(b); Civ. L.R. 7.1(d)(1). As explained below, the Court denies the motion.

District courts have the authority to entertain motions for reconsideration of interlocutory orders at any time before the entry of final judgment. *See* Fed. R. Civ. P. 59(e); *Amarel v. Connell*, 102 F.3d 1494, 1515 (9th Cir. 1996); *Balla v. Idaho State Bd. of Corr.*, 869 F.2d 461, 465 (9th Cir. 1989). To determine the merits of a request to reconsider an interlocutory order, courts apply the standard required under a Rule 59(e) reconsideration motion. *See Hydranautics v. FilmTec Corp.*, 306 F. Supp. 2d 958, 968 (S.D. Cal. 2003). Reconsideration is appropriate under Federal Rule of Civil Procedure 59(e) if: (1) the district court "is presented with newly discovered evidence," (2) the district court "committed clear error or the initial decision was manifestly unjust," or (3) "there is an intervening change in controlling law." *Sch. Dist. No. 1J, Multnomah Cty. v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993); *see also Allstate Ins. Co. v. Herron*, 634 F.3d 1101, 1111 (9th Cir. 2011).

The present motion is BofI's second motion for reconsideration in this consolidated action. Like the first, it does not satisfy any of the possibilities described above. BofI does not present "newly discovered evidence." *See ACandS*, 5 F.3d at 1263. Nor does it apprise the Court of "an intervening change in controlling law." *See id.*

Rather, the bulk of BofI's motion assails the Court's interpretation of Erhart's allegation that he "discovered that CEO Gregory Garrabrants was depositing third-party checks for structured settlement annuity payments into a personal account, including nearly $100,000 in checks made payable to third parties." (First Am. Compl. ¶ 44, ECF No. 32. *See also* Mot. 5:9–12:2.) Relatedly, Erhart alleges BofI operates a business where it purchases structured settlements from plaintiffs in litigation. (First Am. Compl. ¶¶ 11–12.) And, to illustrate an example of Erhart's pleading satisfying the protected activity requirement of one of his whistleblower retaliation claims, the Court's Order inferred that the alleged "checks made payable to third parties"—*i.e.*, made payable to parties other than the Bank or CEO Garrabrants—were made payable from BofI to third parties as part of its business of

purchasing structured annuities. (*See* Order 14:14–18:2.) The Bank now argues the Court should have instead stated the checks were between two third parties, and that the "drawer" of the check must be "an insurance company (or similar institution) that sponsors structured settlement arrangements and issues periodic checks payable to the annuitant (the third-party plaintiff in the underlying settled litigation) over the annuitant's life." (Mot. 6:16–23.) BofI further argues that if the Court were to draw this different interpretation from Erhart's pleading, it would impact the reasonableness of Erhart's perceived wrongdoing and the Court's conclusion as to the example it used in its Order. (Mot. 5:24–9:26.)

In response, Erhart argues that the exact inference or interpretation at issue does not matter at this stage of the proceedings. (Opp'n 4:25–7:19.) In his view, the crux of his claimed perceived wrongdoing is that the Bank's CEO was depositing checks—which were not made payable to him—into his personal deposit account. (First Am. Compl. ¶ 44; *see also* Opp'n 4:15–7:19.) That is, the CEO was depositing money that did not belong to him into his own account, presumably for his benefit and to the detriment of the rightful owner. He also argues that it is improper for BofI to now raise arguments it failed to raise in its motion to dismiss. (Opp'n 3:23–4:14.)

Upon review, the Court is not persuaded by BofI's reconsideration arguments. The Bank undoubtedly has more information about its internal dealings than that provided to the Court in Erhart's First Amended Complaint. It can elucidate, expand upon, and perhaps even disprove Erhart's assorted allegations. That being said, the Court is unconvinced that its Order clearly erred when interpreting Erhart's pleading under the motion to dismiss standard. The Court is similarly unconvinced that drawing a different interpretation changes the outcome of BofI's motion to dismiss Erhart's whistleblower claims. Recall that Erhart "need not prove a violation of the substantive laws" listed in Sarbanes–Oxley to engage in protected activity. *See Sylvester v. Parexel Int'l LLC*, ARB Case No. 07-123, 2011 WL 2165854, at *18 (ARB May 25, 2011) (en banc). He can have a reasonable belief of a violation even

1  if he "fails to allege, prove, or approximate specific elements of fraud, which would

2  be required under a fraud claim against the defrauder directly." *See id.*; *see also Van*

3  *Asdale v. Int'l Game Tech.*, 577 F.3d 989, 1001 (9th Cir. 2009) ("To encourage

4  disclosure, Congress chose statutory language which ensures that 'an employee's

5  reasonable but mistaken belief that an employer engaged in conduct that constitutes

6  a violation of one of the six enumerated categories is protected.'" (quoting *Allen v.*

7  *Admin. Review Bd.*, 514 F.3d 468, 477 (5th Cir. 2008))). The Court did not clearly

8  err in determining Erhart's First Amended Complaint alleges sufficient facts to plead

9  that this standard is met.

10  In addition, BofI styles part of its reconsideration motion as a request for

11  "clarification." (Mot. 15:19–17:21.) It asks the Court to take judicial notice of various

12  documents—items that were not provided with BofI's motion to dismiss—to

13  reinterpret Erhart's factual allegations and now reach a different conclusion as to the

14  example the Court provided in its Order. The request for clarification is denied. BofI

15  can raise these points on summary judgment or at trial. The Court will not permit the

16  Bank a second bite at the apple.

17  Finally, BofI requests the Court analyze all of Erhart's allegations and

18  delineate between exactly which of those factual allegations are actionable and which

19  of those are not. (Mot. 17:6–21.) The Court also denies this request. It already

20  determined the whistleblower retaliation claims BofI attacked in its motion are

21  sufficient to withstand a motion to dismiss. BofI can use discovery, other devices

22  available to it under the Federal Rules of Civil Procedure, and eventually perhaps

23  trial to test and challenge Erhart's allegations. And, of course, the burden will

24  ultimately be on Erhart to demonstrate his believed wrongdoing was reasonable and

25  to prove a violation of one or more of the whistleblower protection provisions he

26  invokes.

27  //

28  //

15cv2287

1        Accordingly, the Court **DENIES** BofI's motion for reconsideration (ECF No.

2    49).

3        **IT IS SO ORDERED.**

4

5    **DATED: January 18, 2018**

**Hon. Cynthia Bashant**
**United States District Judge**

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

– 5 –

15cv2287