**THE GILLAM LAW FIRM**
*A Professional Law Corporation*
Carol L. Gillam (SBN 102354)
Sara Heum (SBN 288136)
10866 Wilshire Boulevard, Suite 400
Los Angeles, California 90024
Telephone: (310) 203-9977
Facsimile: (310) 203-9922
carol@gillamlaw.com
sara@gillamlaw.com
Attorneys for Plaintiff and Defendant
CHARLES MATTHEW ERHART

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHARLES MATTHEW ERHART, an individual,<br><br>Plaintiff,<br><br>v.<br><br>BOFI HOLDING INC., an entity, d/b/a BOFI FEDERAL BANK and BANK OF THE INTERNET,<br><br>Defendants.<br><br>BOFI FEDERAL BANK, a federal savings bank,<br><br>Plaintiff,<br><br>v.<br><br>CHARLES MATTHEW ERHART, an individual,<br><br>Defendant. | Case No. 15-cv-2287-BAS-NLS<br>*consolidated with*<br>15-cv-2353-BAS-NLS<br><br>**PLAINTIFF CHARLES MATTHEW ERHART'S NOTICE OF MOTION AND MOTION FOR SUMMARY JUDGMENT, OR IN THE ALTERNATIVE, PARTIAL SUMMARY JUDGMENT**<br><br>[*Memorandum of Points and Authorities, Declaration of Carol Gillam, Appendix of Exhibits Filed Concurrently Herewith, and [Proposed] Order Lodged Concurrently Herewith*]<br><br>Hearing Date: July 1, 2019<br><br>**NO ORAL ARGUMENT UNLESS REQUESTED BY THE COURT**<br><br>Courtroom 4B<br>The Hon. Cynthia Bashant (Schwartz Courthouse)<br><br>Complaint Filed: October 13, 2015<br>Trial Date: September 17, 2019 |

Case No. 3:15-cv-2287-BAS-NLS

CHARLES MATTHEW ERHART'S NOTICE OF MOTION AND MOTION FOR SUMMARY JUDGMENT, OR IN THE ALTERNATIVE, PARTIAL SUMMARY JUDGMENT

# NOTICE OF MOTION AND MOTION FOR SUMMARY JUDGMENT

**PLEASE TAKE NOTICE** that Plaintiff and Defendant Charles Matthew Erhart ("Mr. Erhart") moves for Summary Judgment, or in the alternative, Partial Summary Judgment, as to Defendant and Plaintiff BofI Federal Bank's ("Defendant" or "BofI") First Amended Complaint ("BofI's FAC") for the following causes of action: (1) fraud; (2) breach of the duty of loyalty; (3) negligence; (4) conversion; (5) breach of contract; (6) violation of California Penal Code § 502; (7) violation of Computer Fraud and Abuse Act § 1030(a)(5); and (8) violation of California Business & Professions Code §§ 17200 *et seq.* The hearing date for this motion is scheduled for July 1, 2019 before the Honorable Cynthia Bashant in Courtroom 4B of this Court, located at 221 West Broadway, Suite 4145, San Diego, CA 92101.

Summary judgment is warranted for the following reasons:

1. BofI cannot prevail on common law misappropriation claims because the California Uniform Trade Secrets Act displaces the common law claims, making them void under the law. Cal. Civ. Code §§ 3426–3426.10. (the common law claims include, but are not limited to, BofI's fraud, breach of duty of loyalty, negligence, and conversion claims.

2. Even if the California Uniform Trade Secrets Act does not displace BofI's common law misappropriation claims, each claim will fail because BofI cannot prove each element.

3. BofI cannot prevail on a fraud claim because BofI cannot prove that Mr. Erhart committed wrongdoing, as Mr. Erhart was authorized in his conduct. *Cicone v. URS Corp.*, 183 Cal. App. 3d 194, 200 (1986).

4. BofI cannot prevail on the breach of duty of loyalty claim because Mr. Erhart's actions were not inimical to BofI. *Fowler v. Varian Assocs., Inc.*, 196 Cal. App. 3d 34, 41 (1987).

5. BofI cannot prevail on a negligence claim because BofI did not claim the correct cause of action, and therefore the negligence claim should be deemed void. BofI's claim for negligence under California common law fails because there is no case law supporting this claim against an employee for the type of conduct alleged. California Labor Code Section 2854.

6. BofI cannot prevail on a conversion claim because BofI cannot prove that Mr. Erhart did not "have a right to possession of the property." *Lee v. Hanley*, 61 Cal. 4th 1225, 1240 (2015). Further, BofI fails to allege substantial, willful interference done without lawful justification.

7. BofI cannot prevail on a claim for breach of contract because the confidentiality agreement that Mr. Erhart signed should be void based on public policy. *Brisbane Lodging, L.P. v. Webcor Builders, Inc.*, 216 Cal. App. 4th 1249, 1256–57 (2013).

8. Even assuming that BofI's confidentiality agreement is not void, Bofi cannot prove that Mr. Erhart breached the confidentiality agreement.

9. BofI cannot prevail on a violation of California Penal Code § 502 claim because they cannot prove that Mr. Erhart did not have permission to access files. Cal. Penal Code § 502(c)(4).

10. BofI cannot prevail on a violation of Computer Fraud and Abuse Act § 1030(a)(5) claim because BofI cannot prove that Mr. Erhart's conduct was not authorized. 18 U.S.C. § 1030(a)(5)(C).

11. BofI cannot prevail on a violation of California Business & Professions Code §§ 17200 *et seq.* claim because they cannot prove that Mr. Erhart acted unlawfully, unfairly, or fraudulently. Cal. Bus. & Prof. Code § 17200.

12. Lastly, BofI cannot prevail on any cause of action because the damages alleged are highly speculative.

The Motion is based upon this Notice of Motion and Motion, the accompanying Memorandum of Points and Authorities, and the Declaration of Carol

////

Gillam in support thereof; all pleadings, papers and other materials in the Court's file for this action; any other matters of which this Court may or must take judicial notice; and any evidence or oral argument offered at any hearing on this Motion.

Dated: May 7, 2019.

THE GILLAM LAW FIRM
*A Professional Law Corporation*

By   */s/CAROL GILLAM*
CAROL GILLAM
SARA HEUM
Attorneys for Plaintiff and Defendant
CHARLES MATTHEW ERHART

-2-   Case No. 15-cv-2287-BAS-NLS
CHARLES MATTHEW ERHART'S NOTICE OF MOTION AND MOTION FOR SUMMARY JUDGMENT, OR IN THE ALTERNATIVE, PARTIAL SUMMARY JUDGMENT

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28