1
2
3
4
5
6
7
8
9
10          **UNITED STATES DISTRICT COURT**

11       **SOUTHERN DISTRICT OF CALIFORNIA**

12

13   CHARLES MATTHEW ERHART,

14                 Plaintiff,

15     v.

16   BOFI FEDERAL BANK,

17                Defendant.

18

19

20

21      And Consolidated Case

22

Case No. 15-cv-02287-BAS-NLS
*consolidated with*
15-cv-02353-BAS-NLS

**ORDER GRANTING IN PART
AND DENYING IN PART THE
PARTIES' MOTIONS
REGARDING FILING
DOCUMENTS UNDER SEAL**

23     Presently before the Court are twelve motions concerning filing documents

24 under seal.[1]  The parties filed the motions in connection with their cross-motions for

25 summary judgment and a motion to exclude expert testimony.  For the following

26 reasons, the Court grants in part and denies in part the motions.

27

28

---

[1] (ECF Nos. 125, 130, 132, 140, 141, 145, 150, 153, 156, 161, 165, 172.)

## BACKGROUND[2]

Defendant BofI Federal Bank is a federally chartered savings and loan association. Defendant's holding company, BofI Holding, Inc., is publicly traded under the Securities Exchange Act of 1934.[3] BofI hired Charles Matthew Erhart as a Staff Internal Auditor in its headquarters in San Diego, California.

These consolidated actions revolve around competing narratives of Erhart's tenure as an internal auditor for BofI. In his pleading, Erhart recounts how he repeatedly battled against pressure from senior management as he discovered conduct he believed to be wrongful. For example, Erhart claims he unearthed evidence that BofI failed to turn over information that was responsive to a subpoena from the Securities and Exchange Commission. Erhart also allegedly discovered that BofI's Chief Executive Officer was "depositing third-party checks for structured settlement annuity payments into a personal account, including nearly $100,000 in checks made payable to third parties." In addition, Erhart claims the Bank engaged in wrongdoing during an examination by BofI's principal regulator, the Department of the Treasury's Office of the Comptroller of the Currency ("OCC").

When BofI learned Erhart was potentially reporting these allegations to the OCC, Erhart claims BofI engaged in a pattern of retaliatory conduct against him, including making false statements about his medical leave and ultimately terminating him. Based on these allegations, Erhart brings seven claims against BofI, including

---

[2] The Court largely adopts this background from its order granting in part and denying in part the parties' motions for judgment on the pleadings. (*See* ECF No. 123; *see also* ECF No. 40.)

[3] BofI Holding's common stock originally traded on The NASDAQ Global Select Market under Section 12(b) of the Exchange Act. *See* Axos Financial, Inc., Registration of Securities (Form 8-A) (Sept. 13, 2018). Since this lawsuit was filed, BofI Holding and BofI Federal Bank have rebranded as Axos Financial, Inc. and Axos Bank. (Tolla Decl. ¶ 2, ECF No. 127-2.) The holding company's shares now trade on The New York Stock Exchange. Axos Financial, Inc., Registration of Securities (Form 8-A) (Sept. 13, 2018).

To be consistent with the record, the Court refers to these entities by their prior names. And unless the distinction is relevant, the Court uses "BofI" and "the Bank" to refer to either BofI Holding, Inc. or BofI Federal Bank.

whistleblower retaliation in violation of the Sarbanes–Oxley Act and the Dodd–Frank Wall Street Reform and Consumer Protection Act.

In contrast, BofI's countersuit portrays Erhart as an entry-level internal auditor who conducted improper "rogue investigations." BofI claims Erhart "abused his power" as an auditor by "initiating and conducting his own unplanned and unapproved investigations into matters that were outside the scope of the" Bank's internal audit plans. In doing so, Erhart allegedly "misrepresented to other BofI employees that he was conducting authorized investigations as part of his job." The Bank also contends that Erhart accessed confidential information for personal gain, disseminated confidential information to "a website that allows comments on the stocks of publicly traded companies," and abandoned his job. In light of these allegations, BofI brings its own catalog of eight claims against Erhart, including breach of contract, breach of the duty of loyalty, and violation of the Computer Fraud and Abuse Act.

BofI is moving for partial summary judgment on several of Erhart's claims. (ECF No. 127.) Erhart is also moving for summary judgment on almost all of BofI's claims. (ECF No. 137.) Erhart is further seeking to exclude the testimony of two expert witnesses at trial. (ECF No. 128.) In connection with these three motions, the parties have filed twelve motions related to sealing documents. Due to the volume of the parties' requests, the Court will refer to each motion by its Electronic Case Filing Number ("ECF No.").

## LEGAL STANDARD

"[T]he courts of this country recognize a general right to inspect and copy public records and documents, including judicial records and documents." *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 (1978). "Unless a particular court record is one 'traditionally kept secret,' a 'strong presumption in favor of access' is the starting point." *Kamakana v. City & Cty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir.

2006) (*citing Foltz v. State Farm Mut. Auto Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003)).  "The presumption of access is 'based on the need for federal courts, although independent—indeed, particularly because they are independent—to have a measure of accountability and for the public to have confidence in the administration of justice."  *Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1096 (9th Cir. 2016) (quoting *United States v. Amodeo*, 71 F.3d 1044, 1048 (2d Cir. 1995)).

A party seeking to seal a judicial record bears the burden of overcoming the strong presumption of access.  *Foltz*, 331 F.3d at 1135.  The showing required to meet this burden depends upon whether the documents to be sealed relate to a motion that is "more than tangentially related to the merits of the case."  *Ctr. for Auto Safety*, 809 F.3d at 1102.  When the underlying motion is more than tangentially related to the merits, the "compelling reasons" standard applies.  *Id.* at 1096–98.  When the underlying motion does not surpass the tangential relevance threshold, the "good cause" standard applies.  *Id.*

"In general, 'compelling reasons' sufficient to outweigh the public's interest in disclosure and justify sealing court records exists when such 'court files might have become a vehicle for improper purposes,' such as the use of records to gratify private spite, promote public scandal, circulate libelous statements, or release trade secrets."  *Kamakana*, 447 F.3d at 1179 (quoting *Nixon*, 435 U.S. at 598).  However, "[t]he mere fact that the production of records may lead to a litigant's embarrassment, incrimination, or exposure to further litigation will not, without more, compel the court to seal its records."  *Id.* (citing Foltz, 331 F.3d at 1136).  The decision to seal documents is "one best left to the sound discretion of the trial court" upon consideration of "the relevant facts and circumstances of the particular case."  *Nixon*, 435 U.S. at 599.

