**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| CHARLES MATTHEW ERHART,<br><br>　　　　　　　Plaintiff,<br><br>　v.<br><br>BOFI HOLDING, INC.,<br><br>　　　　　　　Defendant.<br><br>And Consolidated Case | Case No. 15-cv-02287-BAS-NLS<br>*consolidated with*<br>15-cv-02353-BAS-NLS<br><br>**ORDER GRANTING JOINT MOTION TO (A) BIFURCATE TRIAL; AND (B) EXCLUDE CERTAIN ARGUMENTS AND EVIDENCE (ECF No. 211)** |

Presently before the Court is a joint motion to bifurcate trial and exclude certain arguments and evidence. (ECF No. 211.) The Parties report that they "met and conferred over various matters, including bifurcation of trial and the propriety of certain arguments and the admissibility of certain evidence at trial." (*Id.*) And "to have the trial proceed in an expeditious manner and to minimize the number of motions in limine and/or objections that would need to be raised at trial," they have

agreed—subject to the Court's approval—to seven stipulations. (*Id.*) Having reviewed the Parties' request, the Court **GRANTS** the joint motion and orders as follows.

1. The trial of this matter will be bifurcated so that all claims for punitive damages are heard in a second phase (should the requisite findings for such damages be established in the first phase of trial). Erhart agrees that during the first phase of trial he will not make any argument or offer any evidence concerning BofI's net worth, profits, or financial condition. Should there be a second phase of trial, BofI agrees to stipulate, to the extent relevant, to the admission of publicly available documents (or portions thereof) and/or make a witness available to testify concerning its financial condition. For the avoidance of doubt, any doubling or trebling of damages, and any request for an award of attorneys' fees, will be heard by the Court following trial, in accordance with applicable rules and procedures or in a manner specified by the Court.

2. Erhart agrees that he will not make any argument or offer any evidence at trial concerning the net worth of BofI's Chief Executive Officer, Gregory Garrabrants ("CEO Garrabrants"). Erhart also agrees that he will not make any argument or offer any evidence at trial concerning CEO Garrabrants' salary or income without first obtaining leave of Court (which may be done by written motion or orally outside the presence of the jury).

3. Erhart agrees that he will not make any argument or offer any evidence at trial concerning an alleged affair or drug use by current or former BofI employees.

4. Erhart agrees that he will not make any argument or offer any evidence at trial that would reveal the existence of any Suspicious Activity Report ("SAR"). This does not preclude Erhart from testifying about: (1) work he did pertaining to SARs, or his participation in drafting reports pertaining to SARs, to the extent he does not explicitly mention the term SAR, and whether or not a SAR was created; and (2) the underlying facts, transactions, and documents upon which a SAR is based.

5. Erhart will not offer any evidence at trial from any medical professional (whether as an expert, treating physician, consultant, or otherwise) concerning any emotional, mental, or physical distress that he allegedly experienced or suffered as a result of BofI's conduct. Erhart is not precluded by the foregoing agreement from testifying to his own emotional distress, nor from having lay witnesses attest to his emotional distress, for which both sides reserve all rights.

6. Without first obtaining leave of Court (which may be done by written motion or orally outside the presence of the jury), neither party will call as a witness at trial any current or former owner or employee of The Gillam Law Firm, Peter Eavis, or any other recipient of the emails from The Gillam Law Firm that were produced by that Firm, except as may be necessary to authenticate documents or establish a foundational basis for the admissibility of documents. Erhart stipulates to the authenticity of the emails produced by The Gillam Law Firm in response to the subpoena served on The Gillam Law Firm. Neither party will make any argument or offer any evidence at trial concerning the work history of any counsel in the case.

7. The Parties agree that they will not make any argument or offer any evidence at trial concerning any party's or any witness' alleged political beliefs or associations or religious beliefs or associations.

**IT IS SO ORDERED.**

**DATED:  July 2, 2021**

Hon. Cynthia Bashant
United States District Judge