UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| CHARLES MATTHEW ERHART, | Case No. 15-cv-02287-BAS-NLS |
| --- | --- |
| Plaintiff, | *consolidated with* 15-cv-02353-BAS-NLS |
| v. | **ORDER DENYING *EX PARTE* APPLICATION TO REMOVE DOCUMENT FROM THE PUBLIC DOCKET AND FILE IT UNDER SEAL (ECF No. 236)** |
| BOFI HOLDING, INC., | |
| Defendant. | |
| And Consolidated Case | |

Defendant BofI Holding, Inc. ("BofI") moves *ex parte* to remove a declaration and its attachments from the docket to allow BofI to file the information under seal. (ECF No. 236.) BofI's request is based on orders in a related securities case that do not permit BofI to publicly disclose the identity of certain individuals as "confidential witnesses." (*Id.*) Although that may be true, the *ex parte* application lacks merit. "[T]he cat is out of the bag." *SmithKline Beecham Corp. v. Pentech Pharms., Inc.*, 261 F. Supp. 2d 1002, 1008 (N.D. Ill. 2003) (Posner, J.). The Court will not seal information that is now publicly available. *See, e.g.*, *Al Otro Lado v. Wolf*, No. 19-56417 (9th Cir. Feb. 24, 2020) (denying request to seal and collecting case law); *see also Kamakana v. City & Cty. of Honolulu*, 447 F.3d 1172, 1184 (9th Cir. 2006)

1  (affirming an unsealing order because the information at issue was "already publicly
2  available"); *Gambale v. Deutsche Bank AG*, 377 F.3d 133, 144 (2d Cir. 2004)
3  ("[H]owever confidential it may have been beforehand, subsequent to publication it
4  [i]s confidential no longer . . . . [A court] simply do[es] not have the power . . . to
5  make what has thus become public private again."). Accordingly, the Court **DENIES**
6  the *ex parte* application. (ECF No. 236.)

7      **IT IS SO ORDERED.**

9  **DATED: August 18, 2021**

Hon. Cynthia Bashant
United States District Judge