UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHARLES MATTHEW ERHART,<br><br>　　　　　　　　　Plaintiff,<br><br>　　v.<br><br>BOFI HOLDING, INC.,<br><br>　　　　　　　　　Defendant.<br><br>And Consolidated Case | Case No. 15-cv-02287-BAS-NLS<br>*consolidated with*<br>15-cv-02353-BAS-NLS<br><br>**ORDER GRANTING IN PART BOFI'S MOTION IN LIMINE NO. 1 TO EXCLUDE INCOMPLETE DOCUMENTS AND RELATED TESTIMONY (ECF No. 213)** |

Presently before the Court is BofI Holding, Inc.'s Motion in Limine No. 1 to Exclude Incomplete Documents and Related Testimony. (ECF No. 213.) Erhart opposes. (ECF No. 223.) The Court heard argument on the motion. (ECF No. 230.) For the following reasons, the Court **GRANTS IN PART** BofI's Motion in Limine No. 1.

I. **BACKGROUND**

The Court and the parties are familiar with the story behind these consolidated cases awaiting trial. During discovery, BofI requested Erhart produce "[a]ll text

messages YOU have sent or received concerning allegations of any wrongdoing by BofI." (ECF No. 213-4.) Erhart asserted boilerplate objections and agreed to produce any non-privileged, relevant text messages. (ECF No. 213-5.)

During depositions of third parties, BofI learned responsive communications were missing from Erhart's document production. For example, at the deposition of Jacob Gantos, Gantos read into the record a lengthy text conversation that had not been produced. (ECF No. 213-6.) Some texts are relevant to the parties' claims and defenses; others appear not to be. Another witness, Reymundo Castrejon, testified he deleted his texts with Erhart, but his deposition indicates they had more conversations than what was produced by Erhart. (ECF No. 213-8.)

BofI moved to compel production of the missing texts. (ECF No. 107.) This led to the parties' seventh discovery dispute submitted to the Magistrate Judge. Erhart argued BofI's motion to compel was untimely under the Magistrate Judge's Chambers Rules, which require a discovery dispute to be filed within forty-five days of the trigger date, e.g., the date of the response to the written discovery. Extensions are available by court order.

The Magistrate Judge agreed with Erhart, reasoning the text messages were incomplete on their face. (ECF No. 108.) So, although the third-party depositions confirmed the text message production was incomplete more than forty-five days after the motion to compel deadline, BofI could have moved to compel earlier and lacked an excuse for its untimeliness. (*Id.*) In denying the motion to compel, the Magistrate Judge reasoned a motion in limine to exclude the incomplete text chains would be the avenue to cure any potential prejudice to BofI. (*Id.*) BofI now brings such a motion, requesting not only exclusion of the Incomplete Documents[1] and any related testimony, but also an adverse-inference jury instruction.

---

[1] The Incomplete Documents are: Dep. Ex. 60 – Texts with Jacob Gantos (ECF No. 233-11); Dep. Ex. 82 – Texts with Michael Sisk (ECF No. 213-12); Dep. Ex. 140 – Texts with Reymundo Castrejon (ECF No. 213-13); Dep. Ex. 141 – Additional Texts with Reymundo Castrejon (ECF No. 213-14); Dep. Ex. 146 – Group Texts Between Erhart, Reymondo Castrejon, and Daniel Crescitelli (ECF No. 213-15); Dep. Ex. 225 – Texts Between Erhart and Sabrina Koll

## II. LEGAL STANDARD

Rule 26 provides that a party who has responded to a request for production "must supplement or correct its disclosure or response . . . in a timely manner if the party learns that in some material respect the disclosure or response is incomplete or incorrect, and if the additional or corrective information has not otherwise been made known to the other parties during the discovery process or in writing." Fed. R. Civ. P. 26(e)(1)(A). Further, Rule 37(c)(1) provides for exclusion of any evidence or information that a party fails to disclose in a timely manner, unless the violation was harmless or substantially justified. *Id.* 37(c)(1).

Rule 37(c)(1) is an "automatic" sanction that prohibits the use of improperly disclosed evidence. *Yeti by Molly, Ltd. v. Deckers Outdoor Corp.*, 259 F.3d 1101, 1106 (9th Cir. 2001). Litigants can escape the "harshness" of exclusion only if they prove that the discovery violations were substantially justified or harmless. *Id.* (citing Fed. R. Civ. P. 37(c)(1)). The Ninth Circuit further explained:

> The automatic nature of the rule's application does not mean that a district court *must* exclude evidence that runs afoul of Rule 26(a) or (e)—Rule 37(c)(1) authorizes appropriate sanctions "[i]n addition to or instead of [exclusion]." Fed. R. Civ. P. 37(c)(1). Rather, the rule is automatic in the sense that a district court *may* properly impose an exclusion sanction where a noncompliant party has failed to show that the discovery violation was either substantially justified or harmless.

*Merch. v. Corizon Health, Inc.*, 993 F.3d 733, 740 (9th Cir. 2021) (alterations in original).

## III. ANALYSIS

BofI argues allowing Erhart to use the Incomplete Documents would be prejudicial because it was unable to examine witnesses during discovery regarding their complete correspondence with Erhart. (ECF No. 213.) Erhart responds that he

---

(ECF No. 213-16); Dep. Ex. 231 – Texts Between Erhart and Carlos Cesena (ECF No. 213-17); Erhart 000274–278 – Texts Between Erhart and Sabrina Koll (ECF No. 213-18); and Erhart 000210 – Texts between Erhart and Elda Ponce (ECF No. 213-19).

complied with his obligation to provide all relevant documents, and there is no prejudice to BofI. (ECF No. 223.)

BofI's request to exclude the Incomplete Documents is justified. It is obvious that Erhart's document production was incomplete. There are incomplete text chains where it makes no sense that the first relevant message is the one produced. (*See, e.g.*, ECF No. 233-1.)

Therefore, regardless of the Magistrate Judge's discovery order, once Erhart's counsel knew there were relevant, missing texts out there, Erhart should have produced them under his duty to supplement his discovery response. *See* Fed. R. Civ. P. 26(e)(1)(A). Had he produced the messages, he could have shown—by this juncture—that his belated disclosure was substantially justified or harmless. Moreover, Erhart does not show in his Opposition that he lacked access to the missing relevant messages. He fails to meet his burden to avoid the automatic sanction. *See Merch.*, 993 F.3d at 741. Hence, the Court grants BofI's request to exclude the Incomplete Documents. *See* Fed. R. Civ. P. 37(c)(1).

That said, the Court denies BofI's request for an adverse-inference jury instruction. In light of the circumstances of the case and the evidence at issue, the Court finds that sanction would be too harsh. The Court is also unpersuaded that this sanction is necessary to ameliorate the prejudice to BofI caused by the incomplete document production.

BofI also asks the Court to exclude any testimony related to the Incomplete Documents. The Court reserves this issue for trial, as well as whether any of the Incomplete Documents may be used for impeachment.

//
//
//
//
//

## IV. CONCLUSION

For the foregoing reasons, the Court **GRANTS IN PART** BofI's Motion in Limine No. 1 to Exclude Incomplete Documents and Related Testimony. (ECF No. 213.) The Court excludes the Incomplete Documents. *Supra* note 1. The Court reserves the issue of whether any related testimony may be admitted. Finally, the Court declines BofI's request for an adverse-inference jury instruction.

**IT IS SO ORDERED.**

**DATED: January 7, 2022**

Hon. Cynthia Bashant
United States District Judge