1
2
3
4
5
6
7
8
9

10          **UNITED STATES DISTRICT COURT**

11         **SOUTHERN DISTRICT OF CALIFORNIA**

12

13   CHARLES MATTHEW ERHART,          Case No. 15-cv-02287-BAS-NLS
                                      *consolidated with*
                        Plaintiff,   15-cv-02353-BAS-NLS

14

15        v.                         **ORDER GRANTING IN PART
                                      BOFI'S MOTION IN LIMINE**
16   BOFI HOLDING, INC.,             **NO. 2 TO EXCLUDE
                                      INFLAMMATORY EVIDENCE**
17                      Defendant.   **THAT IS UNTETHERED TO
                                      ERHART'S CLAIMS**
18   ─────────────────────────       **(ECF Nos. 215, 232)**

19        And Consolidated Case

20

21        Presently before the Court is BofI Holding, Inc.'s Motion in Limine No. 2 to

22   Exclude Inflammatory Evidence that Is Untethered to Erhart's Claims.  (ECF Nos.

23   215, 232.)  Erhart opposes.  (ECF No. 223.)  The Court heard argument on the motion.

24   (ECF No. 230.)  For the following reasons, the Court **GRANTS IN PART** BofI's

25   Motion in Limine No. 2.

26
27
28

15cv2287

## I.    BACKGROUND

The Court and the parties are familiar with the story behind these consolidated cases awaiting trial.  Early on in this case, the Court discussed the scope of Erhart's federal whistleblower retaliation causes of action, explaining:

> the federal statutes Erhart now seeks to invoke are not general compliance statutes. They do not police all employee grievances and suspicions of wrongdoing. Erhart's alleged beliefs must be at least tethered to the conduct Sarbanes–Oxley and Dodd–Frank seek to uncover and prevent— fraud against shareholders, wire fraud, bank fraud, and the other violations of law these statutes encompass.  He need not prove these laws were being violated, but he must plausibly allege a reasonable belief that they were being violated or that he was providing information relating to a possible securities law violation.

(ECF No. 44.)

At summary judgment, the Court recognized a few of Erhart's beliefs may be actionable for his federal claims.  (ECF No. 192.)  These are: BofI allegedly giving a false or misleading response to an SEC subpoena investigating securities fraud; and BofI allegedly making unauthorized, risky loans to politically exposed persons and criminals, which could impact the Bank's financial condition.

Similarly, at summary judgment, the Court recognized Erhart's California whistleblower retaliation claim was broader than his federal claims.  This claim can encompass retaliation against an employee for reporting *any* believed violation of law.  (ECF No. 192.)  The Court reasoned Erhart's various allegations about BofI hiding information from regulators at the Office of the Comptroller of the Currency ("OCC") could be actionable because laws require the Bank to comply with any request for information from the agency's examiners.  Erhart's alleged belief that the Bank was not making timely 401(k) contributions in violation of federal labor regulations and that its CEO was potentially engaging in tax fraud or money laundering could also be actionable under his California retaliation claim.

Throughout discovery, Erhart deposed current and former BofI employees about their time at the Bank.  Their testimony concerned a range of workplace conduct, including individuals making inappropriate jokes and engaging in crude behavior, BofI having a "fear-based" culture, the Bank being a "boys' club," and BofI's management allegedly lying to a regulator.  (ECF Nos. 232-2 to 232-7.)  BofI now moves to exclude this evidence.

## II.   LEGAL STANDARD

A party may use a motion in limine to exclude inadmissible or prejudicial evidence before it is introduced at trial.  *Luce v. United States*, 469 U.S. 38, 40 n.2 (1984).   Only relevant evidence is admissible.  Fed. R. Evid. 402.  Evidence is relevant if it has any tendency to make a fact more or less probable than it would be without the evidence, and the fact is of consequence in determining the action.  *Id.* 401(a)–(b).

Relevant evidence may be excluded if its probative value is substantially outweighed by, among other things, the danger of unfair prejudice or wasting time. Fed. R. Evid. 403.  The Rule 403 balancing inquiry is made on a case-by-case basis, requiring an examination of the surrounding facts, circumstances, and issues.  *United States v. Lloyd*, 807 F.3d 1128, 1152 (9th Cir. 2015).

## III.   ANALYSIS

The Bank argues evidence of generalized grievances about BofI's purported culture, managerial style, and unrelated misconduct should be excluded because the evidence is irrelevant to Erhart's claims.  (ECF No. 215.)  BofI further argues that actions and statements of individuals not involved in the Bank's decision-making process are not probative for Erhart's employment retaliation claims.  (*Id.*)

In addition, the Bank argues that even if evidence about BofI's purported culture or miscellaneous misconduct is relevant, that evidence should be excluded under Rule 403 as unduly prejudicial, confusing, and a waste of time.  Erhart responds that evidence regarding the "hostile work environment and culture present

at BofI . . . speaks to the Bank's purported reason for firing Mr. Erhart—that he was not completing work—and whether it was a pretext for discrimination because of his whistleblowing."  (ECF No. 233.)

The Court agrees that most of the evidence submitted with BofI's motion is irrelevant or should be excluded under Rule 403.  The Bank is not on trial for any possible grievance.  Whether former employees, many of whom apparently did not work with Erhart, witnessed sexual harassment or made distasteful comments is not relevant to the believed violations of law Erhart has advanced throughout this case.  The fact that the Bank was purportedly a "boys' club" likewise is not relevant to Erhart's retaliation claims.

