UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHARLES MATTHEW ERHART, <br><br> Plaintiff, <br><br> v. <br><br> BOFI HOLDING, INC., <br><br> Defendant. <br><br> And Consolidated Case | Case No. 15-cv-02287-BAS-NLS <br> *consolidated with* <br> 15-cv-02353-BAS-NLS <br><br> **ORDER GRANTING IN PART BOFI'S MOTION IN LIMINE NO. 3 TO EXCLUDE EVIDENCE OF PREDICATES OF ALLEGED WRONGDOING THAT THE COURT HAS ALREADY REJECTED (ECF No. 218)** |

Presently before the Court is BofI Holding, Inc.'s Motion in Limine No. 3 to Exclude Evidence of Predicates of Alleged Wrongdoing that the Court Has Already Rejected. (ECF No. 218.) Erhart opposes. (ECF No. 223.) The Court heard argument on the motion. (ECF No. 230.) For the following reasons, the Court **GRANTS IN PART** BofI's Motion in Limine No. 3.

**I.  BACKGROUND**

The Court and the parties are familiar with the story behind these consolidated cases awaiting trial. Erhart claims the Bank violated state and federal anti-retaliation statutes by retaliating against him for reporting conduct he believed to be wrongful

to his supervisor and the government. Erhart's allegations cover a broad scope of conduct.

At summary judgment, the Court addressed whether some of Erhart's allegations are not actionable. (Summ. J. Order, ECF No. 192.) For four categories of allegations, the Court concluded Erhart could not recover under either his federal or state whistleblower retaliation claims. These categories are Erhart's allegations regarding altered financial statements, improper strategic plan approval, miscalculated allowance for loan and lease losses, and altered Bank Secrecy Act QC reports. (*Id.* 10–11; 22–48; 45 n.13; 49 & n.14; 54–57; 62–63, n.23.)

BofI now moves to exclude evidence related to these four categories. (ECF No. 218.) The Bank also seeks to exclude evidence concerning a fifth category—high deposit concentration risk. For that category, the Court concluded Erhart could not recover under his broader, state law whistleblower retaliation claim. (Summ. J. Order 59.) The Court did not address this fifth category in the context of Erhart's federal claims because BofI's motion failed to challenge whether this category could support those claims. (*Id.* 49 n.15.) In addition, BofI seeks to exclude the exhibits Erhart designated concerning these five categories of allegations: "Exhibits 91-98, 206, 229, 230, 268-272, and 295." (ECF No. 218.)

## II.   LEGAL STANDARD

A party may use a motion in limine to exclude inadmissible or excludable evidence before it is introduced at trial. *Luce v. United States*, 469 U.S. 38, 40 n.2 (1984). Only relevant evidence is admissible. Fed. R. Evid. 402. Evidence is relevant if it has any tendency to make a fact more or less probable than it would be without the evidence, and the fact is of consequence in determining the action. *Id.* 401(a)–(b).

Relevant evidence may be excluded if its probative value is substantially outweighed by, among other things, the danger of unfair prejudice or wasting time. Fed. R. Evid. 403. The Rule 403 balancing inquiry is made on a case-by-case

basis, requiring an examination of the surrounding facts, circumstances, and issues. *United States v. Lloyd*, 807 F.3d 1128, 1152 (9th Cir. 2015).

### III. ANALYSIS

BofI argues the evidence related to Erhart's rejected categories is wholly irrelevant to his claims. Moreover, the Bank contends this is a classic case for Rule 403 exclusion: "even if Erhart could establish some minimal probative value of evidence relating to the rejected categories, that probative value would be substantially outweighed by the likelihood that it would result in unfair prejudice, confuse the issues, mislead the jury, cause undue delay, and waste time and judicial resources." (ECF No. 218.) Erhart briefly responds that he plans to use this evidence not for the rejected predicates, "but rather to support other predicates of wrongdoing by BofI." (ECF No. 223.) And if the Court is concerned "about how the evidence will be used, that can readily be addressed at trial, including [by] asking Plaintiff to proffer the reasons for using the evidence." (*Id.*)

Tentatively excluding any evidence related to the four categories the Court rejected for Erhart's state and federal anti-retaliation claims is appropriate. For the reasons explained in the Court's Summary Judgment Order, this evidence cannot support a verdict in Erhart's favor on those claims. (*See* Summ. J. Order 10–11; 22–48; 45 n.13; 49 & n.14; 54–57; 62–63, n.23.) Erhart fails to demonstrate why this evidence is relevant to his other claims or defenses. It follows that the evidence is not "of consequence in determining the action." *See* Fed. R. Evid. 401(b); *see also Multimedia Pat. Tr. v. Apple Inc.*, No. 10-CV-2618-H (KSC), 2012 WL 12868264, at *4 (S.D. Cal. Nov. 20, 2012) (granting motion in limine to preclude parties from "presenting evidence, argument, or opinions concerning claims, patents, or issues dismissed pursuant to summary judgment rulings by the Court").

Moreover, even if this evidence has some minimal relevance to supporting the remainder of Erhart's claims, the Court finds the evidence should be excluded under Rule 403. The evidence's probative value is substantially outweighed by the danger

of confusing the issues, misleading the jury, and wasting time and judicial resources. Therefore, the Court excludes without prejudice any evidence concerning altered financial statements, improper strategic plan approval, miscalculated allowance for loan and lease losses, and altered Bank Secrecy Act QC reports. (*See* Summ. J. Order 10 (listing categories).) *See United States v. Bensimon*, 172 F.3d 1121, 1127 (9th Cir. 1999) (noting testimony at trial "may bring facts to the district court's attention that it did not anticipate at the time of its initial [motion in limine] ruling"). This ruling includes any exhibits underlying these allegations.

The Court turns to the final category of evidence targeted by the Bank's motion—Erhart's allegations concerning high deposit concentration risk. Motions in limine may not be used as a disguise for a motion for summary judgment. *Elliott v. Versa CIC, L.P.*, 349 F. Supp. 3d 1000, 1002 (S.D. Cal. 2018) (collecting cases); *accord Petty v. Metro Gov. of Nashville & Davidson Cnty.*, 687 F3d 710, 720–21 (6th Cir. 2012); *Meyer Intell. Props. Ltd. v. Bodum, Inc.*, 690 F.3d 1354, 1377 (Fed. Cir. 2012). The Court did not dispose of Erhart's deposit concentration risk allegations on summary judgment for all his claims. (Summ. J. Order 49 n.15.) Consequently, BofI's motion in limine is a request for summary judgment in disguise, and the Court denies the motion to exclude this evidence.

//
//
//
//
//
//
//
//
/

## IV.     CONCLUSION

For the foregoing reasons, the Court **GRANTS IN PART** BofI's Motion in Limine No. 3 to Exclude Evidence of Predicates of Alleged Wrongdoing that the Court Has Already Rejected. (ECF No. 218.) The Court grants the request to exclude any evidence, including the designated exhibits, regarding altered financial statements, improper strategic plan approval, miscalculated allowance for loan and lease losses, and altered Bank Secrecy Act QC reports. The Court denies the request to exclude any evidence, including the designated exhibits, regarding high deposit concentration risk.

**IT IS SO ORDERED.**

**DATED:  January 11, 2022**

Hon. Cynthia Bashant
United States District Judge