UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| CHARLES MATTHEW ERHART, | Case No. 15-cv-02287-BAS-NLS |
| --- | --- |
| Plaintiff, | *consolidated with* 15-cv-02353-BAS-NLS |
| v. | **ORDER DENYING BOFI'S MOTION IN LIMINE NO. 4 TO EXCLUDE EVIDENCE OF CONDUCT AND STATEMENTS THAT ARE NOT ACTIONABLE (ECF No. 220)** |
| BOFI HOLDING, INC., | |
| Defendant. | |
| And Consolidated Case | |

Presently before the Court is BofI Holding, Inc.'s Motion in Limine No. 4 to Exclude Evidence of Conduct and Statements that Are Not Actionable. (ECF No. 220.) Erhart opposes. (ECF No. 223.) The Court heard argument on the motion. (ECF No. 230.) For the following reasons, the Court **DENIES** BofI's Motion in Limine No. 4.

I.   BACKGROUND

The Court and the parties are familiar with the story behind these consolidated cases awaiting trial. Erhart has whistleblower retaliation claims and a defamation claim still pending. The evidence for these claims covers a broad scope of conduct.

Erhart asserts that some of BofI's retaliatory conduct occurred after his employment ended on June 9, 2015. For example, in November 2015, the Bank's CEO allegedly told employees he was going to "bury the whistleblower." (Katz Decl. Ex. 4, at 361:4–18, ECF No. 220-6.)

As for Erhart's defamation claim, he has identified various statements throughout this case. For instance, Erhart claims that in mid-to-late 2014, Senior Vice President Tolla called him "Seeking Alpha"—a reference to the investment blog that had published negative articles about BofI. (Katz Decl. Ex. 3, at 248:21–249:3, ECF No. 220-5.) This statement was made "in the bathroom" and not to anyone else. (*See id.*)

BofI now brings a sweeping motion in limine with two goals. (ECF No. 220.) First, the Bank seeks to exclude evidence of any post-termination conduct, arguing this conduct is not relevant to Erhart's whistleblower retaliation claims. (*Id.*) Second, the Bank seeks an individualized determination that seven statements are not actionable for Erhart's defamation claim.

## II.   LEGAL STANDARD

A party may use a motion in limine to exclude inadmissible or excludable evidence before it is introduced at trial. *Luce v. United States*, 469 U.S. 38, 40 n.2 (1984). Only relevant evidence is admissible. Fed. R. Evid. 402. Evidence is relevant if it has any tendency to make a fact more or less probable than it would be without the evidence, and the fact is of consequence in determining the action. *Id.* 401(a)–(b).

Relevant evidence may be excluded if its probative value is substantially outweighed by, among other things, the danger of unfair prejudice or wasting time. Fed. R. Evid. 403. The Rule 403 balancing inquiry is made on a case-by-case basis, requiring an examination of the surrounding facts, circumstances, and issues. *United States v. Lloyd*, 807 F.3d 1128, 1152 (9th Cir. 2015).

## III. ANALYSIS

There are two complications with BofI's fourth motion in limine. First, just because post-termination conduct may not be actionable for Erhart's whistleblower retaliation claims does not mean it is irrelevant. As the Court highlighted at oral argument, the question is whether the evidence is admissible because it shows that something of consequence in the case is more likely than not. *See* Fed. R. Evid. 401.

To illustrate, the Court considers the CEO's post-termination statement that he is going to "bury the whistleblower." The Court agrees that post-employment conduct is not actionable for the retaliation element of Erhart's claims. To recap, these causes of action are retaliation claims under three statutes: Sarbanes–Oxley § 806, 18 U.S.C. § 1514A; Dodd–Frank § 21F, 15 U.S.C. § 78u-6; and California's general whistleblower statute, Cal. Labor Code § 1102.5(b).[1]

Erhart correctly argues that the law permits retaliation claims based on post-employment conduct in a different context—Title VII. *See Robinson v. Shell Oil Co.*, 519 U.S. 337 (1997) (concluding ambiguous term "employees" in Title VII includes former employees, allowing them to bring a claim based on negative, retaliatory job references); *see also Hashimoto v. Dalton*, 118 F.3d 671, 674 (9th Cir. 1997) (noting an adverse employment reference can be a violation of Title VII). However, the fact that Title VII retaliation claims can be based on post-employment conduct does not mean the same is true for Sarbanes–Oxley and Dodd–Frank claims.

Sarbanes–Oxley's whistleblower retaliation provision provides a company may not "discharge, demote, suspend, threaten, harass, or in any other manner discriminate against an employee in the terms and conditions of employment because of" protected activity. 18 U.S.C. § 1514A(a). As the statute indicates, the retaliation that is actionable is "an unfavorable personnel action." *Tides v. The Boeing Co.*, 644

---

[1] Erhart also brings a state law claim for wrongful discharge in violation of public policy. So far, like the parties, the Court has treated this claim as derivative of Erhart's statutory whistleblower retaliation claims. (*See* Summ. J. Order 64.) Erhart provides no reason for the Court to change its approach.

