# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHARLES MATTHEW ERHART,<br><br>  Plaintiff,<br><br>  v.<br><br>BOFI HOLDING, INC.,<br><br>  Defendant.<br><br>And Consolidated Case | Case No. 15-cv-02287-BAS-NLS<br>*consolidated with*<br>15-cv-02353-BAS-NLS<br><br>**ORDER GRANTING IN PART MOTION IN LIMINE NO. 5 TO EXCLUDE EVIDENCE OF ANY DAMAGES THAT REQUIRE COMPUTATION (ECF No. 221)** |

Presently before the Court is BofI Holding, Inc. ("BofI" or "Bank")'s Motion in Limine No. 5 to Exclude Evidence of Any Damages that Require Computation. (Mot., ECF No. 221.) Charles Matthew Erhart opposes. (Opp'n, ECF No. 223.) The Court heard argument on the motion. (ECF No. 230; *see also* Hr'g Tr., ECF No. 234.) For the following reasons, the Court **GRANTS IN PART** BofI's Motion in Limine No. 5.

**I.   BACKGROUND**

The Court and the parties are familiar with the story behind these consolidated cases. After extensive discovery and motion practice, the cases now await trial. Erhart is a former employee of the Bank who reported believed wrongdoing to the

government. He brings claims for, among other things, whistleblower retaliation in violation of the Sarbanes-Oxley Act, whistleblower retaliation in violation of the Dodd-Frank Act, and defamation under California state law. Erhart's Complaint seeks relief in the form of "compensatory damages, including lost wages, medical benefits and other employment benefits," "double back pay with interest," "general, mental and emotional distress damages," and "punitive damages." (Second Am. Compl. 38–39, ECF No. 124.)

BofI's Motion in Limine No. 5 relies on a fact that seems incredulous: Erhart has not once throughout these cases ever provided an estimate of his damages. (Mot. 3:1–15.) The Bank therefore seeks to preclude Erhart from presenting evidence of any damages that require computation at trial. (*Id.* 4:21–5:2.)

To support its request, the Bank points to Erhart's Rule 26 Initial Disclosures. (Initial Disclosures, Katz Decl. ¶ 3, Ex. 1, ECF No. 221-3.) In disclosing the "computation of each category of damages claimed," *see* Fed. R. Civ. P. 26(a)(1)(iii), Erhart stated:

> Plaintiff seeks all actual, consequential and incidental financial losses, including lost future wages, lost employment benefits, bonuses, overtime, vacation benefits, medical bills, mental and emotional distress, attorneys' fees and costs, and other special and general damages according to proof. Discovery is ongoing.

(*Id.* 12:21–26.)

BofI later propounded written discovery to Erhart. The Bank's Interrogatories, Set Two, consisted of four questions regarding damages:

> INTERROGATORY NO. 14: State the BASIS for any and all compensatory damages YOU seek in YOUR COMPLAINT.
>
> INTERROGATORY NO. 15: State the BASIS for any and all general damages YOU seek in YOUR COMPLAINT.
>
> INTERROGATORY NO. 16: State the BASIS for any and all emotional distress damages YOU seek in YOUR COMPLAINT.

> INTERROGATORY NO. 17: State the BASIS for any and all punitive damages YOU seek in YOUR COMPLAINT.

(BofI's Interrogatories, Set Two 2:2–13, Katz. Decl. ¶ 4, Ex. 2, ECF No. 221-4.) "BASIS" meant providing "the alleged connection between BofI's conduct and YOUR alleged damages, and a calculation of each damage." (*Id.* 1:24–26.) After raising objections, Erhart responded to the question about compensatory damages with:

> Plaintiff seeks all damages allowable by law on his claims, including without limitation past and future lost wages and benefits, penalties, liquidated damages, attorneys fees and costs, and emotional distress damages. All damages were proximately caused by Defendants' acts as alleged in the First Amended Complaint. Calculations of such damages shall be done in accordance with acceptable practices for determining such damages. *See* Erhart000001-000504.

