UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHARLES MATTHEW ERHART,<br><br>Plaintiff,<br><br>v.<br><br>BOFI HOLDING, INC.,<br><br>Defendant.<br><br>And Consolidated Case | Case No. 15-cv-02287-BAS-NLS<br>*consolidated with*<br>15-cv-02353-BAS-NLS<br><br>**ORDER GRANTING IN PART ERHART'S MOTION IN LIMINE NO. 5 TO EXCLUDE EVIDENCE, REFERENCE, OR INNUENDO REGARDING COUNSEL'S DISTRIBUTION OF COPIES OF THE COMPLAINT (ECF No. 222)** |

Presently before the Court is Charles Matthew Erhart's Motion in Limine No. 5 to Exclude Evidence, Reference, or Innuendo Regarding Counsel's Distribution of Copies of the Complaint. (ECF No. 222, at 21:6–29:15.) BofI Holding, Inc. ("BofI" or "Bank") opposes. (ECF No. 225, at 8:1–13:28.) The Court heard argument on the motion. (ECF No. 230; *see also* Hr'g Tr., ECF No. 234.) For the following reasons, the Court **GRANTS IN PART** Erhart's Motion in Limine No. 5.

**I.      BACKGROUND**

The Court and the parties are familiar with the story behind these consolidated cases awaiting trial. Erhart is a former employee of the Bank who reported believed wrongdoing to the government. He brings claims for, among other things,

whistleblower retaliation in violation of the Sarbanes-Oxley Act, whistleblower retaliation in violation of the Dodd-Frank Act, and violation of California's general whistleblower statute, Cal. Labor Code § 1102.5(b). BofI brings countersuit claims that include breach of contract based on Erhart's alleged breach of an employee confidentiality agreement.

One of BofI's theories is that Erhart became disgruntled after receiving a mediocre performance review and learning other employees were getting "bonuses but he wasn't, and he felt he deserved a bigger bonus." (Crescitelli Dep. 68:9–23, Towill Decl. ¶ 8, Ex. I, ECF No. 225-4.) Coworkers allege Erhart repeatedly expressed that he wanted to "bring down the Bank" before he disclosed confidential information to the government and stopped coming to work. (*Id.*; Grenet Dep. 121:21–24, 121:18–20, Towill Decl. ¶ 6, Ex. G, ECF No. 227-5.)

In his Motion in Limine No. 4, Erhart moved to exclude evidence related to his motive. (ECF No. 222, at 21:6–25:5.) He argued whistleblowers' motivations are irrelevant to whether their disclosures are protected. (*Id.*) The Court denied that motion, explaining that Erhart's statements "could go to his subjective belief" of whether BofI was engaged in wrongdoing, which Erhart must prove at trial. (Hr'g Tr. 7:12–16; 41:17–18; *see also* ECF No. 22, at 22:5–27:2 (analyzing the subjective belief requirement and dismissing Erhart's federal claims with leave to amend because he did not allege he actually believed that the conduct complained of constituted a violation of relevant law).) Indeed, Erhart's credibility is central to these cases. A jury could rely on his statements to conclude he disclosed a litany of internal, potentially damaging information not because he actually believed BofI was violating the law, but because he wanted to "bring down the Bank."

The evidence underlying Erhart's Motion in Limine No. 5 is related to the Bank's theory addressed in Motion in Limine No. 4. As part of Erhart's purported effort to damage the Bank, BofI claims he included confidential information in his

Complaint and sought widespread distribution of the Complaint "to inflict substantial injury on BofI" in the stock market. (ECF No. 225, at 8:12–25.)

Erhart now moves to exclude "evidence of his counsel's distribution of filed copies of the original complaint filed in this action." (ECF No. 222.) To describe the evidence, his motion states: "Copies were sent to anyone who called counsel's office after the filing and asked for a copy. In addition, counsel sent copies with comments to certain family members and friends." (*Id.*) The supporting declaration notes that there are "emails and other evidence that copies of the original complaint on file in this action were sent to various persons who requested them, as well as to certain family members and friends of [Erhart's counsel]." (Gillam Decl. ¶ 6.) Erhart argues this evidence should be excluded because it implies "Erhart and his counsel were in league with short sellers who were intent on driving down the price of BofI's stock so they could profit from it," a "blatantly false allegation." (ECF No. 222.)

In opposing Erhart's motion, the Bank submits that its stock price plunged approximately thirty percent after Erhart filed his Complaint. And in a number of emails, Erhart's counsel shared the news of this "huge market reaction." (Towill Decl. ¶ 9, Ex. J, ECF No. 225-5.) Counsel also sent the Complaint to individuals who BofI claims are "short sellers" and to at least one individual who requested a copy of the complaint. (*Id.*) Further, in one email, counsel remarked, "There's a lot of panic down in San Diego this morning," which is where BofI is headquartered. (*Id.*)

## II. LEGAL STANDARD

A party may use a motion in limine to exclude inadmissible or excludable evidence before it is introduced at trial. *Luce v. United States*, 469 U.S. 38, 40 n.2 (1984). Only relevant evidence is admissible. Fed. R. Evid. 402. Evidence is relevant if it has any tendency to make a fact more or less probable than it would be without the evidence, and the fact is of consequence in determining the action. *Id.* 401(a)–(b).

