UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHARLES MATTHEW ERHART,<br><br>    Plaintiff,<br><br>    v.<br><br>BOFI HOLDING, INC.,<br><br>    Defendant.<br><br>And Consolidated Case | Case No. 15-cv-02287-BAS-NLS<br>*consolidated with*<br>15-cv-02353-BAS-NLS<br><br>**ORDER CONDITIONALLY GRANTING BOFI HOLDING, INC.'S UNOPPOSED EX PARTE APPLICATION TO SEAL AND CONTINUE (ECF No. 249)** |

After repeated delays in light of the COVID-19 pandemic, trial is set for February 1, 2022.  Previously, the Court denied a request to continue trial and emphasized that this 2015 case needs to be resolved expeditiously.  (ECF Nos. 243, 247.)  Now before the Court is BofI Holding, Inc's Unopposed Ex Parte Application to Seal and Continue based on extenuating circumstances—a medical emergency.  (ECF No. 249.)  The Application raises several issues.

<u>Request to Seal</u>.  BofI seeks to seal the Application and its supporting declaration because they reveal private medical information.  The "good cause" standard applies to this request because the information lodged under seal is not related to the merits or parties of the case.  *See Ctr. for Auto Safety v. Chrysler Grp.,*

1 *LLC*, 809 F.3d 1092, 1096 (9th Cir. 2016).  The Court finds this standard is met and seals the Application.

<u>Request to Continue</u>.  The Court is reluctant to delay the trial.  It is already in the process of screening potential jurors and preparing for trial.  However, BofI supports its Application with extenuating circumstances that only came to light a few days ago.  Proceeding with trial as scheduled would likely prejudice the Bank.  And this prejudice was not self-inflicted.  (*See* ECF No. 249.)

On balance, the Court finds there is good cause to continue the trial; provided, however, that the parties are able to progress on outstanding trial items.  Therefore, the Court conditionally grants the request to continue.  The continuance is conditioned upon the parties jointly providing dates for interim status conferences to discuss a proposed verdict form, jury instructions, and objections to deposition designations.  <u>Further, at least one attorney per side with authority to argue on the client's behalf must appear in person at these status conferences</u>.  And the Court admonishes the parties that it will apply an even more exacting standard to any future requests to continue.

<u>Trial Time</u>.  The Application highlights that the Court's minute order set the time limit for trial at 15 hours per side, for a total of 30 hours.  Given the anticipated length of trial—3 weeks—the Court intended to give each party 30 hours per side, for a total of 60 hours.  The Court amends its minute entry accordingly.

\* \* \*

Accordingly, the Court **CONDITIONALLY GRANTS** BofI's Unopposed Ex Parte Application to Seal and Continue. (ECF No. 249.)  The Court grants BofI's request to seal.  The Clerk shall **file under seal** the unredacted versions of BofI's Application and supporting declaration.  No copies are necessary.

The Court conditionally continues trial from February 1, 2022, to **<u>April 26, 2022</u>**.  The Court has a criminal trial set that may overlap with this date.  Therefore, the parties should be prepared to start trial on or a few days after April 26, 2022.

Further, the Court orders the parties to meet and confer about scheduling three status conferences. First, the Court will hold a status conference to discuss the proposed verdict form.[1] Second, the Court will hold a status conference to discuss jury instructions. Third, the Court will hold a status conference to discuss objections to deposition designations. The parties shall file a joint status report that suggests possible dates and times for these conferences between now and trial, with one conference per month in February, March, and April. Provided the parties file this joint status report no later than **January 28, 2022**, trial will be continued from February 1, 2022, to April 26, 2022.

Finally, the Court clarifies that the anticipated time limit for trial is 30 hours per side, for a total of 60 hours.

**IT IS SO ORDERED.**

DATED: January 20, 2022

Hon. Cynthia Bashant
United States District Judge

---

[1] As previously ordered, the proposed verdict form is due by 8:30 a.m. on February 1, 2022.