**THE GILLAM LAW FIRM**
*A Professional Law Corporation*
Carol L. Gillam (SBN 102354)
Sara Heum (SBN 288136)
10880 Wilshire Boulevard, Suite 1101
Los Angeles, California 90024
Telephone: (310) 203-9977
Facsimile: (310) 203-9922
carol@gillamlaw.com
sara@gillamlaw.com

Attorneys for Plaintiff and Defendant
CHARLES MATTHEW ERHART

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHARLES MATTHEW ERHART, an individual,<br><br>Plaintiff,<br><br>v.<br><br>BofI HOLDING, INC., an entity d/b/a BOFI FEDERAL BANK and BANK OF THE INTERNET,<br><br>Defendant.<br><br>―――――――――――<br><br>BofI FEDERAL BANK, a federal savings bank<br><br>Plaintiff,<br><br>v.<br><br>CHARLES MATTHEW ERHART, an individual,<br><br>Defendant. | Case No. 15-cv-2287-BAS-NLS<br>*consolidated with*<br>15-cv-2353-BAS-NLS<br><br>**PLAINTIFF CHARLES ERHART'S BRIEF RE WHISTLEBLOWER AFFIRMATIVE DEFENSE AND CFAA**<br><br>The Hon. Cynthia Bashant<br>(Schwartz Courthouse, Courtroom 4B)<br><br>Magistrate Judge Nita L. Stormes<br>12th Floor<br>(Carter/Keep Courthouse)<br><br>Action Filed: October 13, 2015<br><br>Trial: April 26, 2022 |

## I. Introduction

Plaintiff Charles Matthew Erhart ("Mr. Erhart" or "Plaintiff") hereby submits the requested briefing regarding his use of the whistleblowing defense to Defendant BofI Federal Bank's ("Defendant") causes of action. In his defense against BofI's various causes of action, Mr. Erhart *must* be permitted to argue that he acted as a whistleblower. To preclude this affirmative defense would eviscerate the robust, long-standing public policy of encouraging whistleblowers to report wrongdoing.

Additionally, Mr. Erhart submits briefing on BofI's Computer Fraud and Abuse Act (CFAA) cause of action.

## II. There is a strong public policy of encouraging and protecting whistleblowers.

Mr. Erhart has brought an action against BofI as a protected whistleblower under various laws, including the Sarbanes-Oxley Act (18 U.S.C. § 1514A) ("SOX"), the Dodd-Frank Act (15 U.S.C. 78u-6), and California Labor Code §1102.5. BofI brought various claims against Mr. Erhart only after he reported suspected wrongdoing to regulators and filed the instant action. In defending against BofI's retaliatory lawsuit brought against him, Mr. Erhart claims that he was acting as a whistleblower in taking BofI information and documents, and that he limited his access to taking documents and information to turn over to federal authorities, including the Office of the Comptroller of the Currency. For these reasons his actions must be presented in the context of his whistleblowing, with a jury left to make the determination of whether he was acting as a whistleblower when he undertook the actions BofI accused him of. Otherwise, BofI is performing an end-run around the very protections whistleblower laws are meant to confer.

There is a robust long-standing public policy favoring whistleblowers and encouraging employees to come forward to report wrongdoing. *See* Sarbanes-Oxley Act of 2002, Pub. L. No. 107-204, § 806(a),), 116 Stat. 745, 802-03 (2002); Dodd-

Frank Wall Street Reform and Consumer Protection Act, Pub L. No. 111-203, § 922(a), 124 Stat. 1376, 1841-42 (2010). It has been determined that these protections should be "liberally interpreted" to encourage whistleblowing. *Vannoy v. Celanese Corp.,* ARB Case No. 09-118, ALJ Case No. 2008-SOX-064, 2011 WL 4915757 at 12-13 (Dep't of Labor Admin. Review Bd. Sept. 28, 2011).[1] *See also KBR, Inc., Exchange Act Release No. 74619* (Apr. 1, 2015); *In re JDS Uniphase Corp. Secs. Litig.*, 238 F.Supp.2d 1127, 1136 (N.D. Cal. 2002) (holding that confidentiality agreements binding former employees did not preclude former employees from disclosing non trade secret, non privileged information regarding securities fraud). *In re JDS Uniphase* recognized that SOX "does not establish a public policy in favor of allowing employers to muzzle their employees with overbroad confidentiality agreements." *Id.* at 1136.

This Court has previously determined that Mr. Erhart's whistleblower protection defense raises a defense of justification or privilege, which the jury must examine. (Ordering Granting and Denying in Part Motions for Summary Judgment, ECF No. 192, 67:4-14). The Court found that it was a question of fact whether Mr. Erhart's disclosures could be protected by his affirmative defenses. (*Id.* 66:26-28).

