**THE GILLAM LAW FIRM**
*A Professional Law Corporation*
Carol L. Gillam (SBN 102354)
Sara Heum (SBN 288136)
10880 Wilshire Boulevard, Suite 1101
Los Angeles, California 90024
Telephone: (310) 203-9977
Facsimile: (310) 203-9922
carol@gillamlaw.com
sara@gillamlaw.com

Attorneys for Plaintiff and Defendant
CHARLES MATTHEW ERHART

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHARLES MATTHEW ERHART, an individual,<br><br>Plaintiff,<br><br>v.<br><br>BofI HOLDING, INC., an entity d/b/a BOFI FEDERAL BANK and BANK OF THE INTERNET,<br><br>Defendant.<br><br>BofI FEDERAL BANK, a federal savings bank<br><br>Plaintiff,<br><br>v.<br><br>CHARLES MATTHEW ERHART, an individual,<br><br>Defendant. | Case No. 15-cv-2287-BAS-NLS<br>*consolidated with*<br>15-cv-2353-BAS-NLS<br><br>**PLAINTIFF ERHART'S SUPPLMENTAL BRIEF RE JURY INSTRUCTIONS AND VERDICT FORMS RE MAY 12, 2022 CONFERENCE**<br><br>*[Filed Concurrently with the Declaration of Carol Gillam]*<br><br>The Hon. Cynthia Bashant<br>(Schwartz Courthouse, Courtroom 4B)<br><br>Magistrate Judge Nita L. Stormes<br>12th Floor<br>(Carter/Keep Courthouse)<br><br>Action Filed: October 13, 2015<br><br>Trial: April 26, 2022 |

Mr. Erhart submits the following supplemental briefing regarding issues raised at the conference regarding jury instructions and verdict forms on May 12, 2022.

## I. Labor Code § 1102.5

The predicate for Mr. Erhart's Labor Code § 1102.5 claim regarding failure to disclose transactions in the CEO's brother's account should remain under this code section. At the conference, the inquiry was focused on showing a violation by BofI for this particular predicate. However, violation of a law by the defendant is not required; it is sufficient that the employee discloses *a* violation of law, and that the disclosure be a contributing factor in the decision to discharge the employee. The language of the statute clearly supports this, and it is reflected in CACI 4603. *See* Cal. Lab. Code § 1102.5(b); CACI 4603. *See also McVeigh v. Recology San Francisco*, 213 Cal. App. 4th 443, 471 (2013) ("We conclude, consistent with the statute's application in the *Gardenhire* case, that Labor Code section 1102.5, subdivision (b) protects employee reports of unlawful activity by third parties such as contractors and employees, as well [as] unlawful activity by an employer.") (referring to *Gardenhire v. Hous. Auth.*, 85 Cal. App. 4th 236, 237 (2000)).

Plaintiff testified at length regarding the suspicious transactions in the Freedom-1 Trust account and the failure to disclose the disposition of stock by filing a Form 4, whether or not this was the bank's failure. Tr. 4-1079-1087. *See* 17 CFR § 240.16a-3. There is no justification for removing this predicate one day before the jury is set to deliberate. Accordingly, Plaintiff respectfully requests that the 1) Labor Code § 1102.5 instruction at no. 2 be modified to remove "that BofI was violating" and replace it with "a violation of a state or federal statute…." and that the verdict form be modified to remove "by BofI" and add the predicate of "failure to disclose transactions involving the CEO's brother's account."

Additionally, Plaintiff requests that instruction number 20 on the Labor Code predicates add a predicate for the Lottery Audit to include: "removal of his finding that the law was violated and marking the finding 'attorney-client privileged' during the Structured Settlements and Lottery Audit."

## II.  BofI's Damages

Plaintiff requests additional language in the instructions regarding the forensics costs BofI seeks as damages. Specifically, the instructions need to be clear that under the Computer Fraud and Abuse Act ("CFAA") "damage" exceeding $5,000 a year must be for "remedying damage to the computer," not "general non-computer costs incurred in investigating the violation." *Nexans Wires S.A. v. Sark-USA, Inc.*, 319 F.Supp.2d 468, 476 (S.D. N.Y. 2004). Furthermore, the jury should be instructed that litigation expenses cannot be considered losses under the Computer Fraud and Abuse Act (CFAA). *Dreni v. PrinterOn America Corporation*, 486 F.Supp. 3d 712, 736 (S.D. N.Y. 2020).

## III.  CFAA - Whistleblower Protection

Mr. Erhart maintains that it would be a frustration of the laws protecting whistleblowers if the Court simply gave an instruction on the CFAA without any qualification for Mr. Erhart's access of a protected computer for the purposes of providing information to government regulators. The current instruction would create a new avenue of liability for employees engaging in protected activity who use a company computer. As stated in the Court's Order Granting in Part and Denying in Part BofI's Motion for Summary Adjudication (ECF No. 85), "[i]t is implicit in the various whistleblower protection provisions that an employee is permitted to provide information regarding believed wrongdoing to the government, including documents, the employer cannot then seek to impose

-2-     Case No. 3:15-cv-2287-BAS-NLS
PLAINTIFF ERHART'S SUPPLEMENTAL BRIEF RE JURY INSTRUCTIONS AND VERDICT FORMS

tort liability on the employee for the same conduct." (*Id.* 33:7 10). There is a robust long-standing public policy favoring whistleblowers and encouraging employees to come forward to report wrongdoing. *See, e.g.,* Sarbanes-Oxley Act of 2002, Pub. L. No. 107-204, § 806(a),), 116 Stat. 745, 802-03 (2002); Dodd-Frank Wall Street Reform and Consumer Protection Act, Pub L. No. 111-203, § 922(a), 124 Stat. 1376, 1841-42 (2010). Accordingly, Plaintiff respectfully requests an additional sentence regarding Mr. Erhart's protected activity, mirroring that given for BofI's other causes of action.

Dated: May 12, 2022

                        THE GILLAM LAW FIRM
                        *A Professional Law Corporation*

         By:    */s/ SARA HEUM*
                 CAROL GILLAM
                 SARA HEUM
                 Attorneys for Plaintiff and Defendant
                 CHARLES MATTHEW ERHART