*fees added 8/5/22 -SM*
*costs updated 6/8/22 -SM*

**ELECTRONICALLY FILED**
Superior Court of California,
County of San Diego
**01/27/2022** at 12:38:00 PM
Clerk of the Superior Court
By Richard Day, Deputy Clerk

SUPERIOR COURT OF THE STATE OF CALIFORNIA

COUNTY OF SAN DIEGO

| | |
|---|---|
| GREGORY GARRABRANTS,<br><br>  Plaintiff,<br><br>v.<br><br>CHARLES MATTHEW ERHART,<br><br>  Defendant. | Case No. 37-2017-00039440-CU-NP-CTL<br><br>*Assigned to the Hon. Ronald F. Frazier*<br>*Dept. 65*<br><br>[~~PROPOSED~~] JUDGMENT |

-1-

SMRH:4870-6636-7492.10                                                                      JUDGMENT

## JUDGMENT

WHEREAS, on October 20, 2017, Plaintiff Gregory Garrabrants ("Garrabrants") filed a Complaint against Defendant Charles Matthew Erhart ("Erhart") asserting causes of action for: (1) invasion of privacy (intrusion into private affairs); (2) intentional infliction of emotional distress; (3) conversion; (4) trespass to chattels; (5) violation of California Penal Code section 496; and (6) violation of California Penal Code section 502;

WHEREAS, on May 4, 2018, the Court overruled Erhart's demurrer as to Garrabrants' causes of action for invasion of privacy (intrusion into private affairs), intentional infliction of emotional distress, violation of California Penal Code section 496 and violation of California Penal Code section 502, and sustained Erhart's demurrer without leave to amend as to Garrabrants' third and fourth causes of action for conversion and trespass to chattels;

WHEREAS, on October 2, 2018, the Court granted Erhart's special motion to strike pursuant to California Code of Civil Procedure section 425.16 as to certain allegations that related to Garrabrants' second cause of action for intentional infliction of emotional distress, and granted Erhart's motion to strike pursuant to California Code of Civil Procedure sections 435 and 436 as to certain allegations, including allegations as to punitive damages and the Prayer for exemplary and punitive damages;

WHEREAS, the trial on Garrabrants' first cause of action for invasion of privacy (intrusion into private affairs), second cause of action for intentional infliction of emotional distress, fifth cause of action for violation of California Penal Code section 496 and sixth cause of action for violation of California Penal Code section 502 commenced on November 15, 2021 in Department 65 of the San Diego Superior Court, Hall of Justice, the Honorable Ronald F. Frazier presiding; Garrabrants was represented by Martin D. Katz, Polly Towill, Heather L. Plocky and David M. Berger; Erhart was represented by Mika Hilaire and Carol Gillam; a jury of persons was regularly impaneled and sworn; and witnesses were sworn and testified;

WHEREAS, after hearing the evidence and arguments of counsel, the jury was duly instructed by the Court, the matter of Garrabrants' first cause of action for invasion of privacy (intrusion into private affairs), second cause of action for intentional infliction of emotional distress, fifth cause of action for violation of California Penal Code section 496 and sixth cause of action for violation of California Penal Code section 502 was submitted to the jury with directions to return a verdict on special issues and the jury deliberated and thereafter returned into Court with its verdict as follows:

## VERDICT FORM FOR CAUSES OF ACTION NOS. 1 AND 2
## INVASION OF PRIVACY (INTRUSION INTO PRIVATE AFFAIRS)

1. Did Mr. Garrabrants have a reasonable expectation of privacy in his confidential or financial information held in BofI Federal Bank files?

    _X_ Yes          ___ No

If your answer to question 1 is yes, then answer question 2. If you answered no, then go on to question 9.

2. Did Mr. Erhart intentionally intrude into Mr. Garrabrants' confidential or financial information held in BofI Federal Bank files?

    _X_ Yes          ___ No

If your answer to question 2 is yes, then answer question 3. If you answered no, then go on to question 9.

3. Would Mr. Erhart's intrusion be highly offensive to a reasonable person?

    _X_ Yes          ___ No

If your answer to question 3 is yes, then answer question 4. If you answered no, then

go on to question 9.

4. Was Mr. Erhart's conduct a substantial factor in causing harm to Mr. Garrabrants?

    _X_ Yes  ___ No

If your answer to question 4 is yes, then answer question 5. If you answered no, then go on to question 9.

