**THE GILLAM LAW FIRM**
*A Professional Law Corporation*
Carol L. Gillam (SBN 102354)
10880 Wilshire Boulevard, Suite 1101
Los Angeles, California 90024
Telephone: (310) 203-9977
Facsimile: (310) 203-9922
carol@gillamlaw.com
Attorneys for Plaintiff and Defendant
CHARLES MATTHEW ERHART

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHARLES MATTHEW ERHART, an individual,<br><br>          Plaintiff,<br><br>     v.<br><br>BofI HOLDING INC., an entity d/b/a BOFI FEDERAL BANK and BANK OF THE INTERNET,<br><br>          Defendant. | Case No. 15-cv-2287-BAS-NLS<br>*consolidated with*<br>15-cv-2353-BAS-NLS<br><br>**PLAINTIFF CHARLES MATTHEW ERHART'S OBJECTIONS TO DECLARATION OF ANDRÉ E. JARDINI**<br><br>*[Reply In Support of Motion for Attorneys' Fee, Supplemental Declaration of Carol Gillam, Request for Judicial Notice, Revised Proposed Order filed concurrently]* |
| BofI FEDERAL BANK, a federal savings bank<br>          Plaintiff,<br>     v.<br><br>CHARLES MATTHEW ERHART, an individual,<br><br>          Defendant. | Courtroom 4B<br>The Hon. Cynthia Bashant<br>(Schwartz Courthouse, Courtroom 4B)<br><br>Magistrate Judge Nita L. Stormes<br>(Carter/Keep Courthouse, Ste 1210) |

////

////

////

////

Case No. 3:15-cv-2287-BAS-NLS

PLAINTIFF CHARLES MATTHEW ERHART'S
OBJECTIONS TO DECLARATION OF ANDRÉ E. JARDINI

Plaintiff CHARLES MATTHEW ERHART ("Plaintiff") hereby submits his objections to the Declaration of André E. Jardini in Support of Defendant BofI FEDERAL BANK's ("Defendant's") Opposition to Plaintiff's Motion for Attorneys' Fees and Prejudgment Interest (Dkt. No. 390-18) ("Jardini Decl."):

1)  Plaintiff objects on grounds that Jardini was not designated as an expert.

2)  Plaintiff objects on grounds that Jardini is an unreliable expert whose work has been criticized and/or rejected by a number of courts. See, e.g., *Stathakos v. Columbia Sportswear Co.*, 2018 WL 1710075 (N.D. Cal. Apr. 9, 2018) (unpublished) at *5-6; *Taylor v. Long Beach Mem. Med. Ctr.,* 2014 WL 1255314 (Mar. 27, 2014) (unpublished) at *19-22; *Planned Parenthood Fed. of America, Inc. v. Center for Medical Progress*, 2020 WL 7626410 (N.D. Cal. Dec. 22, 2020) (unpublished) at *2.

3)  Plaintiff objects on the grounds that the surveys he relies on are unreliable, outdated, rejected by California courts and/or inapplicable to this case. Jardini Decl. ¶¶ 41-42.

4)  Plaintiff objects on grounds that Jardini has no expertise on cases under the Sarbanes Oxley Act of 2002 ("SOX").

5)  Plaintiff objects on grounds that Jardini asserts that San Diego rates are applicable despite his finding no cases in San Diego regarding attorneys' fees for SOX cases, as there are none.  Jardini Decl., ¶¶ 41-48, 50.

6)  Plaintiff objects on grounds Jardini asserts that Procopio, Cory, Hargreaves & Savitch LLP is a firm that could have taken Plaintiff's case on, which is delusional. No 200-person firm would take a case for a single plaintiff against a well-known local employer on a contingency basis. Jardini Decl., ¶ 43.

7)  Plaintiff objects on grounds Jardini asserts that there are numerous San Diego attorneys "fully qualified and able" to litigate this case and counsel who work on a contingency basis. Jardini Decl., ¶ 46. He identifies no firm qualified, willing or able to take on a SOX case on a contingency basis.

-1-                    Case No. 3:15-cv-2287-BAS-NLS
PLAINTIFF CHARLES MATTHEW ERHART'S
OBJECTIONS TO DECLARATION OF ANDRÉ E. JARDINI

8) Plaintiff objects to Jardini Decl. ¶¶ 44-45 regarding Plaintiff's search for an attorney on grounds it is without foundation and improper opinion.

9) Plaintiff objects to the following paragraphs on grounds they are irrelevant and/or improper legal opinion[1]: Jardini Decl. ¶¶ 19-25 regarding "Standard of Review"; Jardini Decl. ¶ 49-52 regarding the lodestar method, significant public benefit, and benchmarks for attorney fees, Jardini Decl. ¶ 53 regarding contingency fees; and Jardini Decl. ¶¶ 56-70 regarding the application of the *Kerr* factors, *Kerr v. Screen Actors Guild, Inc.* 526 F.2d 67, 69-70 (9th Cir. 1975), and other case law authority.

DATED: November 21, 2022.

THE GILLAM LAW FIRM
*A Professional Law Corporation*

/s/Carol Gillam

Carol L. Gillam
Sara Heum
Attorneys for Plaintiff Charles
Matthew Erhart

---

[1] *See Stathakos*, *supra* at *5 (N.D. Cal. Apr. 9, 2018) ("Further, the Court GRANTS plaintiffs' motion to strike [certain] paragraphs … of Mr. Jardini's declaration on the ground that these paragraphs contain improper legal opinions which either interpret or merely quote case law, the American Bar Associate Code of Professional Responsibility, the State Bar of California Professional Code, and the U.S. Attorney Offices' Attorney Fee Matrix. Expert testimony on such legal issues will not 'help the trier of fact to understand the evidence or determine a fact in issue.' Fed. R. Evid. 702. Opinions on legal issues are properly the subject of attorney argument, not expert testimony.")