UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

MAY 28 2025

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| CHARLES MATTHEW ERHART, | No. 23-3065 |
| Plaintiff - Appellee, | D.C. No. 3:15-cv-02287-BAS-NLS Southern District of California, San Diego |
| v. | |
| BOFI FEDERAL BANK, | ORDER |
| Defendant - Appellant. | |

Before: Lisa B. Fitzgerald, Appellate Commissioner.

## I. Introduction

The court awarded attorneys' fees on appeal to plaintiff-appellee Charles Matthew Erhart, and referred to the appellate commissioner the determination of an appropriate amount. *See* 9th Cir. R. 39-1.9.

Erhart requests $184,393.50 in fees for 233.7 hours of work by The Gillam Law Firm of Los Angeles, California and application of a 2.0 multiplier.

| Timekeeper | Position | Admitted | Rate | Hours | Total |
|---|---|---|---|---|---|
| Carol Gillam | President | 1978 | $1,250 | 84.0 | $105,000.00 |
| Sara Heum | Sr. Associate | 2012 | $ 775 | 73.4 | $ 56,885.00 |
| Benjamin Graubart | Sr. Law Clerk | N/A | $ 295 | 76.3 | $ 22,508.50 |
| Total | | | | 233.7 | $184,393.50 |

Defendant-appellant BofI Federal Bank objects to the rates, hours, and multiplier, arguing that Erhart should be awarded $55,052.50 in fees.

Erhart is awarded 233.7 hours and $146,617.50 in fees. The multiplier is denied.

## II. Discussion

### A. Hourly Rates

BofI argues that Erhart requests Central District of California rates that are not in line with prevailing Southern District of California rates, and that Erhart provides no evidence of prevailing rates in the Southern District. *See Blum v. Stenson*, 465 U.S. 886, 895 n.11 (1984) (stating that rate is reasonable if in line with prevailing market rates); *Nat'l Fam. Farm Coal. v. EPA*, 29 F.4th 509, 512 (9th Cir. 2022) (quoting *Barjon v. Dalton*, 132 F.3d 496, 500 (9th Cir. 1997) for general rule that in appeals from district court decisions "the relevant community [for calculating market rates] is the forum in which the district court sits" before addressing the relevant community for market rates when a petitioner seeks direct review of an agency decision in the court of appeals); *see also Lewis v. Delta Air Lines, Inc.*, No. 18-16911, Docket Entry No. 78, at 3 (9th Cir. May 3, 2021) (order) (rejecting argument that *Barjon* rule does not apply to fee determinations for appellate counsel).

In the district court, Erhart requested Central District hourly rates of $995 for Gillam, $625 for Heum, and $195 for paralegals. *See Erhart v. BofI Fed. Bank*, 2023 WL 6382460, at *11 (S.D. Cal. Sept. 28, 2023). The district court properly

23-3065

rejected Erhart's contention – also made here – that the Central District was the relevant community because no Southern District attorneys could or would handle the case, awarding 2022 Southern District hourly rates of $750 for Gillam, $505 for Heum, and $115 for paralegals. *See id*. at *11-17. Erhart acknowledges that he did not appeal this determination. *See* Erhart Reply, Docket Entry No. 53.1, at 2. Despite Erhart's urging, nothing supports departing from the district court's ruling as to the relevant community and allowing Central District rates for the appeal.

BofI argues that this court should award the same 2022 Southern District hourly rates that the district court awarded. Discretionary increases are warranted, however, because the court of appeals work was performed from 2023 to 2025. Thus, Erhart is awarded reasonable hourly rates of $1,000 for Gillam, $640 for Heum, and $205 for Graubart on appeal. These rates take into account the differences between the rates requested in district court and in this court, as well as the district court's reductions to the requested rates.

## B. Number of Hours

BofI's argument that the requested hours are unreasonable and should be reduced by half is not well-taken.

### 1. Erhart's Defamation Claim

BofI does not explain or cite authority for its argument that Erhart may not recover fees for time spent on his defamation claim. The district court concluded

3

that Erhart could recover fees for the defamation claim, *see Erhart*, 2023 WL 6382460, at \*7-8, and BofI did not challenge that determination on appeal, *see* BofI Opening Br., Docket Entry No. 11.1, at 4.