//

//

//

– 4 –

15cv2287

## STANDING ORDER FOR CIVIL CASES

Consistent with the presumptive right of public access to court records, this Court's Standing Order for Civil Cases provides:

> The Court may seal documents to protect sensitive information, however, the documents to be filed under seal will be limited by the Court to only those documents, or portions thereof, necessary to protect such sensitive information.
>
> Parties seeking a sealing order must provide the Court with: (1) a specific description of particular documents or categories of documents they need to protect; and (2) declarations showing a compelling reason or good cause to protect those documents from disclosure. The standard for filing documents under seal will be strictly applied.

(Standing Order ¶ 5.)

## ANALYSIS

The parties' summary judgment motions and Erhart's request to exclude experts at trial are all more than tangentially related to the merits of this consolidated dispute. Hence, these motions and the documents attached to them are subject to the compelling reasons standard. Before turning to the parties' specific sealing requests, the Court addresses a frequent basis asserted in the parties' motions for sealing information: the bank examination privilege.

"Stated broadly, the bank examination privilege is a qualified privilege that protects communications between banks and their examiners in order to preserve absolute candor essential to the effective supervision of banks." *Wultz v. Bank of China Ltd.*, 61 F. Supp. 3d 272, 281 (S.D.N.Y. 2013) (quoting *Linde v. Arab Bank, PLC*, No. 04 Civ. 2799, 2009 WL 3055282, at *1 (E.D.N.Y. Sept. 21, 2009)). The Ninth Circuit has "not addressed" this privilege, which is also known as "the bank examiner's privilege." *Campidoglio LLC v. Wells Fargo & Co.*, 870 F.3d 963, 977 n.5 (9th Cir. 2017). But in recognizing the privilege, other courts have explained that it "arises out of the practical need for openness and honesty between bank examiners and the banks they regulate, and is intended to protect the integrity of the regulatory

process by privileging such communications." *Wultz*, 61 F. Supp. 3d at 281–82 (quoting *Merchants Bank v. Vescio*, 205 B.R. 37, 42 (D. Vt. 1997)); *see also In re Subpoena Served upon Comptroller of Currency*, 967 F.2d 630, 633–34 (D.C. Cir. 1992). Indeed, for successful bank supervision, the bank's "management must be open and forthcoming in response to the inquiries of bank examiners, and the examiners must in turn be frank in expressing their concerns about the bank." *In re Subpoena*, 967 F.2d at 634. "These conditions simply could not be met as well if communications between the bank and its regulators were not privileged." *Id.* The bank examination privilege belongs solely to banking regulatory entities. *See, e.g.*, *In re Bankers Tr. Co.*, 61 F.3d 465, 472 (6th Cir. 1995).

The magistrate judge previously recognized that there are documents relevant to this litigation containing information covered by the bank examination privilege. (ECF No. 100.) Hence, the magistrate judge directed the parties to seek permission from the OCC—the holder of the bank examination privilege—to use documents that disclose "agency opinions and recommendations and banks' responses." (*Id.*) The OCC subsequently asserted the bank examination privilege over certain records, but "determined that the particular circumstances of the [case] warrant making the Records available to the parties in this action, provided that appropriate protection of their confidentiality can be secured." (*See* ECF No. 114.) Thus, the magistrate judge entered a protective order that required, among other things, that the parties file under seal those records for which the OCC provided permission to be used in this case. (*Id.*)

In light of the foregoing, the Court finds it appropriate to seal information subject to the bank examination privilege; namely, the OCC's examination requests to BofI and the Bank's responses to these requests. The Court also finds it appropriate to seal briefing, deposition testimony, and other information that reveals the content of the OCC's requests and the Bank's responses. However, the Court

will require that the parties' redactions be narrowly tailored to this content, making the filings otherwise publicly available.

Beyond material involving bank examination, the parties also seek to redact bank and loan account information and certain non-public information of third parties, including bank customers and employees. The Court generally concludes it is appropriate to grant narrowly tailored requests to seal this information—particularly where the content of this information is unnecessary to understand the Court's orders and the parties' dispute. However, where this is not the case—or where it is unclear why the information is confidential or sensitive—the Court finds the parties have not satisfied the compelling reasons standard. The Court will thus consider each sealing motion in turn.

## I.    ECF No. 125

The Bank moves to seal portions of its motion for summary judgment and approximately ten attachments. (ECF No. 125.) Erhart does not oppose. The Court rules on the proposed redactions in Table 125 attached to this order. Accordingly, the Court grants in part and denies in part ECF No. 125. <u>The Clerk shall accept and file under seal the following documents</u>:

- BofI's Mot. (ECF No. 126-1);
- Tolla Decl. (ECF No. 126-2);
- Ex. C: Erhart Dep. (ECF No. 126-5);
- Ex. E: Erhart Dep. (ECF No. 126-7);
- Ex. F: Ball Dep. (ECF No. 126-8);
- Ex. G: Ball Dep. (ECF No. 126-9);
- Ex. I: Grenet Dep. (ECF No. 126-10);
- Ex. J: Garrabrants Dep. (ECF No. 126-11);
- Ex. M: Tolla Rule 30(b)(6) Dep. (ECF No. 126-13);
- Ex. T: SEC Letter to BofI & Subpoena (ECF No. 126-16);

- Ex. U: BofI Letter to SEC (ECF No. 126-17);

- Ex. X: Erhart E-mail to Ball RE: Subpoena (ECF No. 126-18);

- Ex. AA: Internal Audit Memo RE: Employee Account Review (ECF No. 126-19);

- Ex. UU: BofI's Responses to OCC's Requests (ECF No. 126-20);

- Ex. VV: Erhart E-mails to Shkabara RE: SEC Subpoena (ECF No. 126-21); and

- Ex. XX: Tolla E-mail RE: OCC's Requests (ECF No. 126-22).