To that end, Erhart's argument that any evidence of any type of discrimination supports his retaliation claims is not convincing.  The cases he cites are ones where evidence regarding other employees was relevant because they suffered similar discrimination—such as where a court found evidence that other employees were subject to race-based harassment supported the plaintiffs' racial discrimination claims.  *See Aman v. Cort Furniture Rental Corp.*, 85 F.3d 1074, 1082 (3d Cir. 1996).  There is not a comparable connection here for much of the evidence BofI seeks to exclude.  Therefore, the Court grants BofI's request to exclude testimony about potential sexual harassment, inappropriate jokes, employees being unhappy, generalized complaints about a "hostile" or "toxic" work environment, and similar matters.  (*See* Ex. 1 – Heather Michaud Dep. Excerpts, ECF No. 232-2; Ex. 2 – Jeffrey Smith Dep. Excerpts, ECF No. 232-3; Ex. 3 – Jacob Gantos Dep. Excerpts (ECF No. 232-4); Ex. 6 – Daniel Crescitelli Dep. Excerpts (ECF No. 232-7).)

The Court declines, however, to exclude any evidence that BofI had a "fear-based culture," discouraged the reporting of wrongdoing, or reprimanded employees for raising concerns.  (*See* Ex. 4 – Michael Sisk. Dep. Excerpts 55–56 (ECF No. 232-5) (testifying that employees were "suppressed," and he was told he "wasn't supposed to talk to the SEC").  This evidence may be relevant to Erhart's retaliation

1  claims.  (*See* ECF No. 192 (setting forth the elements of Erhart's claims).)  *Cf.*
2  *Lawson v. FMR LLC*, 571 U.S. 429, 435 (2014) (explaining that in passing Sarbanes–
3  Oxley, Congress was particularly concerned about a "corporate code of silence,"
4  which discouraged employees from reporting fraudulent behavior not only to the
5  proper authorities, but also even internally).  Specifically, BofI's purported practices
6  go to whether BofI allegedly retaliated against Erhart for reporting believed
7  wrongdoing to his supervisor and regulators.  *See* Fed. R. Evid. 404(b)(2) (providing
8  character evidence may be admissible to prove motive or intent); *cf. Houserman v.*
9  *Comtech Telecommunications Corp.*, 519 F. Supp. 3d 863, 871–72 (W.D. Wash.
10  2021) (reasoning evidence of non-parties' comparable complaints could be
11  admissible to prove intent of the employer to discriminate under Rule 404(b), but the
12  evidence can be excluded under Rule 403 as prejudicial under a fact-based inquiry).
13  In addition, the Court finds this evidence is relevant to BofI's broad-sweeping
14  countersuit claims and Erhart's defenses to those claims.  (*See* ECF No. 85
15  (discussing Erhart's statements that he was "fearful that the Bank would delete or
16  alter material information" and that he took steps "in case something happened to
17  [him])".)

18       The Court turns to the testimony of Cynthia Brickey, which the parties
19  discussed at oral argument.  Brickey, who left the Bank in 2013, testified that she
20  believed BofI covered up items from OCC regulators and bank management lied to
21  regulators.  Erhart's allegations regarding the OCC occurred in 2015.

22       Brickey's testimony about specific prior acts is not admissible to establish BofI
23  engaged in the same conduct while Erhart was an employee.  *See* Fed. R. Evid.
24  404(b)(1).  If Erhart had knowledge of these events when he encountered comparable
25  conduct in 2015, this evidence could go to whether he reasonably believed BofI was
26  violating the law.  (*See* ECF No. 192 (analyzing reasonable belief standard on
27  summary judgment).)  But in opposing the Bank's motion, Erhart failed to establish
28  he was aware of these allegations or interacted with Brickey.  (*See* ECF No. 233.)

Hence, without a showing from Erhart, the Court grants the Bank's request to exclude Brickey's testimony concerning prior specific acts where the Bank allegedly lied or hid information from OCC regulators. *See United States v. Bensimon*, 172 F.3d 1121, 1127 (9th Cir. 1999) (noting testimony at trial "may bring facts to the district court's attention that it did not anticipate at the time of its initial [motion in limine] ruling"). That said, like above, the Court will permit Brickey to testify that BofI discouraged the reporting of wrongdoing or reprimanded employees for raising concerns. (*See* Ex. 5 – Cynthia Brickey Dep. Excerpts 23:22–24 (ECF No. 232-6).)

## IV.   CONCLUSION

For the foregoing reasons, the Court **GRANTS IN PART** BofI's Motion in Limine No. 2 to Exclude Inflammatory Evidence that Is Untethered to Erhart's Claims. (ECF Nos. 215, 232.)  The Court grants BofI's request to exclude testimony about potential sexual harassment, inappropriate jokes, employees being unhappy, and generalized complaints about a hostile or "toxic" work environment.  The Court also grants in part the request to exclude Brickey's testimony.  The Court declines, however, to exclude any evidence that BofI had a "fear-based culture," discouraged the reporting of wrongdoing, or reprimanded employees for raising concerns.

**IT IS SO ORDERED.**

**DATED:  January 10, 2022**

Hon. Cynthia Bashant
United States District Judge

15cv2287