F.3d 809, 814 (9th Cir. 2011).  By comparison, the Title VII anti-retaliation provision says "it shall be an unlawful employment practice for an employer to discriminate against any of his employees . . . [because] he has made [an EEOC] charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under this subchapter."  42 U.S.C. § 2000e-3.  So, Sarbanes–Oxley's text is more circumscribed than Title VII's provision because it specifies the discrimination is "in the terms and conditions of employment."  And Erhart does not point the Court to a case allowing a Sarbanes–Oxley claim based on post-employment conduct.

The Dodd–Frank provision similarly provides no "employer may discharge, demote, suspend, threaten, harass, directly or indirectly, or in any other manner discriminate against, a whistleblower in the terms and conditions of employment because of" protected activity. 15 U.S.C. § 78u-6(h)(1)(A).  As the statute indicates, the prohibited discrimination by an "employer" is in "the terms and conditions of employment." *See id.*

California's general whistleblower statute says an employer "shall not retaliate against an employee for" engaging in protected activity.  Cal. Labor Code § 1102.5(b).  A prerequisite to asserting a violation of the whistleblower statute is the existence of an employer-employee relationship at the time the allegedly retaliatory action occurred.  *Hansen v. Cal. Dep't of Corr. & Rehab.*, 171 Cal. App. 4th 1537, 1546 (2008).  Hence, in *Hansen*, where "the alleged retaliation took place after [the plaintiff] retired," an "employee-employer relationship did not exist," and the employee could "not state a cause of action under Labor Code section 1102.5."  *Id.*; *see also* Retaliation Under Whistleblower Statutes, Cal. Prac. Guide Employment Litigation Ch. 5(II)-B (2020) ("No action lies under [the California statute] for alleged retaliatory conduct (e.g., defamation) after termination of employment.").

Accordingly, the Bank's CEO's post-termination statement to employees that he was going to "bury the whistleblower" does not support the retaliation element of Erhart's claims.  This statement did not discriminate "in the terms and conditions of

[Erhart's] employment." *See* 18 U.S.C. § 1514A; 15 U.S.C. § 78u-6(h)(1)(A). However, the statement has the "tendency to make a fact more or less probable than it would be without the evidence"—namely, whether the Bank's purported constructive discharge of Erhart was in retaliation for protected conduct, as opposed to Erhart "abandoning his job" or not completing his work. And BofI's intent is a fact "of consequence in determining" Erhart's whistleblower retaliation claims. Therefore, it would not be appropriate to exclude this post-termination conduct.

As a similar example, the Court addresses BofI's argument that SVP Tolla's statement that Erhart "is Seeking Alpha" cannot support a defamation claim because it was not published to other individuals. Even if that is correct, this statement, which occurred while Erhart was employed, supports his claim that he was being retaliated against for speaking up about conduct at the Bank. Hence, excluding this statement altogether is likewise not warranted.

The second complication is that the Bank's motion in limine is in truth a motion for summary judgment. Motions in limine may not be used as a disguise for a motion for summary judgment. *Elliott v. Versa CIC, L.P.*, 349 F. Supp. 3d 1000, 1002 (S.D. Cal. 2018) (collecting cases); *see also Petty v. Metro Gov. of Nashville & Davidson Cnty.*, 687 F3d 710, 720–21 (6th Cir. 2012); *Meyer Intell. Props. Ltd. v. Bodum, Inc.*, 690 F.3d 1354, 1377 (Fed. Cir. 2012). "A motion in limine is not a proper vehicle for a party to ask the Court to weigh the sufficiency of the evidence to support a particular claim or defense, because that is the function of a motion for summary judgment, with its accompanying and crucial procedural safeguards." *Elliot*, 349 F. Supp. 3d at 1002.

By asking the Court to exclude certain evidence because it is not actionable for specific claims, BofI is seeking a determination that it is entitled to judgment as a matter of law on "part of each claim" or for specific issues. *See* Fed. R. Civ. P. 56(a), (g); *see also Nat'l Union Fire Ins. Co. of Pittsburgh, PA v. Ready Pac Foods, Inc.*, 782 F. Supp. 2d 1047, 1052 (C.D. Cal. 2011) ("Under Federal Rules of Civil

Procedure, Rule 56(g), partial summary judgment or summary adjudication is appropriate as to specific issues if it will narrow the issues for trial."). A motion in limine, particularly one as broad as this motion, is not the correct device to summarily adjudicate these issues.

Accordingly, the Court denies BofI's request to slice-and-dice Erhart's retaliation and defamation claims. This ruling is without prejudice to BofI raising Rule 402 and 403 objections at trial, as well as advancing legal arguments through a Rule 50(a) motion.

## IV. CONCLUSION

For the foregoing reasons, the Court **DENIES** BofI's Motion in Limine No. 4 to Exclude Evidence of Conduct and Statements That Are Not Actionable. (ECF No. 220.)

**IT IS SO ORDERED.**

DATED: January 12, 2022

Hon. Cynthia Bashant
United States District Judge