(Resp. to Interrogatories 7:20–26, Katz. Decl. ¶ 5, Ex. 3, ECF No. 221-5.) He provided a comparable response to the other interrogatories—he stated his damages will be determined "in accordance with acceptable practices" for doing so and provided a blanket citation to "Erhart000001-000504." (*Id.* 8:16–24; 9:16–24; 11:6–10.)

Further, the Bank met and conferred with Erhart unsuccessfully on the damages issue, including before filing its motion in limine. (Katz Decl. ¶ 7; *see also* Hr'g Tr. 47:6–9 (noting the Bank met and conferred with Erhart "two-plus years ago and several occasions since").)

Erhart briefly responds to the Bank's motion. (Opp'n 11:16–12:14.) He does not submit any evidence or discovery materials with his response. Instead, he argues "the jury, not Mr. Erhart, will compute the damages to which he is entitled." (*Id.* 13:2–3.) Hence, Erhart argues he "was 'substantially justified' in not providing any computation" of his damages to the Bank. (*Id.* 13:4–5.)

Given this lackluster response, the Court at oral argument said it was inclined to mostly grant the Bank's motion and pressed Erhart's counsel to explain why Erhart

never disclosed his damages. (Hr'g Tr. 43:12–50:19.) Counsel first responded, "I guess we are unaccustomed to feeling like we have to put on an expert for simple computation damages." (*Id.* 43:25–44:26.) Yet, the Court highlighted the issue is not one of needing expert testimony, but rather that Erhart never provided any statement of his claimed damages in discovery. (*Id.* 43:25–44:7.) Erhart's counsel next responded that Erhart did enough because "[w]e showed them all the records of what his earnings were post-termination." (*Id.* 44:8–11; *but see* Initial Disclosures 12:21–26 (seeking "all actual, consequential and incidental financial losses, including lost future wages, lost employment benefits, bonuses, overtime, vacation benefits, medical bills, mental and emotional distress, attorneys' fees and costs, and other special and general damages according to proof").)

When pressed further about Erhart's failure to provide any of his claimed damages in response to the Bank's written discovery, counsel responded that the Bank "seem[ed] to have no trouble hiring an expert to make those exact computations with the evidence that we turned over to them." (Hr'g Tr. 44:12–24.) Ultimately, having not received a straightforward response to its questions, the Court inquired about specific categories of damages and again asked why Erhart did not "provide any estimate of his damages whatsoever," to which counsel responded:

> I have to say I'm sorry. I am sorry. My associate was there handling this. They – we had income – I thought that all the meet-and-confers we did were so inconclusive, and then they got dropped, and no one picked up on them for these couple years.
>
> So my bad if I didn't sufficiently get involved and see that, oops, we should have done something we didn't do.

(*Id.* 49:24–50:5.) The Court took the motion under submission.

## II. ANALYSIS

### A. Compliance with Rule 26

Federal Rule of Civil Procedure 26 requires that a party's initial disclosures provide a "computation of each category of damages claimed by the disclosing

party." Fed. R. Civ. P. 26(a)(1)(A)(iii). The purpose of Rule 26's initial disclosures is to enable defendants to understand their potential exposure and make informed decisions as to settlement and discovery. *City & Cty. of San Francisco v. Tutor-Saliba Corp.*, 218 F.R.D. 219, 221 (N.D. Cal. 2003); *see also Hewlett Packard Co. v. Factory Mut. Ins. Co.*, No. Civ. 04-2791 TPG DF, 2006 WL 1788946, at *14 (S.D.N.Y. June 28, 2006) ("[E]arly disclosure of a party's damages computation provide[s] [the] opposing party with an early understanding of the basis and amount of any damages claim it is facing, so that it may conduct meaningful discovery as to the underpinning of such a claim.").