Relevant evidence may be excluded if its probative value is substantially outweighed by, among other things, the danger of unfair prejudice or wasting time. Fed. R. Evid. 403. The Rule 403 balancing inquiry is made on a case-by-case basis, requiring an examination of the surrounding facts, circumstances, and issues. *United States v. Lloyd*, 807 F.3d 1128, 1152 (9th Cir. 2015).

## III. ANALYSIS

The Court agrees that evidence of Erhart's counsel distributing the Complaint after it was available to the public should be excluded. Initially, the probative value of this evidence is—at best—low. As mentioned above, the Court determined Erhart's statements about wanting to "bring down the Bank" could be probative for whether he actually believed BofI was violating the law when disclosing wide-ranging information to regulators. Yet, Erhart's counsel's communications to friends and interested individuals after Erhart's allegations were made public bear little on his intent. Most of the emails appear to be run-of-the-mill communications from an attorney sharing news or information about a case. And the Bank provides no evidence that Erhart directed or authorized those communications. *But see United States v. Bensimon*, 172 F.3d 1121, 1127 (9th Cir. 1999) (noting testimony at trial "may bring facts to the district court's attention that it did not anticipate at the time of its initial [motion in limine] ruling").

Moreover, given Erhart's alleged statements about wanting to "bring down the Bank," the evidence concerning Erhart's counsel is not essential to the Bank's case. *See Sowers v. R.J. Reynolds Tobacco Co.*, 975 F.3d 1112, 1122 (11th Cir. 2020) ("The more essential evidence is to a party's case, the more probative it is, which means that duplicative testimony that simply 'bolster[s] a party's case is more easily excluded under Rule 403' than testimony about issues the jury doesn't hear about some other way."). Simply put, this evidence is too far removed from Erhart's subjective belief of wrongdoing when he made disclosures to the government to have significant probative value.

The Court weighs this low probative value against the danger of "unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." Fed. R. Evid. 403. The Court agrees the insinuation that Erhart was working in concert with short sellers is unduly prejudicial. The Bank has not substantiated this claim. And the danger of unfair prejudice substantially outweighs the probative value of Erhart's counsel's communications.

Along the same lines, there is danger of wasting time and confusing the issues. The issue is whether Erhart subjectively believed the Bank was engaged in wrongdoing, not whether his counsel made a victory lap to friends or colleagues after the Bank's stock price fell. Given the already broad scope of the anticipated trial, exploring this evidence would be a detour that is a poor use of judicial resources and the jury's time. Therefore, the Court will exclude this evidence. *See* Fed. R. Evid. 403.

* * *

The Bank's Opposition also discusses evidence that is not plainly addressed by Erhart's moving papers, including his counsel's interactions with a reporter from *The New York Times* before the Complaint was publicly available. The Court addressed this conduct in a prior ruling. Erhart raises whistleblower protection defenses to BofI's breach of confidentiality agreement claim. Previously, the Court reasoned those defenses do not "protect disclosures to the press." (ECF No. 40, at 29–30.) *See also Tides v. Boeing Co.*, 644 F.3d 809, 811 (9th Cir. 2011) (holding "[l]eaks to the media" are not protected by Sarbanes–Oxley's anti-retaliation provision). It follows that the Court will not preclude evidence on this issue, as it is relevant to BofI's countersuit claims.

Further, the Bank's Opposition throws in an incendiary claim about Erhart's counsel's settlement communications. (ECF No. 225, at 12:1–4.) The Court excludes this evidence. It is black letter law that settlement communications are not

| | |
|---|---|
| 1 | admissible to prove or disprove liability.  Fed. R. Evid. 408(a).  And the Bank's |
| 2 | footnote argument that this evidence can be admitted for another purpose, *see id.* |
| 3 | 408(b), is not well taken.   Any probative value of using that evidence for another |
| 4 | purpose would be substantially outweighed by the danger of unfair prejudice.  *See* |
| 5 | *Millenkamp v. Davisco Foods Int'l, Inc.*, 562 F.3d 971, 980 (9th Cir. 2009) (holding |
| 6 | district court should not have admitted settlement correspondence because even if it |
| 7 | had some "limited relevance," it was excludable under Rule 403). |

## IV.   CONCLUSION

For the foregoing reasons, the Court **GRANTS IN PART** Erhart's Motion in Limine No. 5 to Exclude Evidence, Reference, or Innuendo Regarding Counsel's Distribution of Copies of the Complaint.  (ECF No. 222, at 21:6–29:15.)  The Court excludes any evidence of Erhart's counsel's distribution of the Complaint and related communications after the Complaint was available to the public.  The Court will not exclude evidence before that point.

**IT IS SO ORDERED.**

DATED:  January 14, 2022

Hon. Cynthia Bashant
United States District Judge