As stated in the Court's Order Granting in Part and Denying in Part BofI's Motion for Summary Adjudication (ECF No. 85), "[i]t is implicit in the various whistleblower protection provisions that an employee is permitted to provide information regarding believed wrongdoing to the government,

---

[1] *See also* applicable laws and regulations Mr. Erhart has raised as affirmative defenses and promulgated by the United States Department of the Treasury, Office of the Controller of Currency; United States Department of Treasury, Internal Revenue Service; United Stated Consumer Financial Protection Bureau; United States Department of Treasury, Bureau of Consumer Financial Protection; the Securities and Exchange Commission; the Bank Secrecy Act; the Federal Deposit Insurance Corporation; Gramm-Leach-Bliley Act; and Fair Credit Reporting Act.

including documents, the employer cannot then seek to impose tort liability on the employee for the same conduct." (*Id.* 33:7 10). Public policy in favor of protecting whistleblowers may outweigh Defendant's various interests in these causes of action. (*Id.* At 15:7-12). The Court found a public policy exception possible regarding Mr. Erhart's conduct and whether his actions were reasonably necessary to further his whistleblowing activities. (*Id.*, 24:27-25:1).

Mr. Erhart's actions (reporting suspected wrongdoing to the OCC, OSHA, the SEC, and the IRS) were those of a whistleblower. Mr. Erhart purports that related acts, such as how the documents were accessed, stored, or transmitted, occurred incidental to and in furtherance of his whistleblowing. *See Deltek, Inc. v. Dep't of Labor, Admin. Review Bd.*, No. 14-2415, 2016 WL 2946570 (4th Cir. May 20, 2016) (an employee's activity of e-mailing her employer's documents to her home e-mail account, which she shared with her husband, would not have justified her termination and that the after-acquired evidence doctrine did not apply, so as to limit the employee's damages in whistleblower action under Sarbanes-Oxley Act).

BofI brings computer-related claims under California Penal Code Section 502 and the Computer Fraud and Abuse Act. 18 U.S.C. § 1030. Mr. Erhart should be permitted to put on a defense that his access to any protected computer was undertaken in furtherance of his whistleblowing. Mr. Erhart's whistleblower status should allow him to avoid liability for BofI's bizarre claims, such as for fraud; otherwise, BofI is effectively circumventing public policy to play a game of "gotcha" on Mr. Erhart. It should be left to the jury to evaluate and decide whether these actions were done in order to further Mr. Erhart's whistleblowing and whether such conduct is protected.

**III. CFAA**

Additionally, BofI's CFAA claim has become more evidently improper. The recent *Van Buren v. United States*, 141 S.Ct. 1648 (2021) has further narrowed the application of the CFAA to employees. In *Van Buren*, a police officer's conduct in

running a license-plate search in a law enforcement computer database in exchange for money, did not violate the CFAA, where the officer obtained the license-plate information from an area of the database to which the officer's authorized access did not extend, though the officer obtained the information for personal purposes. The CFAA does not impose liability those who access particular areas of a computer, such as files, folders, or databases that are off limits to them. *See id.* at 1662.

The conduct BofI alleges pertains to Mr. Erhart's access to his own computer while he was still employed, before he returned it during a time that he was officially on medical leave (before his termination in June 2015). *See* BofI's First Amended Complaint (ECF #12), par. 43-44. While BofI may not have approved of Mr. Erhart's conduct, it should not be covered under the CFAA. *See also United States v. Nosal*, 676 F.3d 854, 857, 863 (9th Cir. 2012) (quoting *Shamrock Foods Co. v. Gast*, 535 F. Supp. 2d 962, 965 (D. Ariz. 2008)) (holding that the phrase "exceeds authorized access" in the CFAA does not extend to violations of use restrictions and refusing to impose liability where employees had permission to access company data). *See LVRC Holdings LLC*, 581 F.3d at 1133, 1135 ("[F]or purposes of the CFAA, when an employer authorizes an employee to use a company computer subject to certain limitations, *the employee remains authorized to use the computer even if the employee violates those limitations*.") (emphasis added).

Notwithstanding, Mr. Erhart's whistleblower defense is applicable here as well. Apart from the public policy issues discussed *supra*, Congress intended the CFAA to cover those who utilize computers to "steal, to defraud, and to abuse the property of others." S. REP. NO. 99-432, at 2-3 (1986). That is not the case here. Mr. Erhart must be able to assert that any alleged violation of the CFAA was in furtherance of his protected whistleblowing activities. It should be left to the jury to decide whether Mr. Erhart's access to a computer was justified. (*See also* Order Granting and Denying in Part Motions for Summary Judgment, ECF No. 192, 66:22-26).

## IV. Conclusion

For the foregoing reasons, Plaintiff requests that he be allowed to argue that he acted as a whistleblower in his defense of Defendant's claims. Additionally, BofI's CFAA claim should be disallowed.

Dated: March 8, 2022

                          THE GILLAM LAW FIRM
                          *A Professional Law Corporation*

By:    /s/CAROL L. GILLAM
        CAROL GILLAM
        SARA HEUM
        Attorneys for Plaintiff and Defendant
        CHARLES MATTHEW ERHART