5. Was Mr. Erhart, in good faith, involved in a whistleblowing activity for which Mr. Garrabrants' confidential or financial information was material?

    _X_ Yes  ___ No

If your answer to question 5 is yes, then answer question 6. If you answered no, continue to question 8.

6. Did Mr. Erhart's invasion of Mr. Garrabrants' privacy (intrusion into private affairs) substantially further that whistleblowing activity?

    ___ Yes  _X_ No

If your answer to question 6 is yes, then answer question 7. If you answered no, continue to question 8.

7. Was there a practical, effective and less invasive method that Mr. Erhart could have undertaken to achieve his purpose?

    ___ Yes  ___ No

If you answered yes to question 7, continue to question 8. If you answered no, then go on to question 9.

-4-

8. Did Mr. Garrabrants discover, or know of facts that would have caused a reasonable person to suspect, that he was harmed from Mr. Erhart's invasion of his privacy before October 20, 2015?

___ Yes      _X_ No

Go on to question 9.

### INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

9. Was Mr. Erhart's conduct outrageous?

_X_ Yes      ___ No

If your answer to question 9 is yes, then answer question 10. If you answered no, then go on to question 14.

10. Did Mr. Erhart intend to cause Mr. Garrabrants emotional distress or did he act in reckless disregard of the probability that Mr. Garrabrants would suffer emotional distress?

_X_ Yes      ___ No

If your answer to question 10 is yes, then answer question 11. If you answered no, then go on to question 14.

11. Did Mr. Garrabrants suffer severe emotional distress?

___ Yes      _X_ No

If your answer to question 11 is yes, then answer question 12. If you answered no, the go on to question 14.

-5-

12. Was Mr. Erhart's conduct a substantial factor in causing Mr. Garrabrants' severe emotional distress?

___ Yes            ___ No

If your answer to question 12 is yes, then answer question 13. If you answered no, then go on to question 14.

13. Did Mr. Garrabrants discover, or know of facts that would have caused a reasonable person to suspect, that he had been harmed and Mr. Erhart intended to cause him emotional distress before October 20, 2015?

___ Yes            ___ No

INSTRUCTIONS FOR QUESTIONS 14: If you answered no to *either* question 8 or question 13 (or both), complete question 14 with your award of damages and then have the presiding juror sign and date this form. Otherwise, do not answer question 14 (write "not applicable") and have the presiding juror sign and date this form.

14. How much do you award Mr. Garrabrants in damages? $____1,500____.

Signed: [Signed by Presiding Juror]
         Presiding Juror
Dated: November 23, 2021

**VERDICT FORM FOR CAUSE OF ACTION NO. 3**
**VIOLATION OF CALIFORNIA PENAL CODE SECTION 496**

1. Did Mr. Erhart take, receive or conceal Mr. Garrabrants' confidential or financial information, or withhold such information from Mr. Garrabrants?

    __X__ Yes           ___ No

If your answer to question 1 is yes, then answer question 2. If you answered no, stop here, answer no further questions, and have the presiding juror sign and date this form.

2. Did Mr. Erhart obtain Mr. Garrabrants' confidential or financial information in a manner constituting theft?

    __X__ Yes           ___ No

If your answer to question 2 is yes, then answer question 3. If you answered no, stop here, answer no further questions, and have the presiding juror sign and date this form.

3. Was Mr. Erhart's conduct a substantial factor in causing injury to Mr. Garrabrants?

    __X__ Yes           ___ No

If your answer to question 3 is yes, then answer question 4. If you answered no, stop here, answer no further questions, and have the presiding juror sign and date this form.

4. How much do you award Mr. Garrabrants in nominal damages? You may award nominal damages ranging from one cent ($.01) to one dollar ($1.00). $___1.00___.

Signed: [Signed by Presiding Juror]

        Presiding Juror

Dated: November 23, 2021

# VERDICT FORM FOR CAUSE OF ACTION NO. 4
## VIOLATION OF CALIFORNIA PENAL CODE SECTION 502

1. Did Mr. Erhart knowingly access and without permission take, copy or otherwise make use of Mr. Garrabrants' confidential or financial information from a BofI Federal Bank computer, computer system or computer network?

    _X_ Yes       ___ No

If your answer to question 1 is yes, then answer question 2. If you answered no, stop here, answer no further questions, and have the presiding juror sign and date this form.