This court held that BofI forfeited its argument that Erhart did not present evidence of harm from the defamatory statements and that, even if he had preserved the argument, substantial evidence supported the $500,000 jury award on the defamation claim. *See Erhart v. BofI Fed. Bank*, 2025 WL 417000, at \*2 (9th Cir. Feb. 6, 2025) (affirming jury's finding that Erhart suffered reputational harm from BofI CEO's defamatory statements). Because Erhart fully succeeded on appeal, "obtain[ing] excellent results, his attorney should recover a fully compensatory fee." *Hensley v Eckerhart*, 461 U.S. 424, 435 (1983).

## 2. Reasonably Expended Hours

BofI's argument that Erhart's requested hours are unreasonable for an appeal that involved five narrow issues that were intimately familiar to his attorneys after a lengthy trial and extensive briefing in the district court is not well-founded. *See Moreno v. City of Sacramento*, 534 F.3d 1106, 1112 (9th Cir. 2008) (describing necessary duplication inherent in the process of litigating over time).

Erhart's attorneys reasonably spent the requested 233.7 hours on the appeal and the hours are awarded. The attorneys prepared an answering brief, supplemental excerpts of record, an acknowledgment of hearing notice,

23-3065

supplemental citations to the record, a cost bill, a fee motion, and a fee reply. Gillam participated in mediation and presented oral argument.

Gillam states that the case was extremely complex, and the briefing involved the labor-intensive activity of citing the record more than 230 times. *See* Gillam Suppl. Decl. ¶¶ 6, 10, Docket Entry No. 53.1, at 4, 9. Gillam reviewed the time records to eliminate duplicative or inefficient work, and reduced or eliminated numerous time entries to be as conservative as possible. *See* Gillam Decl. ¶ 38, Docket Entry No. 49.2, at 14.

## C. Summary

After adjustments to the rates, Erhart is awarded $146,617.50 in fees:

| Timekeeper | Position | Admitted | Rate | Hours | Total |
|---|---|---|---|---|---|
| Carol Gillam | President | 1978 | $1,000 | 84.0 | $ 84,000.00 |
| Sara Heum | Sr. Associate | 2012 | $ 640 | 73.4 | $ 46,976.00 |
| Benjamin Graubart | Sr. Law Clerk | N/A | $ 205 | 76.3 | $ 15,641.50 |
| Total | | | | 233.7 | $146,617.50 |

## D. Multiplier

BofI's objection to Erhart's request for a 2.0 multiplier is well-taken. The district court rejected Erhart's request for a multiplier of 2.0 to 3.0, concluding that a multiplier was not permitted for contingency risk or any other factor under the federal fee-shifting statute, and awarding a modest 1.1 multiplier for contingency risk under the California fee-shifting statute. *See Erhart*, 2023 WL 6382460, at *21. Erhart did not appeal this determination.

23-3065

A multiplier is not appropriate for the appeal. Under both federal and state fee statutes, there is a strong presumption that the lodestar figure – reasonable hours multiplied by reasonable rates – is sufficient. *See Perdue v. Kenny A.*, 559 U.S. 542, 546, 554 (2010); *Ketchum v. Moses*, 17 P.3d 735, 743-44 (Cal. 2001). Although a contingency risk multiplier is permitted under the California statute, *see Ketchum*, 17 P.3d at 744-45, the risk of nonpayment was greatly reduced once Erhart obtained a judgment in district court and was defending it on appeal. Erhart's arguments for a multiplier are largely based on the district court litigation, not the appeal. *See* Erhart Mot., Docket Entry No. 49.1, at 11-15.

### III. Conclusion

Attorneys' fees in the amount of $146,617.50 are awarded in favor of plaintiff-appellee Charles Matthew Erhart and against defendant-appellant BofI Federal Bank. *See* 9th Cir. R. 39-1.9.

BofI's request for judicial notice of Southern District of California hourly rate evidence (Docket Entry No. 51.1, at 26-29) is granted. Erhart's request for supplemental briefing on Southern District rates (Gillam Suppl. Decl. ¶ 7, Docket Entry No. 53.1, at 5) is denied.

This order amends the court's mandate.

6                                                                  23-3065