The Clerk shall further:

- Reject the lodged, unredacted McWilliams Decl. (ECF No. 126-3) and replace the redacted version on the docket (ECF No. 127-5) with the unredacted copy (ECF No. 126-3);

- Reject the lodged, unredacted Towill Decl. (ECF No. 126-4) and replace the redacted version on the docket (ECF No. 127-6) with the unredacted copy (ECF No. 126-4);

- Reject the lodged, unredacted Ex. D: Erhart Dep. (ECF No. 126-6) and replace the redacted version on the docket (ECF No. 127-10) with the unredacted copy (ECF No. 126-6);

- Reject the lodged, unredacted Ex. K: Garrabrants Dep. Errata Sheet (ECF No. 126-12) and replace the redacted version on the docket (ECF No. 127-17) with the unredacted copy (ECF No. 126-12);

- Reject the lodged, unredacted Ex. Q: Transfer and Assignment Agreement (ECF No. 126-14) and replace the redacted version on the docket (ECF No. 127-23) with the unredacted copy (ECF No. 126-14); and

- Reject the lodged, unredacted Ex. R: Transfer and Assignment Agreement (ECF No. 126-15) and replace the redacted version on the docket (ECF No. 127-24) with the unredacted copy (ECF No. 126-15).

Finally, for those documents that the Court has accepted under seal but denied some

of the Bank's proposed redactions, the Court **ORDERS** the Bank to publicly file revised versions of these documents with only those redactions that the Court has approved. The Bank shall file these items on CM/ECF as a "Notice Regarding Exhibit Attachment" and link the items to the Bank's motion for summary judgment.

## II.     ECF No. 130

Erhart moves to seal certain documents filed in connection with his motion to exclude expert testimony. (ECF No. 130.) Erhart explains that some of the documents lodged under seal were designated confidential, but Erhart does not believe all of the lodged material should be sealed. (*Id.*) BofI responds to the motion and submits proposed redacted versions of several documents. (ECF No. 144.) The Court rules on the parties' proposed redactions in Table 130 attached to this order. Accordingly, the Court grants in part and denies in part ECF No. 130. The Clerk shall accept and file under seal the following documents:

- Ex. 3: van Drunen Rule 26 Report (ECF No. 131-3);
- Ex. 6: Micheletti Dep. (ECF No. 131-4); and
- Ex. 297: Customer Deposit History and Related E-mails (ECF No. 131-5).

The Clerk shall further:

- Reject the lodged, unredacted Ex. 1: van Drunen Am. Rule 26 Report (ECF No. 131-1) and replace the redacted version on the docket (ECF No. 128-4) with the unredacted copy (ECF No. 131-1); and
- Reject the lodged, unredacted Ex. 2: Policy Statement (ECF No. 131-2) and file it as an additional attachment to Erhart's motion to exclude testimony (ECF No. 128).

Finally, for Ex. 3: van Drunen Rule 26 Report (ECF No. 131-3), Erhart shall publicly file a revised version of this document with only those redactions that the Court has approved. Erhart shall file this item as a "Notice Regarding Exhibit Attachment" and link the item to his motion to exclude testimony.

– 9 –

**III.  ECF No. 132**

Erhart moves to seal part of the Deposition of Andrew J. Micheletti, which Erhart references in his motion for summary judgment.  (ECF No. 132.)  Erhart relies on the same deposition transcript in his motion to exclude expert testimony.  BofI responds to the motion to support the request.  (ECF No. 143.)  Upon review, the proposed redactions for this deposition are the same ones considered by the Court in connection with ECF No. 130.  Thus, the Court grants ECF No. 132.  <u>The Clerk shall accept and file under seal the unredacted copy of the Micheletti Deposition (ECF No. 133-1)</u>.  The redacted version that was publicly filed by BofI (ECF No. 143-2) will serve as the public exhibit for Erhart's motion to exclude.

**IV.  ECF Nos. 140, 141, 145**

BofI moves to amend its prior motion to seal, which was considered above (ECF No. 130), explaining that it inadvertently filed an unredacted version of Ex. T in support of BofI's motion for summary judgment—instead of lodging it with the Court.  (ECF No. 140.)  Hence, BofI moves to seal Ex. T in its entirety.  (*Id.*)

Relatedly, BofI files a supplemental motion to seal Ex. T, "which is a relevant excerpt of a confidential letter from the SEC to BofI containing a confidential SEC subpoena" that "contains highly sensitive customer names."  (ECF No. 141.)  However, in making this request, BofI again inadvertently attached an unredacted copy of Ex. T to its motion to seal.  Accordingly, BofI also moves to strike the unredacted version of Ex. T that it filed for the second time in its supplemental motion to seal Ex. T.  (ECF No. 145.)

There are not compelling reasons to seal the customer name at issue.  The name is already disclosed in various other filings, including other documents at issue in this order, and it is public information that the SEC investigated and sought enforcement action against this customer.  Hence, the Court denies BofI's motion to amend its prior motion to seal (ECF No. 140).  The Court denies as moot BofI's supplemental

motion to seal Ex. T (ECF No. 141). Finally, the Court similarly denies as moot BofI's motion to strike (ECF No. 145). <u>Accordingly, the Clerk shall reject the document lodged under seal in ECF No. 142</u>. No further action is needed for these motions.

## V.    ECF No. 150

BofI moves to seal documents used to support the Bank's opposition to Erhart's motion to exclude expert testimony. (ECF No. 150.) First, the Bank seeks to seal limited excerpts of Ex. G (ECF No. 15-8), which is a summary of personnel costs incurred by the Bank. The proposed redactions mask salary, benefits, and bonus information of specific Bank employees and the name of a third-party bank customer. The Court finds sealing this information is appropriate. The Court will seal the non-public information about a bank customer for the same reasons expressed for prior motions to seal. And the Court finds knowledge of the specific salary and bonus rates of select employees is unnecessary to understand the Court's orders and the parties' dispute.

Second, the Bank seeks to seal excerpts of Guido van Drunen's Amended Rule 26 Report. The Court has already considered these proposed redactions and incorporates its analysis from other motions to seal. Thus, the Court denies the request to seal this document. Accordingly, the Court grants in part and denies in part ECF No. 150. <u>The Clerk shall accept and file under seal Ex. G: Summary of Personnel Costs (ECF No. 151-2), but publicly file Ex. H: van Drunen Am. Rule 26 Report (ECF No. 151-2) in place of the redacted version attached to BofI's opposition (ECF No. 152-9)</u>.

## VI.    ECF No. 153

BofI moves to seal parts of eight documents used to support its opposition to Erhart's motion for summary judgment. (ECF No. 153.) Erhart does not oppose.