"A computation of damages may not need to be detailed early in the case before all relevant documents or evidence has been obtained by the plaintiff. As discovery proceeds, however, the plaintiff is required to supplement its initial damages computation to reflect the information obtained through discovery." *LT Game Int'l Ltd. v. Shuffle Master, Inc.*, No. 2:12-cv-01216-GMN, 2013 WL 321659, at *6 (D. Nev. Jan. 28, 2013); *see also* Fed. R. Civ. P. 26(e). Moreover, "[c]omputation of each category of damages," as used in Rule 26, "contemplates some analysis beyond merely setting forth a lump sum amount for a claimed element of damages." *Silver State Broad., LLC v. Beasley FM Acquisition*, No. 2:11-CV-01789-APG-CWH, 2016 WL 320110, at *2 (D. Nev. Jan. 25, 2016) (citing *Tutor-Saliba Corp.*, 218 F.R.D. at 221), *aff'd*, 705 F. App'x 640 (9th Cir. 2017); *see also Grouse River Outfitters, Ltd. v. Oracle Corp.*, 848 F. App'x 238, 244 (9th Cir. 2021) ("Rule 26(a)(1)(A)(iii) contemplates damages computation analysis and explanation.").

Accordingly, a plaintiff "cannot shift to the defendant the burden of attempting to determine the amount of the plaintiff's alleged damages." *Jackson v. United Artists Theatre Circuit, Inc.*, 278 F.R.D. 586, 593–94 (D. Nev. 2011). "The Defendants are not required to compute damages, Rule 26 requires plaintiffs to do so." *Villagomes v. Lab. Corp. of Am.*, 783 F. Supp. 2d 1121, 1129 (D. Nev. 2011).

Here, Erhart failed to comply with Rule 26's disclosure requirement. He did not even provide a lump sum for each category of damages, let alone a computation and analysis. And Erhart's argument that he provided the relevant documents for BofI to figure out his damages is not well taken. Rule 26(1)(A)(iii) plainly requires Erhart to provide "a computation of each category of damages" in addition to "mak[ing] available for inspection and copying . . . the documents . . . on which each computation is based." Fed. R. Civ. P. 26(1)(A)(iii); *see also, e.g.*, *Design Strategy, Inc. v. Davis*, 469 F.3d 284, 295 (2d Cir. 2006) (reasoning that Rule 26 "by its very terms" requires more than providing documents without any explanation); *Agence France Presse v. Morel*, 293 F.R.D. 682, 685 (S.D. N.Y. 2013) ("Put simply, damages computations and the documents supporting those computations are two different things, and Rule 26 obliges parties to disclose and update the former as well as the latter."). For example, to assess his claim for future damages and "front pay" (*see* Hr'g Tr. 48:4), BofI would need to know items like how long Erhart expected to work at BofI, what his expected salary with a new employer would be, and other matters. *Cf. Passantino v. Johnson & Johnson Consumer Prod., Inc.*, 212 F.3d 493, 511–13 (9th Cir. 2000) (reviewing damages award for front pay in Title VII and Washington anti-discrimination law case that was based on expected retirement age, salary at a different employer, potential promotion path, expected cash and stock bonuses, and a position the plaintiff believed she was qualified to hold). The Bank is likewise entitled to a calculation for Erhart's claim for medical expenses. Erhart "cannot shift" to BofI "the burden of attempting to determine the amount of [his] alleged damages." *See Jackson*, 278 F.R.D. at 593–94.

Hence, the Court concludes Erhart violated Rule 26 for any categories of damages that can be computed. From his Initial Disclosures, these categories include lost future earnings and wages, "lost employment benefits, bonuses, overtime, vacation benefits, [and] medical bills." (Initial Disclosures 12:21–26.) The same is true for any claim for back pay. (Second Am. Compl. 38:15–18.)