2. Was Mr. Erhart's conduct reasonably necessary to the performance of his work assignments at BofI Federal Bank?

    ___ Yes       _X_ No

If your answer to question 2 is no, then answer question 3. If you answered yes, stop here, answer no further questions, and have the presiding juror sign and date this form.

3. Was Mr. Erhart's conduct a substantial factor in causing injury to Mr. Garrabrants?

    _X_ Yes       ___ No

If your answer to question 3 is yes, then answer question 4. If you answered no, stop here, answer no further questions, and have the presiding juror sign and date this form.

4. How much do you award Mr. Garrabrants in nominal damages? You may award nominal damages ranging from one cent ($.01) to one dollar ($1.00). $___1.00___.

Signed: [Signed by Presiding Juror]

      Presiding Juror

Dated: November 23, 2021

WHEREAS, after the jury reached its verdict, the Court adjudicated Garrabrants' request for injunctive relief pursuant to his sixth cause of action for violation of California Penal Code section 502, after hearing arguments from both Garrabrants and Erhart, and reviewing the evidence presented during trial.

**NOW, THEREFORE, IT IS ORDERED, ADJUDGED AND DECREED** that judgment shall be and hereby is entered as follows:

A. Plaintiff Gregory Garrabrants is awarded damages on his first cause of action in his Complaint for invasion of privacy (intrusion into private affairs) in the principal amount of $1,500.00.

B. Plaintiff Gregory Garrabrants shall take nothing in connection with his second cause of action in his Complaint for intentional infliction of emotional distress.

C. Plaintiff Gregory Garrabrants shall take nothing in connection with his third cause of action in his Complaint for conversion.

D. Plaintiff Gregory Garrabrants shall take nothing in connection with his fourth cause of action in his Complaint for trespass to chattels.

E. Plaintiff Gregory Garrabrants is awarded damages on his fifth cause of action in his Complaint for violation of California Penal Code section 496 in the principal amount of $1.00.

F. Plaintiff Gregory Garrabrants is awarded damages on his sixth cause of action in his Complaint for violation of California Penal Code section 502 in the principal amount of $1.00.

G. Further, in connection with Plaintiff Gregory Garrabrants' sixth cause of action in his Complaint for violation of California Penal Code section 502, the Court issues the following injunctive relief:

1. Based on Erhart's stipulation and consent, Erhart's desktop computer, which was delivered to counsel for Garrabrants on November 16, 2021,

in response to Garrabrants' Notice to Appear and Produce, shall be destroyed;

2. Based on Erhart's stipulation and consent, the 8GB black Lexar USB, bearing internal Serial No. 20111008161733203E55 (referred to during trial as "USB 2"), which was delivered to counsel for Garrabrants on November 17, 2021, in response to Garrabrants' Notice to Appear and Produce, shall be destroyed;

3. Within forty-five days of notice of entry of Judgment, with respect to the CMB USB (referred to during trial as "USB 3"), bearing internal Serial No. F9B55937: (a) Erhart and his counsel shall perform a diligent search for this device forthwith; (b) if it is found, it shall be turned over to counsel for Garrabrants forthwith for destruction; and (c) if it is not found, Erhart and his counsel shall certify under penalty of perjury that a search was conducted (by whom, when, where, how); and (d) if it is later found (within three years of notice of entry of Judgment), it shall be turned over to counsel for Garrabrants forthwith for destruction; if it is found thereafter, it shall be promptly destroyed by Erhart or his counsel;

4. Within forty-five days of notice of entry of Judgment, with respect to the generic USB (referred to during trial as "USB 4"), bearing internal Serial No. 20071114173400000: (a) Erhart and his counsel shall perform a diligent search for this device forthwith; (b) if it is found, it shall be turned over to counsel for Garrabrants forthwith for destruction; and (c) if it is not found, Erhart and his counsel shall certify under penalty of perjury that a search was conducted (by whom, when, where, how); and (d) if it is later found (within three years of notice of entry of Judgment), it shall be turned over to counsel for Garrabrants

forthwith for destruction; if it is found thereafter, it shall be promptly destroyed by Erhart or his counsel;