The Court rules on the proposed redactions in Table 153 attached to this order. Hence, the Court grants in part and denies in part ECF No. 153. The Clerk shall accept and file under seal the following documents:

- Ex. K: Micheletti Dep. (ECF No. 154-3);
- Ex. R: Lopez E-mail RE: FMLA Leave (ECF No. 154-4);
- Ex. V: Lopez E-mail RE: FMLA Leave (ECF No. 154-5);
- Ex. Z: Summary of Personnel Costs (ECF No. 154-6);
- Ex. AA: Gillam E-mail RE: SEC Subpoena (ECF No. 154-7); and
- Ex. BB: Gillam E–mail RE: NYT Article (ECF No. 154-8).

The Clerk shall further:

- Reject the lodged, unredacted Ex. B: Erhart Dep. (ECF No. 154-1) and replace the redacted version on the docket (ECF No. 155-3) with the unredacted copy (ECF No. 154-1); and
- Reject the lodged, unredacted Ex. E: Ball Dep. (ECF No. 154-2) and replace the redacted version on the docket (ECF No. 155-6) with the unredacted copy (ECF No. 154-2).

Finally, for those documents that the Court has accepted under seal but denied some of the Bank's proposed redactions, the Court **ORDERS** the Bank to publicly file revised versions of these documents with only those redactions that the Court has approved. The Bank shall file these items on CM/ECF as a "Notice Regarding Exhibit Attachment" and link the items to the Bank's opposition to Erhart's motion for summary judgment.

## VII.   ECF Nos. 156, 172

Erhart moves to file portions of his opposition to BofI's summary judgment motion and approximately twenty attachments under seal. (ECF No. 156.) BofI produced many of these documents and marked them as confidential; therefore, Erhart invites the Bank to respond to justify keeping the documents under seal. The

Bank does so for some of the documents.  (ECF No. 174.)  The Court rules on the proposed redactions in Table 156 attached to this order.

Beyond those determinations, the Court denies the request to seal any documents that were protectively lodged under seal but that BofI did not also seek to seal.  The Clerk is directed to reject these items, which are:

- Ex. 83: Internal Audit Memo (ECF No. 157-10);
- Ex. 90: Memo RE: Employee Account Review (ECF No. 157-11);
- Ex. 93: Lopez E-mail RE: Strategic Plan Approval (ECF No. 157-12);
- Ex. 98: Williams E-mail RE: Deposit Concentration Risk (ECF No. 157-13);
- Ex. 160: Due Diligence Policy Excerpt (ECF No. 157-14);
- Ex. 228: Lopez E-mail RE: Board Meeting Minutes (ECF No. 157-15);
- Ex. 262: Draft Lottery Audit (ECF No. 157-17);
- Ex. 268: Draft Business Plan Audit (ECF No. 157-18);
- Ex. 280: BSA Policy (ECF No. 157-19);
- Ex. 282: Due Diligence Policy Excerpt (ECF No. 157-20);
- Ex. 295: Erhart E-mail RE: Strategic Plan (ECF No. 157-21); and
- Ex. 296: "Work Paper 6" RE: Business Plan (ECF No. 157-22).

The Court **ORDERS** Erhart to publicly file all of these documents on CM/ECF as a "Notice Regarding Exhibit Attachment" and link the items to his opposition to BofI's motion for summary judgment.

The Clerk shall accept and file under seal the following documents:

- Erhart's Opp'n (ECF No. 157-1);
- Ex. E: Erhart Dep. (ECF No. 157-3);
- Ex. F: Ball Dep. (ECF No. 157-4);
- Ex. M: Brickey Dep. (ECF No. 157-5);
- Ex. N: Sisk Dep. (ECF No. 157-6);
- Ex. O: List of Electronic Format Documents (ECF No. 157-7);

- Ex. 47: Whistleblower Discussion Notes (ECF No. 157-9); and

- Ex. 229: Erhart E-mail RE: Strategic Plan (ECF No. 157-15).

The Clerk shall further:

- Reject the lodged, unredacted Ex. C: Erhart Dep. (ECF No. 157-2) and replace the redacted version on the docket (ECF No. 158-6) with the unredacted copy (ECF No. 157-2).

Finally, for the documents that the Court approved only some of the parties' proposed redactions, the Court **ORDERS** Erhart to publicly file revised versions of these documents with those redactions that the Court has approved. Erhart shall file these items on CM/ECF as a "Notice Regarding Exhibit Attachment" and link the items to his opposition to the Bank's motion for summary judgment.

The Bank also seeks to seal part of its response to Erhart's motion to seal. (ECF No. 172.) This part of the Bank's response argues that the identity of two witnesses and their testimony may be subject to sealing because a protective order guarded this information in a related securities case. Having reviewed the material at issue, including the protective order, the Court denies the request to seal. Although there may be—or have been—good cause to protect the identities of these former employees in the related case, the Court discerns no compelling reasons to seal their identities or factual testimony in this case. Hence, beyond denying BofI's request to seal this information in Table 156, the Court also denies BofI's motion to seal its argument on this issue (ECF No. 172). The Clerk shall reject the lodged version of BofI's response to Erhart's motion (ECF No. 173) and file this unredacted copy (ECF No. 173) in place of the Bank's redacted version (ECF No. 174).

## VIII. ECF Nos. 161 & 165

The Bank moves to seal portions of its reply in support of its motion for summary judgment and several attached exhibits. (ECF No. 161.) Relatedly, the Bank also moves to seal portions of the Joint Statement of Undisputed Facts filed the

– 14 –

same day. (ECF No. 164.) The Court rules on the proposed redactions in Table 161 & 165 attached to this order. Accordingly, the Court grants in part and denies in part these two motions to seal.

The Clerk shall accept and file under seal the following documents:

- Reply (ECF No. 163-1);
- Ex. A: Erhart Dep. (ECF No. 162-1);
- Ex. C: Erhart Dep. (ECF No. 162-2); and
- JSUF (ECF No. 166-1).

The Clerk shall further:

- Reject the lodged, unredacted Ex. D: Garrabrants Dep. (ECF No. 162-3) and replace the redacted version on the docket (ECF No. 164-5) with the unredacted copy (ECF No. 162-3).

Finally, for those documents that the Court has accepted under seal but denied some of the Bank's proposed redactions, the Court **ORDERS** the Bank to publicly file revised versions of these documents with only those redactions that the Court has approved. The Bank shall file these items on CM/ECF as a "Notice Regarding Exhibit Attachment" and link the items to the Bank's reply in support of its motion for summary judgment.