       Whether Erhart violated Rule 26 for his more nebulous categories of damages is a closer call. Erhart is seeking emotional distress damages, punitive damages, and reputational damages. (Initial Disclosures 12:21–26; *see also* Second Am. Compl. ¶ 149 (alleging defamatory publications injured Erhart's "personal, business, and professional reputation").) Some courts have reasoned a computation is not required for these types of damages because they are "difficult to quantity" and are "typically considered a fact issue for the jury." *See E.E.O.C. v. Wal-Mart Stores, Inc.*, 276 F.R.D. 637, 639 (E.D. Wash. 2011) (collecting cases); *see also, e.g.*, *Williams v. Trader Publ'g, Co.*, 218 F.3d 481, 486 n.3 (5th Cir. 2000) ("Since compensatory damages for emotional distress are necessarily vague and are generally considered a fact issue for the jury, they may not be amenable to the kind of calculation disclosure contemplated by Rule 26(a)(1)(C)."). Given the facts here, the Court finds those opinions are persuasive. It would be difficult to quantify Erhart's expected emotional distress, punitive, and reputational damages.

       Overall, the Court concludes Erhart violated his disclosure obligations for those categories of damages that can be calculated, but did not violate his disclosure obligations for his more nebulous categories of damages.

       **B.**     **Exclusion under Rule 37**

       The Court turns to the consequence of Erhart not disclosing any of his damages that can be estimated. Rule 26(e)(1)(A) requires disclosing parties to supplement their prior disclosures "in a timely manner" when the prior response is "incomplete or incorrect." Fed. R. Civ. P. 26(e)(1)(A). Rule 37(c)(1) provides for exclusion of any evidence or information that a party fails to disclose in a timely manner, unless the violation was harmless or substantially justified. *Id.* 37(c)(1); *see also Hoffman v. Constr. Protective Servs., Inc.*, 541 F.3d 1175, 1179 (9th Cir. 2008); *Yeti by Molly, Ltd. v. Deckers Outdoor Corp.*, 259 F.3d 1101, 1106 (9th Cir. 2001).

       Rule 37(c)(1) is an "automatic" sanction that prohibits the use of improperly disclosed evidence. *Yeti*, 259 F.3d at 1106. Litigants can escape the "harshness" of

exclusion only if they prove that the discovery violations were substantially justified or harmless. *Id.* (citing Fed. R. Civ. P. 37(c)(1)). The Ninth Circuit further explained:

> The automatic nature of the rule's application does not mean that a district court *must* exclude evidence that runs afoul of Rule 26(a) or (e)—Rule 37(c)(1) authorizes appropriate sanctions "[i]n addition to or instead of [exclusion]." Fed. R. Civ. P. 37(c)(1). Rather, the rule is automatic in the sense that a district court *may* properly impose an exclusion sanction where a noncompliant party has failed to show that the discovery violation was either substantially justified or harmless.

*Merch. v. Corizon Health, Inc.*, 993 F.3d 733, 740 (9th Cir. 2021) (alterations in original).

Accordingly, where a failure to provide a computation of damages was not substantially justified or harmless, courts have granted motions in limine to preclude evidence of those damages under Rule 37(c)(1)'s automatic sanction. *See, e.g.*, *Hoffman*, 541 F.3d at 1179–80 (holding district court did not abuse its discretion in excluding evidence of damages under the Fair Labor Standards Act and California Labor Code provisions where damage calculations were not disclosed); *Grouse River Outfitters*, 848 F. App'x at 244 (concluding district court did not abuse its discretion in excluding evidence of damages where plaintiff did not adequately disclose damages computation and explanation).

Erhart does not meet his burden to avoid Rule 37(c)(1)'s sanction. His counsel's justifications, including that BofI could figure out his damages with an expert and that a junior attorney is to blame, are unacceptable. *See Atari Interactive, Inc. v. Redbubble, Inc.*, No. 18-CV-03451-JST, 2021 WL 2766893, at *4 (N.D. Cal. June 29, 2021) ("Atari has offered no justification for its failure to disclose damages calculations or evidence other than its incorrect assertion that no disclosure was required."); *cf. Liew v. Breen*, 640 F.2d 1046, 1050 (9th Cir. 1981) (reasoning a "good faith dispute concerning a discovery question might, in the proper case, constitute 'substantial justification'").