5. Within forty-five days of notice of entry of Judgment, with respect to Erhart's Gmail account erhart.matt@gmail.com, Erhart shall provide to a neutral third party forensic expert (chosen in accordance with Paragraph G(6) below) his account information and password. Said forensic expert is authorized to delete any and all emails and attachments that include Garrabrants' personal, confidential and financial information and that of his extended family (collectively, "Garrabrants Confidential Information"), with the exception of court records (*e.g.*, filings and exhibits, depositions). Said forensic expert shall not review emails between Erhart and his attorneys, but it may make a mirror image of Erhart's Gmail account solely for purposes of identifying recipients of Garrabrants Confidential Information. Said mirror image shall not be shared with Garrabrants or his counsel, but the identify of all recipients of Garrabrants Confidential Information shall be shared with counsel of record in this matter. Said mirror image shall be destroyed within thirty days after Erhart has complied with Paragraph G(8) below. The fees charged by the forensic expert to perform the tasks specified in this Paragraph shall be borne equally by both parties, subject to reallocation by the Court in response to an appropriate motion seeking such reallocation;

6. Within ten days of notice of entry of Judgment, Garrabrants and Erhart shall each choose a third-party forensic consultant who is familiar with what is necessary to accomplish the tasks outlined in Paragraph G(5) above and notify each other of their respective selections. Within twenty days thereafter, the third-party forensic consultants shall appoint a neutral third-party forensic expert to perform the tasks outlined in

-11-

SMRH:4870-6636-7492.10    JUDGMENT

Paragraph G(5), unless Garrabrants and Erhart agree on a third-party forensic consultant;

7. Within forty-five days of notice of entry of Judgment, to the extent not covered by Paragraphs G(1)-(6) above: (a) Erhart shall destroy and cause his counsel to destroy all unredacted copies of Garrabrants Confidential Information in their possession, custody or control (whether in hard copy or electronic format, including attachments to emails) (but they may keep a set of said materials redacted to the reasonable satisfaction of Garrabrants); (b) Erhart and his counsel shall certify under penalty of perjury that this was done. For a period of three years from notice of entry of Judgment, Garrabrants' counsel shall retain an unredacted copy of the Garrabrants Confidential Information;

8. Within forty-five days of notice of entry of Judgment, Erhart and his counsel of record herein shall: (a) seek the destruction of Garrabrants Confidential Information in the possession, custody or control of all third parties who received such information from Erhart or any of his counsel (excluding counsel of record in this matter; government regulators; and court personnel and court reporters who reported depositions taken in this matter or other matters); (b) lodge under seal with the Court an unredacted list identifying all third parties who received Garrabrants Confidential Information from Erhart or any of his counsel (including their name and professional title, position or job description) (the "Third-Party List"), which list shall be certified by counsel under penalty of perjury; (c) identify on the Third-Party List all individuals who have not confirmed in writing the destruction of all Garrabrants Confidential Information in their possession, custody or control; and (d) simultaneously serve the Third-Party List and certification on counsel for Garrabrants, redacting only the names of

those individuals who were provided Garrabrants Confidential information by Erhart or any of his counsel (but such names shall not be redacted for those individuals who have not confirmed in writing the destruction of all Garrabrants Confidential Information in their possession, custody or control). Counsel of record in this matter, government regulators, court personnel and court reporters who reported depositions taken in this matter or other matters need not be included on the Third-Party List;

9. Should Erhart or his counsel discover within three years of notice of entry of Judgment that additional materials containing Garrabrants Confidential Information are in their possession, Erhart and his counsel shall notify counsel for Garrabrants forthwith of the existence of such materials and ensure that said materials are promptly destroyed. Thereafter, should Erhart or his counsel discover that additional materials containing Garrabrants Confidential Information exist, Erhart and his counsel shall ensure that said materials are promptly destroyed.

H. Garrabrants is the prevailing party and entitled to recover costs from Erhart in the amount of $ ~~per memorandum~~ 65,887.34 – 6/8/22 *[initials]*. Garrabrants is also entitled to recover reasonable attorneys' fees from Erhart in connection with his claims for violation of California Penal Code sections 496 and 502, in an amount to be determined by a post-Judgment motion. *Attorney fees awarded in the amount of $1,314,260.00. – 8/5/22 [initials]*

DATED: 1/27/22

*[signature]*
HON. RONALD F. FRAZIER
JUDGE OF THE SUPERIOR COURT

-13-

SMRH:4870-6636-7492.10                    JUDGMENT