**CONCLUSION**

In light of the foregoing, the Court:

1. **GRANTS IN PART** and **DENIES IN PART** the Bank's motion to seal (ECF No. 125);

2. **GRANTS IN PART** and **DENIES IN PART** Erhart's motion to seal (ECF No. 130);

3. **GRANTS** Erhart's motion to seal (ECF No. 132);

4. **DENIES** BofI's motion to amend its prior motion to seal (ECF No. 140); **DENIES AS MOOT** BofI's supplemental motion to seal (ECF No. 141); and

– 15 –

**DENIES AS MOOT** BofI's motion to strike (ECF No. 145);

     5.     **GRANTS IN PART** and **DENIES IN PART** the Bank's motion to seal (ECF No. 150);

     5.     **GRANTS IN PART** and **DENIES IN PART** BofI's motion to seal (ECF No. 153);

     6.     **GRANTS IN PART** and **DENIES IN PART** Erhart's motion to seal (ECF No. 156);

     7.     **DENIES** BofI's motion to seal (ECF No. 172);

     7.     **GRANTS IN PART** and **DENIES IN PART** BofI's remaining two motions to seal (ECF Nos. 161 & 165); and

     8.     <u>**Directs the Clerk of the Court to complete the various sealing requests that are underlined throughout this order above.**</u>

     **IT IS SO ORDERED.**

**DATED: September 19, 2019**

Hon. Cynthia Bashant
United States District Judge

– 16 –

# TABLE 125

| Item | ECF No. | Description | Determination | Basis/Explanation |
|------|---------|-------------|---------------|-------------------|
| Motion<br>• 12:20–21, 24<br>• 13:2 | 127-1 | Bank/loan account information | Granted | Sensitive financial information |
| Motion<br>• 15:6–18, 20<br>• 15:23–16:13, 15–16 | 127-1 | Argument involving bank examination | Granted in part | The Court seals most of this information in light of the bank examination privilege, but denies the request to seal the fact that Erhart was not responsible for preparing BofI's response to the OCC's relevant inquiry (Mot. 15:23). |
| Motion<br>• 17:11–18:4<br>• 18:6–8<br>• 18:11–13 | 127-1 | Argument involving bank examination | Granted in part | The Court seals most of this information in light of the bank examination privilege, but denies the request to seal the fact that Erhart was not responsible for preparing BofI's response to the OCC's relevant inquiry (Mot. 18:3). |
| Motion<br>• 19:17–22<br>• 20:9–12 & n.12 | 127-1 | Argument involving bank examination | Granted | Bank examination privilege |
| Motion<br>• 20:14–22 & n.13 | 127-1 | Argument involving bank examination | Granted in part | The Court seals most of this information in light of the bank examination privilege, but denies the request to seal the sentence concerning Erhart's belief that BofI was defrauding its regulator (Mot. 20:17–21). |
| Motion<br>• 23:5–12 | 127-1 | Argument involving bank examination | Granted | Bank examination privilege |

Table 125

- 1 -

15cv2287

| Item | ECF No. | Description | Determination | Basis/Explanation |
|---|---|---|---|---|
| Motion<br>• 27:20<br>• 28:2, 4–5, 7–8<br>• 31:21–22<br>• 32:16–17 | 127-1 | Identities of third parties and trust involved in structured settlement transactions | Denied | The identities of the two third parties who sold their structured settlement payments to Seneca One is public information. (*See* BofI's Request for Judicial Notice, Exs. 1–2, ECF Nos. 127-63 to 64.)<br><br>Further, there are not compelling reasons to seal the fact that Seneca One then sold these payments streams to the Bank's CEO. BofI also has not demonstrated compelling reasons to seal the name of the family trust involved in the transactions. Indeed, the CEO testified that he and the trust are one and the same. |
| Motion<br>• 43:16–17 | 127-1 | Argument involving bank examination | Granted | Bank examination privilege |
| Tolla Decl.<br>• ¶¶ 4–11 | 127-2 | Statements regarding bank examination | Granted | Bank examination privilege |
| McWilliams Decl.<br>• ¶¶ 4, 8–9 | 127-5 | Identities of third parties and trust involved in structured settlement transactions | Denied | The Court incorporates its explanation from above. |
| Towill Decl.<br>• ¶¶ 19–20, p. 13 | 127-6 | Identities of third parties and trust involved in structured settlement transactions | Denied | The Court incorporates its explanation from above. |

Table 125
- 2 -

| Item | ECF No. | Description | Determination | Basis/Explanation |
|---|---|---|---|---|
| Ex. C: Erhart Dep.<br>• 614:4, 13, 15, 23<br>• 619:14<br>• 627:5, 7, 9, 19<br>• 632:6<br>• 635:16–17, 20, 22<br>• 647:23–24 | 127-9 | Identities of third parties and trust involved in structured settlement transactions | Denied | The Court incorporates its explanation from above. |
| Ex. C: Erhart Dep.<br>• 723:16<br>• 729:17 | 127-9 | Bank/loan account information | Granted | Sensitive financial information |
| Ex. D: Erhart Dep.<br>• 766:20–21 | 127-10 | Testimony regarding coworker's concern | Denied | This information is not adequately covered by the bank examination privilege. |
| Ex. E: Erhart Dep.<br>• 1144:9–14, 17–18<br>• 1145:8–12, 23–24<br>• 1146:4–5, 14, 21–22<br>• 1149:22–1150:7, 10–11, 25<br>• 1151:1–3, 21–25<br>• 1158:8–9, 16–19, 22–23 | 127-11 | Testimony regarding bank examination | Granted | The Court seals this information in light of the bank examination privilege. However, the Court also highlights that the Bank's proposed redactions for certain pages are inconsistent with those later proposed for the same document. (*Compare* ECF No. 127-11, *with* ECF No. 164-4.) |
| Ex. E: Erhart Dep.<br>• 1246:14–1247:6<br>• 1247:12–14<br>• 1250:4–7, 14–16, 22–25 | 127-11 | Testimony regarding bank examination | Granted in part | The Court seals most of this information in light of the bank examination privilege, but denies the request to seal Erhart's testimony that he believed the bank would be misrepresenting itself to shareholders |