      Nor does Erhart prove the violation was harmless. He attaches no evidence to his response to the Bank's motion. The Court will not assume the Bank had all the information it needed to surmise Erhart's various damages. And even if BofI did, the violation still deprived the Bank of the "damages computation analysis and explanation" that it was entitled to at the outset of discovery, not on the doorstep of trial. *See Grouse River Outfitters*, 848 F. App'x at 244. Hence, BofI has not had the opportunity to fully assess and investigate Erhart's claimed damages. *See Tutor-Saliba Corp.*, 218 F.R.D. at 221; *see also Hewlett Packard Co.*, 2006 WL 1788946, at *14 (explaining early disclosure of a party's damages computation allows the opposing party to "conduct meaningful discovery as to the underpinning of such a claim"). So, on this record, which is blank, the Court cannot conclude Erhart meets his burden.

      The question, then, is whether the Court should order Erhart to disclose his calculable damages at the eleventh hour, instead of excluding the evidence, and consider imposing other sanctions. *See Merch.*, 993 F.3d at 740 (explaining Rule 37(c)(1) authorizes appropriate sanctions "[i]n addition to or instead of [exclusion]"). The Court finds the default sanction—exclusion—is the appropriate consequence here. By the time the Bank brought this motion in limine, discovery had long been closed. Further, BofI argues prejudice exists because it may need to reopen Erhart's deposition, subpoena his current employer or historical employers, or have an expert do a supplemental report to respond to the belated disclosures. (Hr'g Tr. 46:24–47:17.) The Court agrees. "Where late disclosure of damages would likely require the Court 'to create a new briefing schedule and perhaps re-open discovery, rather than simply set a trial date,' a failure to disclose is not harmless." *Fed. Trade Comm'n v. Cardiff*, No. ED CV 18-2104-DMG (PLAx), 2021 WL 3616071, at *5 (C.D. Cal. June 29, 2021) (quoting *Hoffman*, 541 F.3d at 1180); *see also, e.g., Yeti by Molly*, 259 F.3d at 1107 (finding harm to party that would have had to depose and prepare to question late-disclosed expert witness one month before trial); *Jacked Up,*

*LLC v. Sara Lee Corp.*, No. 3:11-CV-3296-L, 2019 WL 1098992, at *9 (N.D. Tex. Mar. 8, 2019) (reasoning "it would be fundamentally unfair to subject [defendant] to a continuance under these circumstances, especially given [plaintiff's] failure to offer any explanation for its failure to disclose [its] damages calculations years earlier in compliance with Rule 26").

In sum, Erhart violated Rule 26 by failing to provide any estimate of his calculable damages throughout these cases. He does not meet his burden to show this violation was substantially justified or harmless. Therefore, the Court grants the Bank's request to exclude evidence of those damages under Rule 37(c)(1).[1]

### III. CONCLUSION

For the foregoing reasons, the Court **GRANTS IN PART** BofI's Motion in Limine No. 5 to Exclude Evidence of Any Damages that Require Computation. (ECF No. 220.) The Court excludes evidence of those categories of damages that are computable: Erhart's claims for future wages and earnings, lost employment benefits, bonuses, overtime, vacation benefits, medical expenses, and back pay. The Court declines to exclude evidence of those categories of damages that are difficult to quantity: Erhart's claims for emotional distress damages, reputational damages, and punitive damages.

**IT IS SO ORDERED.**

DATED: January 13, 2022

Hon. Cynthia Bashant
United States District Judge

---

[1] As the Ninth Circuit noted, there is "some support" for the argument that the Court "should consider factors traditionally considered in evaluating dismissal sanctions under Rule 37(b)(2)(A)(v)" when excluding "case-dispositive evidence." *Merch.*, 993 F.3d at 740; *see also R & R Sails, Inc. v. Ins. Co. of Pa.*, 673 F.3d 1240, 1242 (9th Cir. 2012) (reasoning sanction amounted to dismissal of a claim where the exclusion of evidence of damages led to summary judgment on the claim). Although Erhart did not raise this argument, the potentially relevant authority is distinguishable. Excluding some but not all of Erhart's categories of damages does not deal "a fatal blow" to his claims. *See Merch.*, 993 F.3d at 740.