Table 125
- 3 -

| Item | ECF No. | Description | Determination | Basis/Explanation |
|------|---------|-------------|---------------|-------------------|
| • 1251:1–2 | | | | (Erhart Dep. 1247:1–4 (starting at "the bank")). |
| Ex. F: Ball Dep.<br>• 75:10–15<br>• 86:4–7<br>• 146:12–14 | 127-12 | Testimony regarding bank examination | Granted | Bank Examination Privilege |
| Ex. F: Ball Dep.<br>• 146:24–25 | 127-12 | Testimony explaining why BofI's CEO raised his voice | Denied | This information is not adequately covered by the bank examination privilege. |
| Ex. G: Ball Dep.<br>• 299:15–18 | 127-13 | Testimony regarding bank examination | Granted | Bank Examination Privilege |
| Ex. I: Grenet Dep.<br>• 63:21–22 | 127-15 | Identity of third-party bank customer | Granted | The redactions are narrowly tailored to information about a third-party bank customer, and this information is unnecessary to understand the Court's rulings and the parties' dispute. |
| Ex. J: Garrabrants Dep.<br>• 264:2–3, 8, 13<br>• 268:6–9 | 127-16 | Testimony concerning trust involved in structured settlement transactions | Denied | The Court incorporates its explanation from above. |
| Ex. J: Garrabrants Dep.<br>• 146:6–7, 11–12, 14–25 | 127-16 | Testimony regarding bank examination | Granted | Bank examination privilege |
| Ex. J: Garrabrants Dep.<br>• 169:9 | 127-16 | Name of trust | Denied | The Court incorporates its explanation from above. |

Table 125
- 4 -

| Item | ECF No. | Description | Determination | Basis/Explanation |
|------|---------|-------------|---------------|-------------------|
| Ex. K: Garrabrants Dep. Errata Sheet | 127-17 | Name of trust | Denied | The Court incorporates its explanation from above. |
| Ex. M: Tolla Rule 30(b)(6) Dep.<br>• 24:21–25:5<br>• 119:16–24<br>• 120:2–121:25 | 127-19 | Testimony involving bank examination | Granted | Bank examination privilege |
| Ex. Q: Transfer and Assignment Agreement | 127-23 | Identity of third party involved in structured settlement transaction | Denied | The Court incorporates its explanation from above. |
| Ex. R: Transfer and Assignment Agreement | 127-24 | Identity of third party involved in structured settlement transaction | Denied | The Court incorporates its explanation from above. |
| Ex. T: SEC Letter to BofI & Subpoena | 127-26 | Bank/loan account information | Granted | Sensitive financial information |
| Ex. U: BofI Letter to SEC | 127-27 | Bank/loan account information | Granted | Sensitive financial information |
| Ex. X: Erhart E-mail to Ball RE: Subpoena | 127-30 | Bank/loan account information | Granted | Sensitive financial information |
| Ex. AA: Internal Audit Memo RE: Employee Account Review | 127-33 | Bank/loan account information and identities of third parties and trust involved in structured settlement transactions | Granted in part | The Court seals the bank account number and related information. The Court, however, denies the request to seal the other information about the third parties involved in structured settlement transactions based on the Court's explanation from above. |

Table 125
- 5 -

| Item | ECF No. | Description | Determination | Basis/Explanation |
|------|---------|-------------|---------------|-------------------|
| Ex. UU: BofI's Responses to the OCC's Requests | 127-53 | BofI's responses to the OCC's requests | Granted | Bank examination privilege |
| Ex. VV: Erhart E-mails to Shkabara RE: SEC Subpoena | 127-54 | Bank/loan account information | Granted | Sensitive financial information |
| Ex. XX: Tolla E-mail RE: the OCC's Requests | 127-56 | OCC's requests to BofI | Granted | Bank Examination Privilege |

Table 125
- 6 -

**TABLE 130**

| Item | ECF No. | Description | Determination | Basis/Explanation |
|---|---|---|---|---|
| Ex. 1: van Drunen Am. Rule 26 Report<br>• 11<br>• 20 & n.119 | 128-4 | Discussion of Erhart's allegations concerning other bank employees | Denied | Although Erhart's allegations concerning coworkers may be embarrassing, the Court finds this reason is not a compelling justification for sealing the information. *Cf. Kamakana v. City & Cty. of Honolulu*, 447 F.3d 1172, 1179 (9th Cir. 2006). |
| Ex. 1: van Drunen Am. Rule 26 Report<br>• 12 n.54<br>• 15 nn.74–75 | 128-4 | Name of customer targeted by SEC subpoena | Denied | The name of this customer is already publicly disclosed in several other documents, including multiple documents submitted with the parties' motions. Further, that the SEC investigated this customer is public knowledge. |
| Ex. 3: van Drunen Rule 26 Report<br>• 10<br>• 11<br>• 19<br>• 20 & n.116 | 128-5, 144-2 | Discussion of Erhart's allegations concerning other bank employees | Denied | The Court incorporates its explanation from above. |
| Ex. 3: van Drunen Rule 26 Report<br>• 12 n.52<br>• 15 nn.71–72 | 128-5, 144-2 | Name of customer targeted by SEC subpoena | Denied | The Court incorporates its explanation from above. |
| Ex. 3: van Drunen Rule 26 Report<br>• 15 n.73 | 128-5, 144-2 | Bank/loan account information | Granted | Sensitive financial information |

Table 130
- 1 -

| Item | ECF No. | Description | Determination | Basis/Explanation |
|---|---|---|---|---|
| | | | | |
| Ex. 6: Micheletti Dep<br>• 73:18, 24<br>• 74:23–24<br>• 75:7<br>• 77:2–3, 23, 25<br>• 79:6, 12, 24–25<br>• 80:5<br>• 81:11, 14, 21 | 144-4 | Identities of third-party bank customers and associated representatives | Granted | The redactions are narrowly tailored to information about third-party bank customers, and this information is unnecessary to understand the Court's rulings and the parties' dispute. |
| Ex. 297: Customer Deposit History and Related E-mails | 144-5 | Bank/loan account information and identity of third-party bank customer | Granted | The redactions are narrowly tailored to information about a third-party bank customer, and this information is unnecessary to understand the Court's rulings and the parties' dispute. |

Table 130
- 2 -

15cv2287

**TABLE 153**

| Item | ECF No. | Description | Determination | Basis/Explanation |
|------|---------|-------------|---------------|-------------------|
| Ex. B: Erhart Dep.<br>• 639:4–5 | 155-3 | Identities of third parties involved in structured settlement transactions | Denied | The Court incorporates its explanation from above. |
| Ex. E: Ball Dep.<br>• 329:9, 16 | 155-6 | Identity of employee who Erhart investigated | Denied | There are not compelling reasons to seal this information. |
| Ex. K: Micheletti Dep.<br>• 73:18, 24<br>• 74:23–24 | 155-12 | Identities of third-party bank customers and associated representatives | Granted | The Court previously approved these redactions above. |
| Ex. R: Lopez E-mail RE: FMLA Leave | 155-19 | Home address of employee | Granted | The redaction is narrowly tailored to personal information, and this information is unnecessary to understand the Court's rulings and the parties' dispute. |
| Ex. V: Lopez E-mail RE: FMLA Leave | 155-23 | Same as Ex. R | Granted | Same as Ex. R |
| Ex. Z: Summary of Personnel Costs | 155-27 | Same as Ex. G considered in ECF No. 150 | Granted | Same as Ex. G considered in ECF No. 150 |
| Ex. AA: Gillam E-mail RE: SEC Subpoena | 155-28 | Identity of bank client being investigated by the SEC and contact information of third party. | Granted in part | The Court incorporates its explanation from above for the name of the client being investigated. As to the other information, the redaction is narrowly tailored to personal information of a third party, and this information is unnecessary to understand the Court's rulings and the parties' dispute. |

Table 153

- 1 -

15cv2287

| Item | ECF No. | Description | Determination | Basis/Explanation |
|---|---|---|---|---|
| Ex. BB: Gillam E-mail RE: NYT Article | 155-29 | Same contact information of third party as Ex. AA | Granted | Same as part of Ex. AA. |

Table 153

- 2 -

15cv2287

# TABLE 156

| Item | ECF No. | Description | Determination | Basis/Explanation |
|------|---------|-------------|---------------|-------------------|
| Opp'n<br>• 10:21–24<br>• 11:3–7<br>• 13:15–16, 25–26 | 158,<br>174-2 | Argument involving bank examination | Granted | Bank examination privilege |
| Opp'n<br>• 15:26–28<br>• 16:3–5, 11 | 158,<br>174-2 | Information regarding CEO's brother's bank account | Denied | Unlike other potentially non-public bank information, the Court finds this information is necessary to understand the nature of Erhart's allegations concerning CEO Garrabrants's brother's account and BofI's defense to these claims. Hence, there are not compelling reasons to seal this information in these circumstances. |
| Opp'n<br>• 19:14–15, 17–18, 19–20 | 158,<br>174-2 | Argument involving bank examination | Granted in part | The Court seals part of this information in light of the bank examination privilege (Opp'n 19:14–15), but denies the request to seal Erhart's claim that the Bank was defrauding its regulator (Opp'n 17:18). |
| Opp'n<br>• 22:7 | 158,<br>174-2 | Argument involving former employee | Denied | There are not compelling reasons to seal this information. |
| Opp'n<br>• 22:9–14, 19–23, 25 | 158,<br>174-2 | Argument involving bank examination | Granted | Bank examination privilege |
| Opp'n<br>• 21:3–22:3 (varying redactions)<br>• 22:5–23:3 (varying redactions) | 158,<br>174-2 | Argument involving former bank employees' observations | Denied | Neither party demonstrates compelling reasons for sealing this information. |

Table 156
- 1 -

15cv2287

| Item | ECF No. | Description | Determination | Basis/Explanation |
|------|---------|-------------|---------------|-------------------|
| Opp'n<br>• 35:14–17 | 158,<br>174-2 | Argument involving bank examination | Granted | Bank examination privilege |
| Ex. C: Erhart Dep.<br>• 608:19–21, 23<br>• 613:15, 18–19<br>• 614:4, 13, 15, 23<br>• 619:14<br>• 625:19<br>• 626:15 | 158-6,<br>174-3 | Identities of third parties involved in structured settlement transactions | Denied | The Court incorporates its explanation from above. |
| Ex. C: Erhart Dep.<br>• 625:2<br>• 626:21 | 158-6,<br>174-3 | Name of trust | Denied | The Court incorporates its explanation from above. |
| Ex. C: Erhart Dep.<br>• 654:22 | 158-6,<br>174-3 | Information regarding CEO's brother's bank account | Denied | The Court incorporates its explanation from above. |
| Ex. C: Erhart Dep. Errata Sheet<br>• 276:10–12<br>• 627:13<br>• 627:18–20 | 158-6,<br>174-3 | Information regarding third parties involved in structured settlement transactions | Denied | The Court incorporates its prior explanations for the same material. |
| Ex. E: Erhart Dep.<br>• 1144:9–18<br>• 1145:6–12, 22–24<br>• 1150:1–12<br>• 1151:1–7, 17–25<br>• 1246:14–1247:14 | 158-6,<br>174-3 | Testimony regarding bank examination | Granted in part | BofI relies on the same deposition pages in its motion for summary judgment. However, BofI proposes different redactions for this copy of the deposition than those redactions proposed above. (*Compare* ECF No. 174-3, *with* ECF No. 158-6.)  Thus, the Court seals the same material as the Court did above, but denies |

Table 156

- 2 -

15cv2287

| Item | ECF No. | Description | Determination | Basis/Explanation |
|------|---------|-------------|---------------|-------------------|
| | | | | the request to seal additional material on these pages. |
| Ex. F: Ball Dep.<br>• 146:12–15, 24–25 | 158-6,<br>174-3 | Same as above | Granted in part | The Court has already ruled on these redactions. The Court incorporates its explanation from above. The Court denies Erhart's request to seal more of page 146 than the Court previously considered. (*Compare* ECF No. 158-9 at 146, *with* ECF No. 127-12 at 146.) |
| Ex. M: Brickey Dep.<br>• 6:14–15<br>• 127:1–128:25<br>• 133:1–25 | 174-6 | Testimony regarding former employee's observations | Denied | Neither party demonstrates compelling reasons for sealing this information. |
| Ex. M: Brickey Dep.<br>• 23:9–24:8<br>• 24:23–25<br>• 48:1–25<br>• 57:1–60:20<br>• 92:8–10<br>• 92:17–19<br>• 93:7–20 | 147-6 | Testimony regarding bank examination | Granted | Bank examination privilege |
| Ex. M: Brickey Dep.<br>• 24:9–22 | 147-6 | Testimony regarding third party's medical treatment | Granted in part | The Court denies the request to seal the fact that the employee went out on stress leave and later resigned, but grants the request to seal information concerning medical treatment, which is sensitive information of |

Table 156
- 3 -

15cv2287

| Item | ECF No. | Description | Determination | Basis/Explanation |
|------|---------|-------------|---------------|-------------------|
| | | | | a third party that is also irrelevant to the parties' dispute. |
| Ex. N: Sisk Dep. <br> • 24:10–14 | 174-7 | Testimony concerning bank reserves | Granted in part | The Court grants the request to seal the sentence on page 24, lines 10 to 12, in light of the bank examination privilege. |
| Ex. N: Sisk Dep. <br> • 41:3–42:25 <br> • 49:1–25 <br> • 55:1–16 <br> • 59:1–5 <br> • 76:3–25 | 174-7 | Testimony regarding former employee's observations | Denied | Neither party demonstrates compelling reasons for sealing this information. |
| Ex. O: List of Electronic Format Documents <br> • 2 | 174-8 | Bank/loan account information | Granted | Sensitive financial information |
| Ex. O: List of Electronic Format Documents <br> • 2–3 | 174-8 | Information regarding bank examination | Granted | Bank examination privilege |
| Ex. O: List of Electronic Format Documents <br> • 5–8 | 174-8 | Bank/loan account information and information regarding third-party bank customers | Granted | The redactions are narrowly tailored to sensitive financial information and the identities of third-party bank customers, the disclosure of which is unnecessary to understand the Court's rulings and the parties' dispute. |
| Ex. O: List of Electronic Format Documents <br> • 11–18 <br> • 20 | 174-8 | Bank/loan account information and identities of third | Granted in part | The Court denies the request to seal the identities of the third parties involved in structured settlement transactions for the reasons explained above. The Court |

Table 156

- 4 -

| Item | ECF No. | Description | Determination | Basis/Explanation |
|------|---------|-------------|---------------|-------------------|
| | | parties and related information | | otherwise grants the request because the redactions are narrowly tailored to sensitive financial information and the identities of third-party bank customers, the disclosure of which is unnecessary to understand the Court's rulings and the parties' dispute. |
| Ex. O: List of Electronic Format Documents <br> • 18 | 174-8 | Bank examination information | Granted | Bank examination privilege |
| Ex. 47: Whistleblower Discussion Notes <br> • BofI 5900 | 174-10 | Bank examination information | Granted | Bank examination privilege |
| Ex. 47: Whistleblower Discussion Notes <br> • BofI 5902–05 <br> • BofI 5912 | 174-10 | Bank/loan account and customer information | Granted | The redactions are narrowly tailored to sensitive financial information and the identities of third-party bank customers, the disclosure of which is unnecessary to understand the Court's rulings and the parties' dispute. |
| Ex. 47: Whistleblower Discussion Notes <br> • BofI 5905–06 | 174-10 | Information concerning CEO's and brother's bank accounts | Denied | The Court incorporates its explanation from above. |
| Ex. 47: Whistleblower Discussion Notes <br> • BofI 5911 | 174-10 | Erhart's allegations concerning other bank employees | Denied | The Court incorporates its explanation from above. |
| Ex. 229: Erhart E-mail to Ball RE: Strategic Plan | 174-11 | Fiscal Strategic Plan | Granted | The Court seals the Fiscal Strategic Plan because it contains sensitive business information, and the disclosure of this |

Table 156
- 5 -

15cv2287

| Item | ECF No. | Description | Determination | Basis/Explanation |
|------|---------|-------------|---------------|-------------------|
|      |         |             |               | information is unnecessary to understand the parties' dispute and the Court's rulings. |

Table 156

- 6 -

**TABLE 161 & 165**

| Item | ECF No. | Description | Determination | Basis/Explanation |
|---|---|---|---|---|
| Reply<br>• 5:18–6:1, 14<br>• 7:14–15, 17–18<br>• 8:16–18, 20–22<br>• 9:17 | 164 | Argument involving bank examination | Granted | Bank examination privilege |
| Reply<br>• 14 n.10 | 164 | Argument involving CEO's bank account | Denied | The Court incorporates its explanation from above. |
| Reply<br>• 18:8–17 | 164 | Argument involving observations of former employees | Denied | The Court incorporates its explanation from above. |
| Ex. A: Erhart Dep.<br>• 570:13<br>• 574:11<br>• 579:1–2, 6, 9, 21, 23 | 164-2 | Testimony involving third-party bank customer | Granted | The redactions are narrowly tailored to information regarding a third-party bank customer, the disclosure of which is unnecessary to understand the Court's rulings and the parties' dispute. |
| Ex. A: Erhart Dep.<br>• 621:4–6<br>• 624:7–8, 25<br>• 625:2, 19<br>• 632:6 | 164-2 | Identity of third party involved in structured settlement transaction and name of trust | Denied | The Court incorporates its explanation from above. |
| Ex. C: Erhart Dep.<br>• 1144:9–11<br>• 1145:8–10, 23–25<br>• 1146:3–4, 6–7, 10–11<br>• 1151:5–6, 11–12 | 164-4 | Testimony involving bank examination | Granted | The Court has already determined this information may be sealed above. However, the Court notes that the proposed redactions do not match up with those previously suggested by the Bank. |

Table 161 & 165

- 1 -

15cv2287

| Item | ECF No. | Description | Determination | Basis/Explanation |
|---|---|---|---|---|
| | | | | (*Compare* ECF No. 164-4, *with* ECF No. 127-11.) |
| Ex. D: Garrabrants Dep.<br>• 177:19, 21, 25<br>• 178:15–16, 22, 24 | 164-5 | Name of trust | Denied | The Court incorporates its explanation from above. |
| Joint Statement of Undisputed Facts ("JSUF")<br>• ¶ 23<br>• ¶¶ 25–26 | 167 | Bank/loan account information | Granted | Sensitive financial information |
| JSUF<br>• ¶ 29<br>• ¶ 31 | 167 | Bank examination information | Granted | Bank examination privilege |
| JSUF<br>• ¶ 42<br>• ¶ 43 | 167 | Information concerning structured settlement transactions | Denied | The Court incorporates its explanation from above. |

Table 161 & 165
- 2 -